IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| RLI INSURANCE COMPANY, | |
| Plaintiff, | |
| | Civil Action No. 5:18-CV-00066 |
| v. | |
| NEXUS SERVICES, INC., | |
| | By: Michael F. Urbanski |
| Defendant, | Chief United States District Judge |
| v. | |
| JUAN VALOY, et al., | |
| Intervenors. | |

## MEMORANDUM OPINION

Plaintiff RLI Insurance Company ("RLI") filed a motion to seal its motion for second preliminary injunction. ECF No. 92. Per communications with the court and all parties, defendant Nexus Services, Inc. ("Nexus") does not object to RLI's motion to seal. The court will **TAKE UNDER ADVISEMENT** the motion to seal.

I.

Local Rule 9 requires a party seeking to seal documents to provide the court with "the non-confidential reasons why sealing is necessary, including the reasons why alternatives to sealing are inadequate." W.D. Va. Local R. 9. RLI explained that this court's preliminary injunction order prohibits disclosure of information obtained from the injunction, and that Federal Rule of Civil Procedure 65 requires motions for preliminary

injunction to be supported by evidence. ECF No. 92, at 1–2. RLI notes that Local Rule 9 states: "[p]ortions of a document cannot be filed or placed under seal—only the entire document may be sealed." Id. at 2.

The common law presumes a right to inspect and copy judicial records and documents. See In Re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d 283, 290 (4th Cir. 2013). This presumption of access may be overcome if competing interests outweigh the public's interest in access. See id.; Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988); In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986). The common law right of access is buttressed by the "more rigorous" right of access provided by the First Amendment, which applies to a more narrow class of documents, including documents "made part of a dispositive motion" in a civil case. See Va. Dep't of State Police v. Wash. Post, 386 F.2d 567, 576 (4th Cir. 2004) (citing Rushford, 846 F.2d at 252). If a court record is subject to the First Amendment right of public access, the record may be sealed "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988) (citing Rushford, 846 F.2d at 253).

Because the First Amendment and the common law provide different levels of protection, it is necessary to determine the source of the right of access before a court can accurately weigh the competing interests at stake. See Va. Dep't of State Police, 386 F.3d at 576. Here, RLI pursues sealing a motion for preliminary injunction and its supporting memorandum, declarations, and exhibits. Accordingly, the more stringent First Amendment right of public access applies. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092,

2

1103 (9th Cir. 2016) ("Due to the strong presumption for public access and the nature of the instant motion for a preliminary injunction, Chrysler must demonstrate compelling reasons to keep the documents under seal."); Publicker Indus., Inc. v. Cohen, 733 F.2d 1059 (3rd Cir.1984) (finding a First Amendment right of access to preliminary injunction proceedings); Bayer Cropscience Inc. v. Syngenta Crop Prot., LLC, 979 F. Supp. 2d 653, 656 (M.D.N.C. 2013) ("The Court concludes that the briefing and exhibits filed in connection with motions seeking injunctive relief are subject to the public's First Amendment right of access.").

To overcome the First Amendment right of access, the party seeking to keep the information sealed must present specific reasons to justify restricting access to the information. See In re Knight Pub. Co., 743 F.2d 231, 234 (4th Cir. 1984); see also Press–Enter. Co. v. Super. Court of Cal., 478 U.S. 1, 15 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory assertion."). The court also must comply with certain procedural requirements when presented with a request to seal judicial records or documents. See Va. Dep't of State Police, 386 F.3d at 576. The court must first give public notice of the request to seal and a reasonable opportunity to challenge it. Id. The court must also consider less drastic alternatives to sealing. Id. If the court decides to seal, it must state the reasons for its decision supported by specific findings, and the reasons for rejecting alternatives to sealing. Id.

## II.

RLI requests that its motion for second preliminary injunction, memorandum in support, and supporting declarations and exhibits be placed under seal. RLI Vice President of Surety Claims Ira E. Sussman, RLI Claims Examiner Laura Piispanen, and forensic

3

accountant Peter Fascia submitted declarations in support of the motion. Ms. Piispanen's declaration includes three attached exhibits: (1) a September 28, 2018 letter addressed to her from the U.S. Department of Homeland Security, with the attachment of a complaint filed by Nexus and others against the government in federal court; (2) an October 5, 2018 letter sent by RLI's counsel to Nexus' counsel regarding a demand for exoneration; and (3) an October 10, 2018 letter in response from Nexus' counsel to RLI's counsel, with the attachments of a partially redacted decision by an immigration judge and a highlighted copy of U.S. Immigrations and Customs Enforcement's Bond Management Handbook.

The docketing of RLI's motion to seal constitutes "public notice." See Stone, 855 F.2d at 181. The "public opportunity to challenge" requirement is met when the court allows sufficient time for objections to be made. See Millennium Inorganic Chems. Ltd. v. Nat'l Union Fire Ins. Co., 893 F. Supp. 2d 715, 743 (D. Md. 2012); Erichsen v. RBC Capital Mkts. LLC, 883 F. Supp. 2d 562, 575 (E.D.N.C. 2012); Honeycutt v. City of Rockingham, N.C., No. 1:09cv912, 2012 WL 360027, at *1 (M.D.N.C. Feb. 2, 2012) (finding that ten days on the public docket was a sufficient time for objections to be made to a motion to seal). Here, RLI's motion to seal was filed on October 22, 2018, which was done "reasonably in advance of [this Court] deciding the issue" one week later. See In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984).

However, RLI has not demonstrated that less drastic alternatives are unavailable. The court understands why RLI moved to seal this motion and documents given that the information in the motion resulted from the first preliminary injunction's disclosures. However, the court's purpose of the protective order was to protect against the disclosure of

Nexus' clients highly personal and sensitive information. The papers filed by RLI appear to almost exclusively rely on Nexus' financial information from the preliminary injunction disclosures. In these papers, there appears to only be a stray reference to the name of one client in an attachment to Ms. Piispanen's declaration. This reference could be redacted and could comply with the First Amendment's public disclosure requirements for a dispositive motion such as this one. Neither party has explained why less drastic alternatives would not suffice to protect their or their clients' interests in confidentiality, such as the submission of redacted declarations and exhibits. Reliance on the preliminary injunction order alone is insufficient.

Because the documents and information referenced in RLI's motion generally do not impose upon the privacy of Nexus' clients, or otherwise obviously implicate the First Amendment right of access, the court cannot state reasons in support of why the motion and supporting memorandum, declarations, and exhibits should be sealed in their entirety. Neither RLI nor Nexus have provided sufficient justification for sealing this information in its entirety either, or addressed whether the First Amendment is the appropriate standard to apply here. Cf. King Coal Chevrolet Co. v. Gen. Motors Co., No. CIV.A. 2:12-5992, 2012 WL 5265913, at *2 (S.D.W. Va. Oct. 23, 2012) ("[N]o discussion is offered by defendants concerning whether the First Amendment right of public access extends to documents submitted in connection with a preliminary injunction motion.").Overall, RLI has not offered a factual basis upon which the court can make specific factual findings justifying sealing and showing that alternatives to sealing would be insufficient, as required by law.

## III.

Accordingly, the court will **TAKE UNDER ADVISEMENT** RLI's motion to seal. ECF No. 92. The Clerk will be **DIRECTED** to temporarily seal RLI's motion and supporting documents. RLI and Nexus will have **fourteen (14) days** from the date of this opinion to submit a supplemental submission setting forth: (1) specific factual representations to justify sealing the motion, memorandum, declarations, and exhibits, and an explanation of why alternatives to sealing would not provide sufficient protection, keeping in mind the First Amendment right of access set forth above; (2) redacted copies of the motion, memorandum, declarations, and exhibits along with specific representations as to why the particular redactions are necessary; or (3) notice that RLI is withdrawing the exhibits from consideration by the court in connection with the motion to seal. If neither party files supplemental submissions, the court will direct the clerk to unseal the motion and its supporting documents after fourteen days.

An appropriate Order will be entered.

Entered: 10/29/18

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge