IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| RLI Insurance Company, | ) | |
|     Plaintiff, | ) | Civil Action No. 5:18-cv-00066 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| Nexus Services, Inc., | ) | By:   Joel C. Hoppe |
|     Defendant. | ) |         United States Magistrate Judge |

This matter is before the Court on Plaintiff RLI Insurance Company's ("RLI") Motion for Leave to Amend the Complaint and Add Parties, Amend Scheduling Order, and Reset Trial Date ("Motion to Amend"). ECF No. 161. On February 27, 2019, the Court held a hearing on the motion, and the parties appeared by counsel. The Special Master also participated in the hearing. In an Order entered March 1, 2019, the Court granted in part RLI's motion, amending the Scheduling Order and continuing the trial date. ECF No. 175. The Court took under advisement RLI's request to amend its complaint and add parties. *Id.* This opinion further explains the Court's rationale for finding that good cause supports RLI's request to modify the Scheduling Order and continue the trial date. Additionally, the Court finds that RLI may amend its complaint and add party defendants.

I. Background and Procedural History

This action concerns RLI's issuance of more than 2,400 immigration bonds on behalf of Defendant Nexus Services, Inc. ("Nexus"), and Nexus's agreement to indemnify RLI on those bonds. As part of the indemnity agreement, Nexus agreed to allow RLI access to its books, records, and accounts. On April 12, 2018, RLI filed its Complaint and Motion for Preliminary Injunction against Nexus. ECF Nos. 1, 4. RLI alleges that Nexus has denied RLI access to its books, records, and accounts and did not indemnify RLI from losses on some bonds. As relief for

1

the alleged violations of the indemnity agreement, RLI seeks an injunction, specific performance, and damages.

On April 27, 2018, Chief United States District Judge Michael F. Urbanski held a hearing on RLI's initial Motion for Preliminary Injunction. ECF No. 15. After an unsuccessful mediation, Nexus moved for leave to amend its Answer and assert a counterclaim, and Judge Urbanski held a second hearing on RLI's initial preliminary injunction motion. ECF Nos. 43, 45. In an Order entered July 2, 2018, Judge Urbanski granted in part and denied in part RLI's motion. Judge Urbanski ordered that RLI have full access to Nexus's books, records, and accounts, but noted that the preliminary injunction did not extend to "other Nexus-related entities." Order 2, ECF No. 60. Judge Urbanski also appointed a Special Master to ensure compliance with the order.

From July 2018 to February 2019, the Special Master presided over Nexus's production of more than 170,000 documents to RLI. *See* Sixth Status Report by Special Master 1–3, ECF No. 191. This task presented a significant undertaking not only because of the volume of documents, but also because many of Nexus's documents were disorganized and some needed to be recreated. Nexus provided some documents regarding its affiliates, Libre by Nexus, Inc. ("Libre") and Homes by Nexus, Inc. ("Homes"), but it refused to provide many others for those entities. At a hearing on November 28, 2018, the Special Master reported that Nexus's production was substantially complete. After that hearing, RLI and Nexus continued to work through the Special Master, and on December 12, 2018, RLI requested numerous additional documents and other information from Nexus. *See generally* Sixth Status Report by Special Master. In January and February 2019, Nexus produced some of those documents and refused to produce others.

While the Special Master was working with the parties to facilitate Nexus's production of documents, the parties presented a few discovery disputes to the Court for resolution. Following a status conference in August, Judge Urbanski ordered Nexus to produce certain financial information as well as certain information about Libre. ECF No. 79. On October 25, the undersigned Magistrate Judge granted in part and denied in part Nexus's motion to quash RLI's subpoenas to twelve banks. ECF No. 98.

On August 20, 2018, the Court issued a Scheduling Order setting a jury trial for May 20 to 24, 2019. ECF No. 77. A week later, Judge Urbanski granted Nexus's motion for leave to file an amended answer and counterclaim, ECF No. 81, which Nexus filed on September 7, ECF No. 83. On October 30, RLI filed a motion seeking a second preliminary injunction. ECF No. 106. During a hearing on November 28, Judge Urbanski heard argument and took evidence, and the following day he granted in part and denied in part RLI's motion for a second preliminary injunction. ECF No. 139. He found that RLI was likely to succeed on its claim that Nexus breached the indemnity agreement. Judge Urbanski ordered Nexus to pay certain past-due bond penalties. Additionally, for each succeeding month before trial, Nexus was required to pay all bond penalties invoiced by the Department of Homeland Security ("DHS").

In January 2019, both parties issued written discovery. Nexus responded to RLI's discovery requests on February 21, 2019, and objected, at least in part, to each of RLI's twenty-five interrogatories and eighty-six requests for production of documents. *See* ECF No. 169-2. RLI sent Nexus meet-and-confer letters on February 22 and 25, and in the second letter, RLI addressed Nexus's objections at length. ECF No. 169-1. On March 12, RLI filed a motion to compel that is pending. ECF No. 179.

On February 11, 2019, RLI issued third-party subpoenas to Libre and Homes. Libre objected to the subpoena, ECF No. 180-2, and Homes did not respond, *see* ECF No. 181. RLI filed motions to compel both Nexus affiliates to comply with the subpoenas, and those motions are pending.

Also on February 11, RLI filed its Motion to Amend. As grounds for its motion, RLI asserts that documents and other information it obtained from Nexus confirmed its suspicions that Libre and Homes operated as alter egos of Nexus. RLI further contends that Nexus has withheld documents and made incomplete or late productions under the Special Master process so that RLI does not have complete information to assess whether Nexus has the financial ability to satisfy its bond obligations to RLI. For those reasons, RLI seeks leave to amend its complaint to add Libre and Homes as Defendants, and it seeks additional time to complete discovery. Nexus opposes the Motion to Amend. Nexus contends that RLI has not diligently pursued discovery or timely sought leave to amend, and it asserts that RLI's proposed amendments are made in bad faith and would cause undue prejudice.

II. Discussion

A.  RLI's Motion to Extend Deadlines and Continue the Trial Date

RLI seeks an extension of time beyond the deadline established in the Court's Scheduling Order to complete discovery and a continuance of the trial date. A scheduling order may be amended only upon a showing of good cause and with the court's consent. Fed. R. Civ. P. 16(b)(4). Demonstrating good cause to amend a scheduling order "requires the party seeking relief to show that the deadlines cannot reasonably be met despite the party's diligence, and whatever other factors are also considered, the good-cause standard will not be satisfied if the district court concludes that the party seeking relief (or that party's attorney) has not acted

diligently in compliance with the schedule." *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (per curiam) (internal quotation marks and brackets omitted). "In making that determination, courts may consider 'whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party.'" *Ademiluyi v. Pennymac Mortg. Inv. Tr. Holdings I, LLC*, Civ. No. 12-0752, 2015 U.S. Dist. LEXIS 16386, at *12 (D. Md. Feb. 10, 2015) (quoting *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014)).

RLI contends that it acted diligently in pursuing discovery, and a review of the case's procedural history largely confirms its assertion. At the inception of this lawsuit, RLI vigorously pursued access to Nexus's books, records, and accounts. It sought and obtained a preliminary injunction granting that access. Judge Urbanski appointed a Special Master to ensure Nexus produced the documents and information to which RLI was entitled under the indemnity agreement. RLI also issued some third-party subpoenas to a dozen banks used by Nexus, but the focus of RLI's efforts to obtain information was the Special Master process. The parties fully engaged in this process from July to December 2018, and RLI obtained over 170,000 documents from Nexus. The disorganized state of many of the documents increased the difficulty and time for RLI to review and make use of them. As of November 28, 2018 the Special Master considered Nexus's production substantially complete, with the caveat that Nexus had refused to produce much of the information related to Libre and Homes. In mid-December 2018, RLI requested that Nexus produce various documents, and the Special Master worked with the parties on those requests through January 2019. Nexus made productions in January and February 2019, but it also refused to produce some documents.

At the February 2019 hearing on the Motion to Amend, RLI identified various categories of documents that it had not received and that it requires to pursue its claims against Nexus, as well as its proposed claims against the Nexus affiliates. According to the Special Master, Nexus had refused to produce some of these documents as early as August 2018.

As shown above, RLI diligently engaged in the Special Master process. Nevertheless, RLI also should have issued third-party subpoenas to Libre and Homes and written discovery to Nexus a month or two before it did, at the latest. RLI's decision to wait until January and February to issue this written discovery came late in the case schedule and about six weeks after Judge Urbanski admonished RLI to get going on written discovery. This delay in issuing written discovery would be inexcusable, *see Kincaid v. Anderson*, 1:14cv27, 2016 U.S. Dist. LEXIS 16662, at *4 (W.D. Va. Feb. 11, 2016) (noting that the plaintiff could have avoided the delay in discovery "by promptly engaging in discovery once the deadline was fixed, instead of waiting for months before even beginning the process."), except that RLI had been obtaining large amounts of data, much of which was disorganized and time consuming to review, through the Special Master process and continued its efforts to obtain discovery through at least mid-December 2018, with further productions from Nexus in January and February 2019. Moreover, RLI issued its written discovery within days of Nexus doing the same. Both parties should have issued written discovery earlier in the case schedule, but the fact that they acted within days of each other undercuts any argument that RLI, as the movant here, acted unreasonably or in bad faith.[1]

---

[1] Further undermining its contention that RLI acted unreasonably, in opposing RLI's request for a hearing on the motion, Nexus asserted that it "has been diligent in prosecuting its case. It issued written discovery to RLI in an appropriate time prior to the close of discovery so that it could issue follow up written discovery and review and analyze any responses in advance of depositions." Nexus's Br. in Opp'n to RLI's Mot. for Emergency Hr'g 4, ECF No. 170.

Moreover, this case has been litigated contentiously. When RLI did issue written discovery, Nexus objected to every request at least in part, Libre moved to quash RLI's subpoena, and Homes did not respond at all. At this time, the Court does not take a position on whether some or all of Nexus's and its affiliates' objections have merit, but such broad discovery disputes coming late in the case often require significant time for the parties to brief and the court to resolve and may create a domino effect of delaying depositions and necessitating an extension of the discovery deadline.

Furthermore, RLI moved to modify the case schedule before the close of discovery, before multiple noticed depositions had taken place, and before any party filed dispositive motions. Although extending discovery and continuing the trial date will cause some delay, I cannot find that Nexus would be unduly prejudiced by modification of the scheduling order. With an extension of the case deadlines, both parties will have adequate time to develop evidence in support of their claims and defenses.

For these reasons the Court finds that good cause supports extending the discovery deadline and continuing the trial date. The Court will hold a status conference with the parties to set a revised schedule for the remaining deadlines in the Scheduling Order and to reschedule the trial date.

B.      RLI's Motion to Amend the Complaint under Rule 15(a)(2).

In its proposed amended complaint, RLI seeks to add Libre and Homes as named Defendants and to include those entities, as alter egos of Nexus, in all three claims for relief. RLI alleges that Nexus, Libre, and Homes share principal offices, officers, and directors, and they commingle assets. Nexus generates no income, and it controls Libre and Homes and uses them to avoid its financial and other obligations to RLI under the indemnity agreement. Libre and Homes

use Nexus to conceal assets and records used to operate Nexus's business. *See generally* Proposed Am. Compl. ¶¶ 75–91, ECF No. 161-4. Building on those allegations, RLI claims that, under Illinois and Virginia law, Libre and Homes are alter egos of Nexus and jointly liable to RLI for breaches of the indemnity agreement.

Under the Federal Rules of Civil Procedure, a party may seek leave from the court to amend its pleading, and the court should grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957). "Despite this general rule liberally allowing amendments," a district court may deny leave to amend "if the amendment 'would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013) (quoting *Laber*, 438 F.3d at 426).

In opposing RLI's motion to amend the complaint, Nexus does not contend that the proposed amendments are futile. Rather, Nexus argues that granting leave to amend would cause it prejudice and that RLI has acted in bad faith. The Court will take these arguments in turn.

In *Laber*, the Fourth Circuit discussed the prejudice inquiry:

> Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." [*Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).] An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

8

438 F.3d at 427 (parenthetical langue omitted). The "further the case [has] progressed . . . , the more likely it is that the amendment will prejudice the defendant or . . . a court will find bad faith on the plaintiff's part." *Id.*

Here, RLI moved to amend its complaint fairly late in the case schedule, but before discovery had closed. Indeed, considering the numerous pending discovery disputes, a significant amount of potentially discoverable information may still be outstanding. Neither party had filed a dispositive motion, and trial was more than three months away. Thus, the case was not on the verge of being resolved by dispositive motions or a jury verdict. Accordingly, the stage of the case weighs against finding prejudice.

Nexus also argues that the proposed amended complaint will cause prejudice because it adds new theories to the case. RLI does seek to bring alter ego claims against Libre and Homes, and those claims will introduce a new legal theory of liability. Nevertheless, the alter ego claims build upon the existing facts and claims asserted against Nexus, and RLI cannot bring stand-alone alter ego claims against Libre and Homes. "Piercing the corporate veil is not an independent cause of action. Rather, piercing the corporate veil is a method of imposing liability on an underlying cause of action. Therefore, [a plaintiff] cannot maintain a separate cause of action against [the defendant] based solely on an *alter ego* theory." *Shearson Lehman Hutton, Inc. v. Venners*, No. 97-1849, 1998 WL 761505, at *2 (4th Cir. Nov. 2, 1998) (internal citations omitted). RLI's proposed alter ego claims provide a vehicle to impose liability on Libre and Homes on the underlying cause of action in this case—Nexus's alleged breaches of the indemnity agreement. *See* Proposed Am. Compl. ¶¶ 92–117. Furthermore, RLI does not seek to add any substantive claims against Nexus. The claims against Nexus in the proposed amended complaint are the same as those in the original complaint. *See id.*

Nexus also objects that, because Judge Urbanki's order on RLI's motion for second preliminary injunction requires Nexus to make payments to RLI each month until the case goes to trial, Nexus will suffer undue prejudice if RLI is allowed to amend its complaint and the trial date is continued, effectively extending Nexus's payments. The force of this argument, and any related prejudice, has dissipated with Judge Urbanski's Order entered on April 11, 2019, reconsidering the second preliminary injunction. In this recent Order, Judge Urbanski took into account that the trial date had been continued, thereby extending the duration of Nexus's payments, and he limited Nexus's monthly payments to the "bond obligations actually referred to Treasury for collection" rather than the "bond obligations invoiced by DHS." Order 4, Apr. 11, 2019, ECF No. 215. Accordingly, Judge Urbanski's Order has mitigated, if not eliminated, any undue prejudice that Nexus may have suffered from continuing the trial date. Although Nexus may suffer some prejudice caused by the delay in resolving the case and in defending an ancillary claim against its affiliates, I do not find that this prejudice outweighs the federal policy of liberally allowing a party to amend its pleadings.

Additionally, Nexus contends that RLI's proposed amendment is in bad faith. In Nexus's view, RLI has overstated its need for additional discovery. Nexus asserts that RLI already has documents regarding Libre and Homes. RLI does not dispute this assertion, which the Special Master also confirmed. But Nexus's assertion ignores the fact that it has opposed many of RLI's efforts to obtain Libre and Homes documents through the Special Master process and has objected, at least in part, to all of RLI's written discovery requests, many of which seek documents related to Libre and Homes. Additionally, Libre moved to quash and Homes did not respond to RLI's third party subpoenas directed to them. Although RLI's motion to amend does not specify what information it lacks, at the hearing in February, RLI identified numerous

categories of information that it had not received. Taking these things together, it appears that a significant amount of discoverable material may be outstanding.

Nexus also points to the Special Master's statement that, as of November 28, his job of ensuring Nexus's production of information was "substantially completed." Def.'s Opp'n Br. 8 (quoting Tr. of Hr'g on Pl.'s Mot. for Second Prelim. Inj. 202:3–4 (Nov. 28, 2018), ECF No. 143), ECF No. 168. But, as the Special Master explained during the February 2019 hearing, his statement came with the caveat that Nexus had persisted in its objections to producing many documents related to Libre and Homes. Thus, the Special Master's observation does not undermine RLI's position that it still requires significant additional information.

Nexus also asserts that RLI should have filed its motion to amend, at the latest, after RLI's deposition of Nexus's representative, Tim Okonski, on November 26, 2018. Def.'s Opp'n Br. 12. In its motion for leave to amend, RLI posits that Okonski's testimony confirmed that Nexus, Libre, and Homes conducted a common business enterprise. Mot. to Amend 5–6 & n.4. During the deposition, Okonski testified that Nexus did not generate any income. Rather, Libre generated income that was transferred to Nexus. ECF No. 161-1, at 2–3. Okonski's testimony and other information RLI obtained from Nexus through the Special Master process form the basis for the proposed amendments, and RLI appears to have gathered this information by the end of November 2018.

A delay of a few weeks to assess litigation strategy, prepare an amended complaint, and draft a motion for leave to amend would be expected. RLI took two months. Nexus argues that two months is excessive delay, and it cites *Wildauer v. Frederick County*, 993 F.2d 369 (4th Cir. 1993), in support. In *Wildauer*, the Fourth Circuit upheld the district court's decision to deny leave to amend where the delay was roughly two months. *Id*. at 372. The Fourth Circuit,

11

however, did not hold that a delay of two or three months always justifies denying a motion to amend; rather, it found the district court did not abuse its discretion. *Id.* The Fourth Circuit's holding emphasizes that a district court has some latitude in determining whether a delay is prejudicial or the result of bad faith depending upon the particular facts and circumstances of the case.

Here, I do not find that a two-month delay suggests that RLI acted in bad faith. RLI obtained information through the Special Master process and Okonski's deposition that it believes supports its alter ego claims. After obtaining this information, RLI acted within a reasonable time to seek leave to amend, and Nexus does not point to any information that convincingly suggests RLI's timing is the product of bad faith. Moreover, "[d]elay alone is an insufficient reason to deny leave to amend." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). Although RLI should have acted more quickly to file its motion, I do not find that a delay of two months was excessive or that it has caused prejudice to Nexus. This relatively short delay ought not to override federal judicial policy of resolving cases on their merits.

C. RLI's Motion to Join Additional Defendants under Rule 20(a)

RLI's proposed amended complaint seeks to add Libre and Homes as new parties. When "a court determin[es] whether to grant a motion to amend to join additional [defendants, it] must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)." *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001). Under the permissive joinder rule, defendants may be joined in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A), (B).

> The "transaction or occurrence test" of the rule "would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." Further, the rule should be construed in light of its purpose, which "is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."

*Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (internal citation omitted) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974)).

In this case, the underlying cause of action concerns Nexus's alleged breaches of the indemnity agreement. Neither Libre nor Homes is a party to that agreement, but RLI's claims asserted in the proposed amended complaint would extend liability to Libre and Homes as alter egos of Nexus for breaches of the indemnity agreement. Further, RLI alleges that Nexus used its affiliates, Libre and Homes, to conduct its business on the immigration bonds that are the subject of the indemnity agreement. Evidence of Nexus's actions under the indemnity agreement and its interrelation with Libre and Homes will likely overlap. *AKH Co., Inc. v. Universal Underwriters Ins. Co.*, No. 13-2003, 2018 WL 2008860, at *6 (D. Kan. Apr. 30, 2018) ("Courts are usually 'inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court.'" (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1653 (3d ed. 2001))). Thus, it is clear that RLI's right to relief arises from the same transaction or series of transactions, namely Nexus's performance or non-performance, along with the contributions of its affiliates, under the terms of the indemnity agreement.

Additionally, the alter ego claims are not stand-alone claims, but are ancillary to the underlying breach of contract claims. *See Shearson Lehman Hutton*, 1998 WL 761505, at *2.

The alter ego claims concern the common questions of law and fact of whether Nexus breached the indemnity agreement and whether its affiliates also can be found liable for the breaches as alter egos.

Lastly, Nexus argues that the proper way for RLI to bring its alter ego claims is to file a second action if RLI is successful in obtaining a judgment in the first. This suggested course runs counter to Rule 20's purpose of expediting "final determination of disputes, thereby preventing multiple lawsuits." *Saval*, 710 F.2d at 1031. Allowing the breach of contract claims and ancillary alter ego claims to proceed in one action will promote efficient resolution of all claims between these parties on the indemnity agreement. *See AKH Co.*, 2018 WL 2008860, at *6.

Accordingly, I find that RLI should be granted leave to file an amended complaint and to assert claims against new parties Libre and Homes. A separate order will be entered this date.

The Clerk shall deliver a copy of this Memorandum Opinion to the parties.

ENTER: April 26, 2019

Joel C. Hoppe
United States Magistrate Judge