CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 11 2020

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| RLI INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 5:18-cv-66 |
| v. | ) |
| | ) |
| NEXUS SERVICES, INC. et. al., | ) |
| | ) |
| Defendant. | ) By: Michael F. Urbanski |
| | ) Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on Plaintiff RLI Insurance Company's ("RLI") objections, ECF No. 336, to United States Magistrate Judge Joel C. Hoppe's November 13 discovery order ("discovery order"), ECF No. 317, as well as Defendants Nexus Services, Inc., Libre by Nexus, Inc., and Homes by Nexus, Inc.'s ("Nexus") objections, ECF No. 335, brought pursuant to Rule 72 of the Federal Rules of Civil Procedure. This discovery dispute arises from various discovery motions filed by RLI and Nexus to compel production of documents and responses to interrogatories. Following a November 17, 2019 hearing, Judge Hoppe entered the discovery order addressing these motions, to which RLI and Nexus now raise their objections. Nexus raises three objections: (1) Buddi US, LLC's ("Buddi") production of the "last ping," or GPS information, of each of RLI's bonded principals; (2) the production of a privilege log; and (3) the production of a list of all private and public open investigations or inquiries of Nexus for violations of laws or regulations since 2016, as well as

communications with those investigating agencies and any public or non-public filings. RLI requests a modification of the discovery order to require Nexus to hand over all information from the Capsule database and objects to "any ruling that would preclude or unduly delay RLI from obtaining Capsule database information regarding all of RLI's bond principals and all location information for all RLI bonded principals, such as the tracking information maintained by Buddi" (emphasis removed). ECF No. 336 at 3.

The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

I.

Both parties ask this court to overturn portions of Judge Hoppe's discovery order. Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters, such as discovery orders. Fed. R. Civ. P. 72(a); see 28 U.S.C. § 636(b)(1)(A). As a non-dispositive matter, the review of a magistrate judge's discovery order is governed by the "clearly erroneous" or "contrary to law" standard of review. Id. Only if a magistrate judge's decision is "clearly erroneous or contrary to law" may a district court judge modify or set aside any portion of the decision. Id. A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); see also Harman v. Levin, 772 F.2d 1150, 1152 (4th Cir. 1985). "Questions of law, on the other hand, are reviewed under the contrary-to-law standard, which is essentially synonymous with de

novo review." Harrison v. Shanahan, 2019 WL 2216474 at *4 (E.D. Va. May 22, 2019). "In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." Shoop v. Hott, 2010 WL 5067567, *2 (N.D.W.Va. Dec. 6, 2010) (citing Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D.N.Y. 1982)). If this court finds that Judge Hoppe's rulings were clearly erroneous or contrary to law, it will set aside those rulings. In so determining, the court will address each objection in turn.

## II.

Judge Hoppe's discovery order requiring Buddi to produce "all information about the operation of the bond program with Nexus or Libre as well as the 'last ping' of each of RLI's bonded principals, including the last recorded time, date, and location," is not contrary to law. ECF No. 335 at 2. Nexus argues that the requested location data "is neither relevant to RLI's claims nor important to resolving the issues in the case," therefore not discoverable. ECF No. 335 at 4. Federal Rule of Civil Procedure 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "The objecting party carries the burden of proving that the challenged discovery production should not be permitted." Capital One Bank N.A. v. Hess Kennedy Chartered, LLC, No. 3:08cv147, 2008 U.S. Dist. LEXIS 76385, at *4-5 (E.D. Va. Sept. 30, 2008). Nexus argues that the lack of relevance under Rule 26(b)(1) makes location information undiscoverable as a question of law, to be reviewed de novo.

Nexus contends that the physical location of bonded principals is not relevant to the resolution of a breach of contract claim. Nexus asks this court to limit this finding and the

3

scope of the discovery order to location information that does not include a bonded principal's current location, explaining that "location information can mean several different things." ECF No. 335 at 5. Indeed, at the November hearing, Nexus stated that it can refer to an individual's address, which is in the Capsule database, or it can mean GPS coordinates for where an individual was on a particular date and time. ECF No. 318, Hr'g Tr. 47:5-9. Specifically, Nexus objects to RLI's right to obtain most current location data, or the latest GPS coordinates submit by the real-time tracking system used by Buddi. ECF No. 335 at 5-6.

First, Nexus suggests that RLI does not need to know current location of bonded principals to assess whether Nexus has breached the contract. Id. at 4. Second, Nexus argues that to the extent that RLI needs to conduct a risk assessment of its exposure, information obtained under the discovery order from the Capsule database should suffice. Id. at 5. This data would include the original address of a bonded principal, any address changes, and historical GPS coordinates. Id. The crux of its argument is that RLI can conduct its risk assessment without learning the most recent location of bonded principals. Third, Nexus draws attention to the concern that equipped with the most recent location data of bonded immigrants, RLI will seek to mitigate its liability by turning over that information to DHS rather than risk loss. Id. at 4.

However, Nexus errs in conflating relevance under Rule 26 with information sensitivity warranting a protective order. Rule 26(b)(1) is broadly applicable, and most recent location information for immigrants falls within its ambit. In its October 2, 2019 hearing, the court held that "all information related to the bond principals, including location information, is relevant, is discoverable, subject to a protective order." ECF No. 288, Hr'g Tr. 80:2-7. Judge

4

Hoppe independently held the same, at the November 6 hearing: "I think there needs to be some data. I think it's discoverable to have some data about where these principals are, not just a phone call to an employer or something saying is this person showing up for work." ECF No. 318, Hr'g Tr. 83:1-4. RLI argues that both the "last ping" for bonded principals as well as the location information from Capsule is relevant to their risk assessment, based on their review of the initial sampling ordered by Judge Hoppe, because Nexus "is not tracking approximately fifty percent of bonded principals, but rather making unilateral determinations to no longer monitor bonded principals, due to *inter alia*, stated 'humanitarian' purposes." ECF No. 336 at 3. Presumably, this increases RLI's risk exposure. Judge Hoppe ascertained that it is relevant to RLI's risk exposure to ascertain whether bonded principals are being tracked, and if they are being tracked, where they are and if they are in compliance with the terms of their bond, given the high rate of breached bonds. The court agrees.

Finally, while the court remains concerned about unnecessarily exposing the bonded principals to the unwarranted risk of deportation, the sensitivity of information is appropriately addressed by a protective order. ECF No. 288, Hr'g Tr. 80:2-7. The protective order prevents RLI from sharing the location data regarding the bonded principals with other parties, obviating this concern to the extent possible. ECF No. 328.

Nexus's objections to RLI receiving current location information from Buddi are **OVERRULED.**

### III.

Judge Hoppe's discovery order requiring both RLI and Nexus to produce a privilege log alongside all the information and documents within their care, custody, and control that

5

the court has found to be discoverable is not contrary to law. ECF No. 317 at 4. Nexus argues that Rule 26(b) does not require a "document-by-document" privilege log to assert privilege; however, a court may still mandate it if it finds one required based on the type of privilege asserted. Fed. R. Civ. P. 26(b)(1). To facilitate its determination of privilege, a court may require "an adequately detailed privilege log in conjunction with evidentiary submissions to fill in any factual gaps." U.S. v. Construction Products Research, Inc., 73 F.3d 464 (2nd Cir. 1996) (quoting Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 474 (S.D.N.Y. 1993)). The privilege log should "identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure." Bowne, 150 F.R.D. at 474 (citations omitted). Judge Hoppe determined a privilege log was necessary, and this court agrees, especially given RLI's concerns about over-redaction of produced documents. ECF No. 336 at 2.

Regardless, the court finds persuasive Nexus's argument that a categorical privilege log would serve the purpose of asserting privilege and explaining redactions without imposing undue burden on the parties, given the number of documents produced and discoverable in this case. ECF No. 335, at 7 ("Nexus has produced over 100,000 pages of documents with redactions required by this Court's previous July 2, 2018, Order, ECF No. 60").

Nexus's objection that Judge Hoppe's order is contrary to law is **OVERRULED,** but Nexus's request to modify the discovery order to allow for a categorical privilege log is **GRANTED.**

# IV.

Nexus objects to Judge Hoppe's discovery order, arguing as contrary to law under Rule 26(b)(1) Judge Hoppe's order that they disclose:

> "all private and public open investigations or inquiries of Nexus by any regulatory or law enforcement agency for a violation of federal, state, or local laws or regulations since 2016. Nexus shall further provide communications to and from the investigating agency and Nexus and any public or non-public filings for those investigations. The list of non-public investigations and any documents disclosed are subject to the attorneys' eyes-only provision of the forthcoming protective order, with the exception that RLI may designate up to three (3) corporate representatives, who also will be subject to the non-disclosure provisions of the forthcoming protective order, to review the documents. Nexus shall submit to the Court for in camera review any correspondence between Nexus and an agency regarding an inquiry or investigation if Nexus is unsure whether the investigation remains open or is an investigation of a violation of the law and thus subject to disclosure."

ECF No. 317 at 5-6. Specifically, Nexus claims that the order to disclose non-public investigations improperly balances "relevance, proportionality, and other factors of Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(1). It argues that "no agency can shut down Nexus without making an investigation public." ECF No. 318, Hr'g Tr. 160:11-12. Therefore, Nexus contends that if RLI is using this information for risk-assessment purposes, then access to public investigations alone should suffice. ECF No. 318, Hr'g Tr. 156:12-13. However, Judge Hoppe's statements at the November 13, 2019 hearing clearly indicate his intention to include all public and non-public investigations since 2016, including dormant investigations, because these would be relevant to RLI's ability to understand what their risk exposure has been since 2016, when this case was originally brought. ECF No. 318, Hr'g Tr. 167-72. . He stated: "It

7

strikes me as highly relevant, if Nexus is being investigated, that RLI would need that information to assess its risk." ECF No. 318, Hr. Trs. 177:24-178:7. The fact that an investigation has not yet been made public does not in any way suggest that its existence does not help RLI inform their risk assessment of liability exposure. Indeed, the fact of an ongoing investigation can suggest concerns about Nexus's bottom line or cast light on suspicious or risky behavior at least sufficient to justify the existence of an ongoing investigation.

In support of their objection, Nexus cites to a securities case where the court held that a company had "no generalized duty" to disclose non-public investigations. ECF No. 335 (citing In re Lions Gate Entm't Corp. Sec. Litig., 165 F. Supp. 3d 1, 12–13 (S.D.N.Y. 2016). This example is unpersuasive for two reasons. First, the case specifically addresses the question of whether a company is obligated to disclose to shareholders previous non-public investigations conducted by the Securities and Exchange Commission (SEC) under the federal securities law. Id. at 12. Here, we are addressing a question of discoverable information as dictated by Rule 26(b) and a court order, not the existence of a "generalized duty to disclose" under any other body of law. Second, in Lions Gate, the disclosure concerned whether a non-public investigation should be made public. Here, the court held that the information regarding non-public investigations is discoverable, "subject to the attorneys' eyes-only provision of the forthcoming protective order, with the exception that RLI may designate up to three (3) corporate representatives, who also will be subject to the non-disclosure provisions of the forthcoming protective order, to review documents." The protective order remains in effect. ECF No. 328.

8

Therefore, Nexus's objections to Judge Hoppe's order that they turn over all private and non-public investigations since 2016, filings related to said investigations, and communications with the relevant regulatory bodies is hereby **OVERRULED**.

V.

RLI objects to the discovery order, claiming it understood the discovery order as a preliminary ruling that the court would revisit at a later date after RLI had the opportunity to review the "initial sampling" of Capsule database content that Nexus was ordered to produce.[1] RLI claims it fears that "Nexus's Objections make clear that Nexus is determined to ignore this Court's express ruling" and so, to avoid undue delays in discovery, the court should modify the discovery order to require Nexus to produce all "Capsule database information regarding all of RLI's bond principals and all location information for all RLI bonded principals, such as the tracking information maintained by Buddi." ECF No. 336, at 3. In support, it argues that "Nexus will further delay its production of even the initial sampling of Capsule documents that the Court has ordered it to produce." Id. at 3. However, in the same brief it also states that it "has had an opportunity to review limited (albeit overly redacted) documentation from the Capsule database, regarding 81 of its bond principals," Id. at 2. Given that it seems Nexus has provided the "initial sampling" pursuant to the discovery order, this court sees no reason to so drastically expand the scope of discoverable information. Therefore, this court **OVERRULES as moot** the objection to Judge Hoppe's discovery order and **DENIES** RLI's

---

[1] Judge Hoppe ordered Nexus to produce Capsule database information for 81 bonded principals as an "initial sampling," ECF No. 317, at 5, because this information had been publicly disclosed already in the course of another litigation, ECF No. 336, at 2.

9

request to modify the discovery order at this point. The parties will be able to revisit this issue at their next hearing in front of Judge Hoppe, where he will consider the proportionality of further production of Capsule documents.

An appropriate **ORDER** will be entered.

Entered: 02-10-2020

/s/ Michael F. Urbanski
Michael F. Urbanski
United States District Judge