RLI INSURANCE COMPANY,

      Plaintiff,

v.

NEXUS SERVICES, INC., *et al.*,

      Defendants.

Case No.: 5:18-cv-00066-MFU

### PLAINTIFF RLI INSURANCE COMPANY'S MOTION TO STRIKE THE PURPORTED EXPERT OPINION OF ROBERT E. FRANKEL, ESQ.

Plaintiff RLI Insurance Company ("RLI") hereby moves to strike the expert report of

Robert E. Frankel, Esq. ("Frankel Report" or "Report") served by Defendants Nexus Services,

Inc., Libre by Nexus, Inc., and Homes by Nexus, Inc. (collectively, "Nexus").

### INTRODUCTION

Nexus' Frankel Report is patently inadmissible and must be stricken in that it is nothing

more than an additional legal brief, masquerading as an "expert" report, which impermissibly

purports to interpret the language of the specific contract provisions at issue in this case. The

patent impropriety of this Report is evident from the outset, as Mr. Frankel advises in the Report's

"Introduction and Scope" of his intent "to render opinions about the provisions of the

contracts…executed by the parties," and specifically to answer the following two questions:

(1) What are the collateral security rights and obligations of the parties under Section 2.a.(ii) of the [Indemnity Agreement]?

(2) What are the collateral security rights and obligations of the parties under Section 3.d of the [Indemnity Agreement]?

ECF No. 422-3 at 1. Based on his stated experience "litigating construction and meaning of

insurance products including surety bonds" and his "research … on these topics," Mr. Frankel, in

the Report, provides nothing more than impermissible legal argument on the construction of the collateral security provisions of the Indemnity Agreement. Further confirming that Frankel intends to offer only legal conclusions regarding the meaning of specific contract terms, the Report frames his ultimate opinions thusly:

(1) **Under Section 2.a.(ii) of the [Indemnity Agreement]**, I am of the opinion that RLI may properly demand collateral security for payment of all "claims," which only arise when a breach notice ripens into a "claim" due to final administrative determination by the government that a breach under the bond occurred, as long as such claims have not been paid by either RLI or Nexus.

(2) **Under Section 3.d of the [Indemnity Agreement]**, collection of collateral security is limited to exposure under the bonds for which nonappearance notices have been received.

*Id.* at 2-3 (emphasis added). The Frankel Report then seeks to instruct the Court, with reference to the dictionary and the contract language itself, as to the "plain meaning" of the Indemnity Agreement's express terms. *See, e.g., id.* at 3-4 ("The first issue is the meaning of 'claim'…The second issue is what are the collateral security obligations under Section 3.d of the [Indemnity Agreement].") Indeed, it is obvious from every sentence of the Report that Frankel inappropriately seeks to deliver nothing more than pure legal conclusions regarding the meaning of the Indemnity Agreement and the ultimate issue of the parties' respective rights and obligations thereunder.

The law could not be more clear that expert witnesses are <u>not</u> permitted to offer legal conclusions, including the interpretation of unambiguous contract language, and that expert reports comprised of such opinions must therefore be stricken. Nonetheless, the Frankel Report purports to invade the province of the Court by cloaking Nexus' new, tortured construction of the collateral security provisions of the Indemnity Agreement as an "expert report."[1] Given its complete lack

---

[1] RLI's recently filed Opposition to Nexus' Motion to for Partial Summary Judgment, which is incorporated herein by reference, explains in detail the many fundamental deficiencies in Nexus'

of admissible opinions, the Frankel Report should be entirely stricken, and Nexus should be precluded from introducing Frankel as a witness and from introducing or relying upon his opinions, for any purpose this case, including in support of Nexus' Motion for Partial Summary Judgment, to which the Frankel Report is attached.  ECF No. 422-3.

## **ARGUMENT**

The Frankel Report is facially inadmissible and must be stricken in accordance with well-established legal principles in that, as explained above, the Report is comprised entirely of legal conclusions regarding the interpretation of the Indemnity Agreement and the ultimate issue in this case of the parties' respective rights and obligations thereunder.

In the Fourth Circuit, "opinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible." *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006).  More specifically as to the opinions Frankel proposes to offer here, "it is typically improper for a court to rely on expert testimony for the purposes of interpreting certain terms and/or clauses of a contract." *Piankatank River Golf Club, Inc. v. Selective Way Ins. Co.*, 2009 WL 1321512, at *4 (E.D. Va. May 11, 2009) (citing *Forrest Creek Assocs. v. McLean Savs. & Loan Ass'n*, 831 F.2d 1238, 1242 (4th Cir. 1987)); *see Am. Online, Inc. v. St. Paul Mercury Ins. Co.*, 207 F.Supp.2d 459, 466 n.1 (E.D. Va. 2002) ("The issues presented herein are ones of contract. It is typically improper for a court to rely on expert testimony for purposes of interpreting the terms and clauses of a contract."), *aff'd*, 347 F.3d 89 (4th Cir. 2003).  Indeed, "[u]nder federal law, experts cannot testify as to conclusions of law, and an interpretation of a contract is a

latest proposed interpretation of the Indemnity Agreement as well as the fact that Nexus' newly-developed proposed interpretation completely contradicts its prior admissions in this case.  ECF No. 444; *see also* ECF No. 58 at 7.

conclusion of law.  Specifically, the Fourth Circuit has found that whether a party breached a contract, as well as the proper interpretation of a contract, are 'question[s] of law,' and an expert cannot give an opinion as to the legal obligations of parties under a contract."  *Donnert v. Feld Entm't, Inc.*, 2013 WL 12097618, at *3 (E.D. Va. Nov. 8, 2013) (citing *Adalman v. Baker & Watts & Co.*, 807 F.2d 359, 367 (4th Cir. 1988) (abrogated on other grounds)) ("The basis of expert capacity, according to Wigmore (§ 555) may 'be summed up in the term "experience"').  But experience is hardly a qualification for construing a document for its legal effect when there is a knowledgeable gentleman in a robe whose exclusive province it is to instruct the jury on the law.").

    *Plum Creek Timberlands* is instructive in this regard.  In that case, the court granted plaintiff's motion to exclude the expert testimony of multiple attorneys "as to their interpretations of certain deeds [at issue] and to the legal significance of the deeds' language" because "interpretation of a contract presents a question of law," and the proffered opinions would "invade the province of the court by addressing the question of the deeds' ambiguity."  *Plum Creek Timberlands*, 2016 WL 6837173, at *3 (citations omitted).  "Furthermore, opinion testimony regarding the meanings of the deeds at issue would constitute unhelpful legal conclusions."  *Id.* The court explained that "witnesses are not free to opine on the legal significance of the deeds themselves … because such testimony 'does not help the jury ... because it supplies the jury with no information other than the witness's view of how the verdict should read.'"  *Id.* (quoting *United States v. Offill*, 666 F.3d 168, 175 (4th Cir. 2011)).  Noting the impropriety of the lawyer-witnesses' intention to offer opinions on the ultimate issue, "decisive of the outcome of the case," the court appropriately ruled that the four designated experts would be precluded from testifying regarding the meaning of the deeds.  *Id.*; *see also Donnert*, 2013 WL 12097618, at *3 (precluding introduction of any past or future testimony from expert proposing to interpret lease provisions).

4

In accordance with the foregoing authorities, Frankel must be precluded from testifying and his Report should be stricken from the record, including as offered by Nexus in support of its pending Motion for Partial Summary Judgment. *See* ECF No. 422-3. The Frankel Report is comprised entirely of: (i) legal analysis regarding the specific language used in the Indemnity Agreement; and (ii) Frankel's conclusions drawn from his interpretation of such terms, on the ultimate legal issue to be decided by the Court – *i.e.*, RLI's rights and Nexus' obligations under the Indemnity Agreement. Frankel's mostly dictionary-based analysis of various terms in the Indemnity Agreement does not offer any unique or helpful "expert" information or insight, and the Court is fully competent to interpret the contract provisions at issue, which Nexus agrees is clear and unambiguous, *see, e.g.*, ECF No. 422 at 8 n.1, without resort to Frankel's opinions on the plain meaning of such terms. Accordingly, Frankel's proposed opinions should be stricken from the record and Nexus should be precluded from relying upon his Report or testimony.

Additionally, Mr. Frankel's "expert opinion" should be stricken to prevent Nexus from relying upon it in support of its *affirmative* breach of good faith counterclaim. The parties understood and agreed that expert opinions intended to be relied upon in support of a party's affirmative claims – in Nexus' case, any expert opinions in support of its *affirmative* breach of good faith (amended) counterclaim – were required to be disclosed by February 18, 2020. *See* Joint Disc. Plan ¶ 5, ECF No. 84 & Am. Sched. Order, ECF No. 311. Yet, in an apparent attempt to improperly shield Mr. Frankel from rebuttal opinions in contravention of the rules underlying the sequencing of expert disclosures, Nexus did not disclose Mr. Frankel until March 3, 2020, <u>*well after*</u> the February 18th deadline for disclosure of experts supporting its affirmative counterclaim. Consequently, the "expert opinion" of Mr. Frankel should be stricken so that Nexus is precluded

from relying upon an expert report that was _untimely_ disclosed on March 3, 2020 in support of its _affirmative_ counterclaim.

## CONCLUSION

WHEREFORE, for the foregoing reasons, RLI respectfully requests that the Court grant RLI's Motion to Strike the purported expert report and opinions of Robert E. Frankel, Esq. and enter an order (i) striking his Report from the record, including as submitted in support of Nexus' Motion for Partial Summary Judgment, (ii) precluding Nexus from introducing or relying upon his Report or any testimony in any further motions or proceedings in this case; and (iii) awarding RLI such further relief as is just and proper under the circumstances.

Date: March 27, 2020                    Respectfully Submitted,

_/s/ Vivian Katsantonis_
Vivian Katsantonis (VSB # 30448)
Christopher M. Harris (VSB # 48361)
John F. Finnegan III (VSB # 93880)
Counsel for RLI Insurance Company
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
1765 Greensboro Station Place, Suite 1000
McLean, Virginia 22102
Tel: 703-749-1000
Fax: 703-893-8029
Email: vkatsantonis@watttieder.com
Email: charris@watttieder.com
Email: jfinnegan@watttieder.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

/s/ Vivian Katsantonis
Vivian Katsantonis (VSB #30448)
Christopher M. Harris (VSB #48361)
John F. Finnegan III (VSB # 93880)
Counsel for RLI Insurance Company
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
1765 Greensboro Station Place, Suite 1000
McLean, Virginia 22102
Tel: 703-749-1000
Fax: 703-893-8029
Email: vkatsantonis@watttieder.com
Email: charris@watttieder.com
Email: jfinnegan@watttieder.com