RLI INSURANCE COMPANY,

    Plaintiff/Counterclaim Defendant,

v.

NEXUS SERVICES, INC., et al.,

    Defendants /Counterclaim Plaintiffs.

Case No.: 5:18-cv-00066-MFU

### DEFENDANTS' RESPONSE TO PLAINTIFF RLI INSURANCE COMPANY'S MOTION TO STRIKE THE EXPERT OPINION OF ROBERT E. FRANKEL, ESQ.

Defendants Nexus Services, Inc., Libre by Nexus, Inc., and Homes by Nexus, Inc. (collectively "Nexus") file this Response to Plaintiff's Motion to Strike the Purported Expert Opinion of Robert E. Frankel, Esq., **and rebuttal to Plaintiff's expert**, requesting that this Court to deny RLI's Motion, to the extent the RLI seeks to strike the use of Frankel's Report for the purpose of **demonstrating the reasonableness of Nexus's interpretation of the CSGIA,** while rebutting RLI's claim that Nexus breached the CSGIA while *allegedly* failing to act in good faith, and deal fairly with RLI.

### RELEVANT PROCEDURAL HISTORY

On May 1, 2019, RLI filed its Amended Complaint alleging that Defendants' had violated the implied covenant of good faith and fair dealing in the Commercial Surety Guaranty Indemnity Agreement ("CSGIA"). (ECF 231.) On March 12, 2020, Defendants Nexus Services, Inc., Libre by Nexus, and Homes by Nexus ("Nexus") filed their Motion for Summary Judgment supported by the

timely disclosed rebuttal expert of Robert E. Frankel. (ECF 422.) The Motion to Strike the

Purported Expert Opinion of Robert E. Frankel followed on March 27, 2020. (ECF 446.)[1]

## STANDARD OF EXPERT REVIEW

An expert witness may testify at trial if such expert's "specialized knowledge will assist the

trier-of-fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. The

expert must be "qualified as an expert by knowledge, skill, experience, training, or education" whose

testimony is admissible "if 1) the testimony is based upon sufficient facts or data, 2) the testimony is

the product of reliable principles and methods, and 3) the witness has applied the principles and

methods reliably to the facts of the case." Id.

Courts should be mindful that "Rule 702 was intended to liberalize the introduction of

expert evidence." In re Lipitor (Atorvastatin Calcium) Marketing, Sales, Practices and Products

Liability Litigation (No II) MDL 2502, 892 F.3d 624 (4th Cir. 2018); United States v. Gomez, 673

F.3d 1515, 1516 (10th Cir. 1995) (holding "[c]ourts should be liberal in admitting expert testimony").

The Rule 702 inquiry is, therefore, a flexible one. Id.; See Daubert v. Merrell Dow Pharm., Inc., 509

U.S. 579, 594, 113 S. Ct. 2786, 2797, 125 L. Ed. 2d 469 (1993). The Court conducts a two-pronged

analysis, first assessing the expert's methodology to ensure it is reliable, then ensuring the opinion is

relevant to the facts at issue. Gell v. Town of Aulander, 2008 WL 4845823 (E.D. N.C. November 4,

2008) (citing to Westberry v. Gislaved Gummi AB, 178 F.3d 257, 260 (4th Cir. 1999)).

As has been repeatedly sated by courts, "[w]hen, as here, the parties experts rely on

conflicting sets or facts, it is not the role of the trial court to evaluate the correctness of facts

---

[1] Defendants file this Response in an abundance of caution. The Motion to Strike should, itself, be stricken as, on the same day that this Court entered an Order sanctioning Plaintiff for exceeding the page limits on Motions established by Court Order in incorporating 50 extra pages into their Summary Judgment Motion, the Plaintiff has again incorporated 25 extra pages into the Motion to Strike on page 2, **violating this Court's orders**. (ECF 446, p. n. 1.) This Court should sua sponte strike RLI's Motion. **A Motion to Strike will be filed**.

underlying one expert's testimony." <u>Galaxy Cop. Serv's, Inc. v. Baker</u>, 325 B.R. 544 (E.D. Va. 2005). In other words, "[a]n expert is ... permitted to base his opinion on a particular version of disputed facts and the weight to be accorded to that opinion is for the jury. It is also ... a proper subject for cross-examination." <u>Tschappat v. Groff</u>, 2004 WL 5509087, *3 (M.D. Pa. 2004). <u>See</u> <u>Stecyk v. Bell Helicopter Textron, Inc.</u>, 295 F.3d 408, 414 (3d Cir. 2002) (stating, "Rule 705, together with Rule 703, places the burden of exploring the facts and assumptions underlying the testimony of an expert witness on opposing counsel during cross-examination."); <u>Elcock v. Kmart Corp.</u>, 233 F.3d 734, 756 n. 13 (3d Cir. 2000); <u>Ratliff v. Schiber Truck Co., Inc.</u>, 150 F.3d 949, 955 (8th Cir. 1998); <u>Toucet v. Maritime Overseas Corp.</u>, 991 F.2d 5, 10 (1st Cir. 1993)). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." <u>Daubert</u>, 509 U.S. at 595.

Finally, "[t]he trial court's role as a gatekeeper is not intended to serve as a replacement for the adversary system, and consequently, the rejection of expert testimony is *the exception rather than the rule*." <u>In re Lipitor</u>, 892 F.3d at 631 (emphasis added). The norm regarding expert testimony is to permit a jury to determine its relevant and weight through cross-examination and the presentation of contrary evidence at trial. <u>See</u> <u>Daubert</u>, 509 U.S. at 580; <u>See</u> <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137, 152–53, 119 S. Ct. 1167, 1176–77, 143 L. Ed. 2d 238 (1999).

<strong><u>ARGUMENTS AND AUTHORITIES</u></strong>

I. **The Expert Report of Frankel should not be struck as it opines on a relevant issue, within the scope of his expertise, beyond mere contract interpretation, specifically the absence of bad faith in Nexus's compliance with the CSGIA**

Foremost, Frankel's report is a rebuttal report, rebutting areas addressed by RLI's Expert Schubert. RLI asserts that Robert E. Frankel's Expert Report ("Frankel Report") should be stricken as it is comprised entirely of legal conclusions relating to the interpretation of the CSGIA, inadmissible under 4th Circuit law. (ECF 446, p. 3.) RLI, however, fails to address a key aspect of

this case, RLI's allegations that Nexus breached the CSGIA and its correlated, implied duty of good faith and fair dealing. (ECF 231, ¶¶ 94, 104, 112, stating "Nexus has breached its express and **implied obligations** under the Indemnity Agreement.") In making that claim, RLI raises allegations regarding both the meaning of the contract and whether Nexus violated the contract by failing to act in good faith, and deal fairly with RLI. See § 9:26A. Bad faith claims—Use of expert witnesses, 2 Insurance Claims and Disputes § 9:26A (6th ed.); Eli Lilly & Co. v. Zurich Am. Ins. Co., 405 F. Supp. 2d 948, 958 (S.D. Ind. 2005) (holding insurers interpretation of a contract not unreasonable and therefore not in bad faith). In such a case, an expert opinion with respect to the reasonableness of Nexus's interpretation is permissible to rebut allegations of breach of contract and its correlated, implied duty of good faith and fair dealing. Id.; (see ECF 231, ¶¶ 94, 104, 112.)

The key distinction, and the one that RLI ignores, is that the Frankel Report is not offered to instruct the jury as to the correct, legal interpretation of the contract, which is a pure question of law. Donnert v. Feld Entm't, Inc., No. 1:13-CV-40, 2013 WL 12097618, at *3 (E.D. Va. Nov. 8, 2013). Rather, the expert is testifying as to the reasonableness of the Defendants' interpretation of the contract, while providing an opinion as to the factual underpinnings regarding the reasonableness of that conclusion. § 9:26A. Bad faith claims—Use of expert witnesses, 2 Insurance Claims and Disputes § 9:26A. Finally, and this fact is highly significant, RLI does not, at any point, question the qualification of Robert E. Frankel to offer his expert opinion. See Id. As such, Robert Frankel's qualification should be accepted. See e.g. Goodrich v. John Crane, Inc., No. 4:17CV9, 2018 WL 10562401, at *1 (E.D. Va. Aug. 10, 2018).

a. **Legal Standard**

In this Circuit, experts may not testify as to conclusions of law. Donnert, 2013 WL 12097618 at *2. As such, "it is **typically** improper for a court to rely on expert testimony for the purposes of interpreting [a contract]." Piankatank River Golf Club, Inc. v. Selective Way Ins. Co.,

No. CIV.A. 3:08CV606, 2009 WL 1321512, at *4 (E.D. Va. May 11, 2009) (emphasis added). That said, experts may testify as to an ultimate issue of a factual dispute if such testimony aids the trier-of-fact. Kopf v. Skyrm, 993 F.2d 374, 377 (4th Cir. 1993); Fed. R. Civ. P. 704(a). The reasonableness of a party's interpretation of a contract term is a factual issue in dispute for the jury. See § 9:26A. Bad faith claims—Use of expert witnesses, 2 Insurance Claims and Disputes § 9:26A (6th ed.); Eli Lilly, 405 F.Supp.2d at 958.

b. **Robert E. Frankel may properly opine as to the reasonableness of Nexus's interpretation of the contract, so long as the Frankel Report does not merely instruct the trier-of-fact on the correct legal interpretation of the CSGIA**

In this case, RLI has alleged that Nexus has breached both the subject contract and its implied contractual obligations of good faith and fair dealing. (ECF 231, ¶¶ 94, 104, 112.) To prove such a breach, RLI must prove that Nexus violated the plain meaning of the terms of the contract, as well as prove that Nexus acted in bad faith when it interpreted the CSGIA's indemnification and collateral security obligations differently than the Plaintiff. Eli Lilly & Co., 405 F.Supp.2d at 957 (holding that to prove bad faith, a plaintiff must prove that the defendant committed an act when it knew it had no reasonable basis for doing so). Consequently, the reasonableness of Nexus's interpretation of a contract is a factual issue in dispute that touches on the legal issue of contract interpretation. See § 9:26A. Bad faith claims—Use of expert witnesses, 2 Insurance Claims and Disputes § 9:26A (6th ed.). In such cases, an expert may assist the trier-of-fact in determining the reasonableness of the defendant's interpretation, even speaking as to that interpretation, so long as the opinion does not solely instruct the trier-of-fact as to the correct interpretation. Id.

Here, Robert Frankel applies his knowledge regarding the "**appropriate industry approach**" with respect to the interpretation of the CSGIA. (ECF 422-3, stating "In connection with the referenced matter, I was asked to provide expert opinions about issues relating to the appropriate **industry approach** to the construction of the indemnity agreement ("CSGIA") that was

part of the surety bond program between the parties," and "[t]he term is not defined in the agreements. Under such circumstances, resort to the **custom and usage in the industry** would be necessary to see if a term has a special meaning in the industry at issue," and "[t]he dictionary itself supports the immigration **industry's usage** of the tern "claim," and "[s]uch testimony supports the customary usage of the term claim **in the industry**, the government's definition of the same, and the dictionary definitions.") As demonstrated, Expert Frankel applies his knowledge of relevant **industry standards** to the CSGIA to demonstrate the reasonableness of Nexus's interpretation of the CSGIA. To that extent, Expert Frankel's report is admissible on the factual question of reasonableness, to rebut RLI's claims that Nexus failed to act in good faith and deal fairly with RLI—based on Nexus's differing interpretation of its responsibilities under the CSGIA. See § 9:26A. Bad faith claims—Use of expert witnesses, 2 Insurance Claims and Disputes § 9:26A. A review of case law is helpful.

In Plum Creek Timberlands, the Court was faced with a motion to exclude the opinions of experts in a dispute over the ownership of a gas estate in a certain piece of land. Plum Creek Timberlands, L.P. v. Yellow Poplar Lumber Co., Inc., No. 1:13CV00062, 2016 WL 6837173, at *1 (W.D. Va. Nov. 21, 2016). The defendants in Plum Creek Timberlands offered experts to testify as to their opinion on the legal significance of the disputed deeds' language, specifically opining that the deed "did *not* convey the gas estate for the land in question." Id. at *3. This effort to offer testimony on the legal meaning of the contract, and the meaning alone, was found inadmissible. Id. As such, the experts were excluded. Id. Similarly, in Donnert, the Court excluded testimony from an expert on the question of what a clause of a lease meant, specifically for the purpose of answering what constituted compliance with that clause. Donnert, 2013 WL 12097618 at *3. This opinion was found to be strictly a legal question as to the correct interpretation of the contract. Id.

In this case, **unlike** Plum Creek Timberlands and Donnert, Expert Frankel is applying his knowledge of industry standards to the CSGIA to demonstrate that Nexus's interpretation is reasonable and thus Nexus did not breach the CSGIA and indeed, at the very least, dealt fairly with RLI by acting in good faith while refusing to acquiesce to RLI's ludicrous demand of ten million dollars. In re Landmark Land Co. of Carolina, Inc., 76 F.3d 553, 561 (4th Cir. 1996); Cf. Donnert, 2013 WL 12097618 at *3. In that respect, Expert Frankel's report does not opine on the ultimate legal conclusion regarding the interpretation of the Contract. RLI simply failed to credit this nuanced, yet linchpin, distinction. (See ECF 442); see also § 9:26A. Bad faith claims—Use of expert witnesses, 2 Insurance Claims and Disputes § 9:26A. Moreover, to further support its argument, Nexus now cross references other case law to make its point, such as Empire Lumber Co. v. Indiana Lumbermens Mut. Ins. Co., which states:

> "However, as part of its own case **and to counter** ILM's anticipated position that its conduct was appropriate, Empire Lumber is permitted to **offer expert testimony** speaking to ILM's duty under the circumstances and whether, in fact, ILM complied with that duty of care. This inquiry **no doubt embraces legal questions concerning the meaning and interpretation of the applicable insurance contract/policy**, but is nonetheless relevant as foundation to Mr. Shemchuk's opinion as **to whether ILM's coverage decisions were done in bad faith**. To do so, Mr. Shemchuk must set forth ILM's duty (in part, by commenting upon the underlying contract/policy), and his opinion that ILM did or did not comply with that duty, before Mr. Shemchuk can offer any opinion as to whether or not ILM's conduct was reasonable and/or breached **any applicable industry standards**. **This is a fine line**, to be sure…."

No. 3:10-CV-00533-REB, 2012 WL 5831196, at *3 (D. Idaho Nov. 16, 2012). And, Garcia v. GEICO Gen. Ins. Co., which states that "where the weight of legal authority on the [issue] **and the reasonableness of the [decision] are at issue**, we would expect opinions considering, applying, and clarifying such authority to be relevant." 807 F.3d 1228, 1232 (11th Cir. 2015) (internal citations omitted); see also Ford v. Allied Mut. Ins. Co., 72 F.3d 836, 841 (10th Cir. 1996); see also see also Gallatin Fuels, Inc. v. Westchester Fire Ins. Co., 410 F. Supp. 2d 417, 421 (W.D. Pa. 2006). There is simply no doubt that Expert Frankel's reliance on industry standards to interpret the

CSGIA and thus provide evidence that Nexus acted in good faith in refusing to pay RLI's outlandish ten million dollar demand can be used to rebut RLI's assertion that Nexus failed to deal fairly, and act in good faith pursuant to the CSGIA. (See ECF 231, ¶¶ 94, 104, 112, claiming that "Nexus has breached its express **and implied obligations** [such as duty of good faith and fair dealing] under the Indemnity Agreement.")

Relevantly, RLI has offered the opinion of their expert, Lynn Schubert, to demonstrate that RLI acted reasonably in making its demands; Schubert's report is based on industry standards and their interpretation of the contract. (See ECF 422-2 "Schubert Report".) In fact, Expert Frankel commented on RLI's expert applying industry standards to the CSGIA: "Lynne Schubert describes the custom **in the industry**, stating that "exoneration" means performance as in producing the person ordered to appear and paying the penal sum upon." (See ECF 422-3, p. 6.) Notably, Schubert applying her knowledge to the actual CSGIA at issue in this case, directly contradicts RLI's untenable position that Expert Schubert's report "[d]oes not propose to interpret the terms of the Indemnity Agreement at issue," and that Schubert's opinions are only "to assist the factfinder… in understanding the unique and unfamiliar business and mechanics of commercial suretyship." (ECF 444, pp. 25-26.)

In sum, Expert Frankel is doing nothing more than RLI's Expert did, which is to apply industry-acquired knowledge to the subject CSGIA, in order to render an opinion on the reasonableness of the parties' positions regarding the CSGIA. The problem for RLI is that in doing so, its own Expert Schubert interpreted the language of § 3d of the CSGIA in a manner the benefits Nexus, **not** RLI. (See ECFs 422, 455); See Kopf v. Skyrm, 993 F.2d at 377. RLI's Motion to Strike the Expert Report of Robert E. Frankel, Esq., is due to be denied.

## CONCLUSION

Based upon the foregoing, this Court should deny RLI's Motion, to the extent the RLI seeks

to strike the use of Frankel's Report for the purpose of demonstrating the reasonableness of

Nexus's interpretation of the CSGIA, while rebutting RLI's claim that Nexus breached the CSGIA

while *allegedly* failing to act in good faith, and deal fairly with RLI.

Respectfully submitted this 7th day of April 2020,

/s/ MARIO B. WILLIAMS

Mario B. Williams, Esq. (VSB # 91955)
NDH LLC
44 Broad Street, NW, Suite 200
Atlanta, Georgia 30303
404-254-0442 / 404-935-9391 FAX
mwilliams@ndh-law.com

John M. Shoreman, Esq.                    /s/JOHN SHOREMAN
MCFADDEN & SHOREMAN
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
(202) 772-3188/Fax (202)-204-8610
jms@mcfaddenshoreman.com

Chris K. Kowalczuk, Esq. (VSB #38108)     /s/CHRIS KOWALCZUK
P.O. Box 11971
Roanoke, VA 24022
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a true and correct copy of the foregoing DEFENDANTS'
RESPONSE TO PLAINTIFF RLI'S INSURANCE COMPANY'S MOTION TO STRIKE THE
EXPERT OPINION OF ROBERT E. FRANKEL, ESQ. with the Clerk of Court using the
CM/ECF system which will automatically send email notification of such filing to all attorneys of
record.

Respectfully submitted this 7th day of April 2020,

<u>/s/ MARIO B. WILLIAMS</u>
Mario B. Williams, Esq.