CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
5/22/20
JULIA C. DUDLEY, CLERK
BY: K. Dotson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| RLI Insurance Company, | ) |
|    Plaintiff, | )     Civil Action No. 5:18-cv-00066 |
| | ) |
| v. | )     MEMORANDUM OPINION & ORDER |
| | ) |
| Nexus Services, Inc. et al, | )     By:    Joel C. Hoppe |
|    Defendants. | )             United States Magistrate Judge |
| | ) |

This matter is before the Court on non-party David B. Briggman's ("Briggman") Motion to Unseal Record. ECF No. 470. Briggman seeks to unseal the exhibits attached to Plaintiff RLI Insurance Company's ("RLI") Additional Evidence to Plaintiff's Undisputed Statement of Facts in Support of Motion for Summary Judgment ("Additional Evidence"). ECF No. 428. Also before the Court is Briggman's Motion to Strike Response in Opposition. ECF No. 479. For the reasons stated below, the Court will **GRANT** in part and **DENY** in part Briggman's Motion to Unseal Record, ECF No. 470, and the Court will **DENY** Briggman's Motion to Strike Response in Opposition, ECF No. 479.

I. Procedural History

The Honorable Michael F. Urbanski, Chief United States District Judge, and I have entered multiple protective orders in this case. *See* Order of May 10, 2018, ECF No. 29; Order of July 2, 2018, ECF No. 60; Order of Oct. 4, 2019, ECF No. 281; Order of Nov. 25, 2019, ECF No. 328. The Order of November 25, 2019, allows the parties to designate documents produced during discovery as "Confidential Information" not to be shared outside of the parties, their counsel and consultants, and the Court. Order of Nov. 25, 2019, at 2, 4–6. The Order further provides that the parties must comply with Rule 9 of the Western District of Virginia Local

1

Rules ("Local Rule 9") when asking the Court to seal documents filed with the Court. *Id.* at 8; W.D. Va. Gen. R. 9.

On March 12, 2020, RLI filed its Motion for Summary Judgment, Undisputed Statement of Facts, and Additional Evidence, ECF Nos. 423, 424, 428. RLI attached nearly one hundred exhibits to its Additional Evidence and filed a motion to seal twenty-three of those exhibits. Mot. to Seal Certain Exhibits, ECF No. 426; *see* Additional Evidence, Exs. 1, 3–5, 7, 9, 11, 34, 42, 73, 85–88, 90–96, 98–99. The exhibits RLI requested to seal spanned more than 1,300 pages. As grounds for filing these documents under seal, RLI stated that they contain material Defendants Nexus Services, Inc., Libre by Nexus, or Homes by Nexus (collectively the "Defendants") designated "Confidential" pursuant to the protective orders entered in this case. On March 16, 2020, I granted RLI's Motion to Seal Certain Exhibits, but I noted that I had doubts about whether each exhibit satisfied the requirements for sealing and the Court might revisit the decision upon further consideration of the exhibits. Order of Mar. 16, 2020, ECF No. 432.

Briggman filed the instant motion on April 21, 2020. ECF No. 470. On May 4, 2020, I issued an order taking Briggman's motion under advisement and directing the Defendants to respond within seven days if they wanted the twenty-three exhibits to remain sealed. Order of May 4, 2020, ECF No. 472. I reminded the Defendants to adhere to Local Rule 9 and provide reasons for sealing each of the twenty-three exhibits. *Id.* The Defendants filed their Response in Opposition, ECF No. 475, and also filed a Motion to Seal Exhibit N attached to their opposition, ECF No. 477. I granted the Defendants' Motion to Seal Exhibit N on May 18, 2020, ECF No. 481. Briggman moved to strike the Defendants' opposition brief, ECF Nos. 479, 480. The motion to unseal has been fully briefed, *see* ECF Nos. 470, 475, 470, 480, 482, and can be resolved without oral argument, *see* Fed. R. Civ. P. 78(b).

II. The Legal Framework

Both the First Amendment to the United States Constitution and "[t]he common law presume[] a right to inspect and copy judicial records and documents." *RLI Ins. Co. v. Nexus Servs., Inc.*, No. 5:18cv66, 2018 WL 10602398, at * 1 (W.D. Va. Oct. 30, 2018) (Urbanski, J.). A party seeking to seal documents may overcome the presumption at common law "if competing interests outweigh the public's interest in access." *Id.* The right of access provided by the First Amendment is "more rigorous" and applies to a narrower class of documents, including those "made part of a dispositive motion" in a civil case. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004) (internal quotation marks omitted); *see also In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013); *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988); *Stephens v. Cty. of Albemarle*, 422 F. Supp. 2d 640, 643 (W.D. Va. 2006) ("Generally speaking, the First Amendment right of access applies to a narrower range of materials, yet weighs more heavily in favor of the public's right to obtain those sealed documents."). "To overcome the First Amendment right of access, the party seeking to keep the information sealed must present specific [and compelling] reasons to justify restricting access to the information." *RLI*, 2018 WL 10602398, at *2.

The party seeking to restrict access bears the burden of overcoming the presumption of public access and "must present specific reasons in support of its position." *Va. Dep't of State Police*, 386 F.3d at 575. The parties' designation of documents as "confidential" during discovery pursuant to a protective order "is not sufficient to justify the sealing of those documents when submitted to the court in conjunction with a motion." *Clehm v. BAE Systems, Inc.*, No. 7:16cv12, 2017 WL 11367644, at *3 (W.D. Va. Mar. 21, 2017). The Court must consider less drastic alternatives to sealing. *In re U.S. for an Order Pursuant to 18 U.S.C.*

3

*Section 2703(D)*, 707 F.3d at 294. If the Court grants the motion, it must "state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." *Va. Dep't of State Police*, 386 F.3d at 576. "Adherence to this procedure serves to ensure that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review." *Id.*

Any person, including a non-party, may file a motion to unseal a document previously sealed. W.D. Va. Gen. R. 9(b)(4); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 609 (1978) (noting that a journalist and a member of the general public have an equal right of access to information about a trial). "[T]he right to inspect and copy judicial records is not absolute." *Warner Commc'ns, Inc.*, 435 U.S. at 598. Courts have discretion to deny access to documents to prevent their use for an improper purpose or to protect a litigant's competitive standing. *Id.* (noting that the common-law right of access may be overcome by such factors). Courts will consider several factors when ruling on a motion to unseal, including: (1) whether the subject matter is traditionally considered private; (2) the injury the resisting party would suffer if the privacy interest were not protected; (3) whether the person seeking the unsealing has an improper purpose; (4) whether the public already has access to the information in the sealed documents; and (5) whether release would enhance the public's understanding of an important event. *See Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020); *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d at 293.

III.  Discussion

The exhibits at issue are attached to RLI's Motion for Summary Judgment, which is a dispositive motion. As such, the more rigorous First Amendment standard applies, and the Defendants must provide specific, compelling reasons to justify maintaining the exhibits under

seal. *See Va. Dep't of State Police*, 386 F.3d at 575; *RLI*, 2018 WL 10602398, at *2. The Defendants' Response in Opposition focuses entirely on Briggman's allegedly improper motive in seeking to unseal the exhibits. Defs.' Resp. in Opp'n 1–6, 9, 11, 15, ECF No. 475. The Defendants did not substantively address whether any of the exhibits warrant sealing pursuant to Local Rule 9. *See generally id.* Instead, the Defendants argue that they should be allowed to partially redact the exhibits before they are unsealed. *Id.* at 16–18.

The motive of an individual seeking to unseal court documents is one of the relevant factors for the court to weigh. *See Mirlis*, 952 F.3d at 56, 61–63; *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d at 293. The Defendants have provided evidence that Briggman may have an improper motive in seeking to unseal the exhibits. *See generally* Defs.' Resp. in Opp'n Exs., ECF Nos. 475-1 to 475-23. Briggman's motive, improper or not, however, is not the sole factor to consider. *See Mirlis*, 952 F.3d at 62–63 (noting that the individual's motive must be considered when balancing the other factors). This case is also unlike those cited by the Defendants that allowed continued sealing, and the other factors do not weigh in favor of maintaining the exhibits under seal here.

In *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, the intervenors sought to access government investigative documents prior to an indictment. 707 F.3d at 287–88. The court noted that investigative documents have historically been secret and the release of the documents would impede the investigation. *Id.* at 292, 294. By contrast, this is an ordinary civil dispute between private parties, and such cases historically have not been conducted secret. The Defendants also have not asserted that filing the exhibits publicly would impede their business or harm their clients, as long as they are allowed to redact personal or other sensitive information.

In *Mirlis v. Greer*, an online blogger sought to unseal the entire video deposition of a non-party witness, who had been a minor victim of a sex crime, and post it to his blog. 952 F.3d at 55. The district court ordered the video unsealed because portions of the deposition had been played for the jury at trial and a transcript of the deposition was publicly available. *Id.* at 54–55. The Second Circuit reversed that decision because of the blogger's motive and the witness's privacy interests. *Id.* at 56. The Second Circuit also noted that the litigation was not a matter of national attention and the essential information was already publicly available in the form of a transcript. *Id.* at 61. While Briggman could have an improper motive, the Defendants have not argued, and I cannot find, that the privacy interests of their clients and business will be compromised if the exhibits are filed publicly with personal identifying and financial information redacted. Additionally, unlike in *Mirlis*, the exhibits have been under seal and no other alternative format with essentially the same information has been made available to the public.

Assuming that Briggman has an improper motive, the other factors do not weigh in favor of maintaining the exhibits under seal. The exhibits contain some sensitive personal information of non-parties and confidential financial information. Nevertheless, I find that redaction will adequately protect the information, particularly because Defendants have not argued that redaction would not maintain the privacy of their clients or business information. *RLI*, 2018 WL 10602398, at *2 (noting that RLI had "not demonstrated that less drastic alternatives [were] unavailable"). In fact, the Defendants argue in the alternative to redact the exhibits before they are unsealed. *See* Defs.' Resp. in Opp'n 16–18. Thus, I find that the First Amendment right of public access requires that the exhibits, which may be redacted to remove personal identifying information and other sensitive financial information, be filed publicly. Fed. R. Civ. P. 5.2(d).

Accordingly, Briggman's Motion to Unseal Record, ECF No. 470, is **GRANTED** in part and **DENIED** in part. The Defendants are hereby **ORDERED** to redact the following information from the currently sealed exhibits[1]: (1) full bank account and credit card information such as individuals' names and account numbers; (2) GPS contracts; (3) clients' names, social security numbers, other government-issued identifying numbers, and health information; (4) Nexus's and Libre's employees' human resources information; and (5) non-public governmental investigations into Nexus, including any settlement negotiations. The Defendants are further **ORDERED** to file the redacted exhibits within seven (7) days of this Order.

Briggman filed a Motion to Strike the Defendants' Response in Opposition pursuant to Rule 12(f) of the Federal Rule of Civil Procedure. Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Striking matter from filings other than pleadings, such as briefs, ordinarily is not permitted under Rule 12(f). *See Anusie-Howard v. Todd*, 920 F. Supp. 2d 623, 627 (D. Md. 2013). Nexus's arguments in opposition to unsealing address Briggman's motivation, which is a relevant factor for the Court to consider. As explained above, I find these arguments mostly unpersuasive, but they are not "immaterial, impertinent, or scandalous," Fed. R. Civ. P. 12(f). Accordingly, Briggman's motion to strike, ECF No. 479, is **DENIED**.

It is so ORDERED.

                                        ENTER: May 22, 2020

                                        Joel C. Hoppe
                                        United States Magistrate Judge

---

[1] The exhibits at issue are Exhibit Nos. 1, 3, 4, 5, 7, 9, 11, 34, 42, 73, 85, 86, 87, 88, 90, 91, 92, 93, 94, 95, 96, 98, and 99 attached to ECF No. 428.