IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

|  |  |  |
|---|---|---|
| RLI INSURANCE COMPANY,<br>Plaintiff, | )<br>)<br>)<br>) | Civil Action No. 5:18-cv-66 |
| v. | )<br>)<br>) | By: Michael F. Urbanski<br>Chief United States District Judge |
| NEXUS SERVICES INC, <u>et al.</u>,<br>Defendants, | )<br>)<br>) |  |

## MEMORANDUM OPINION

This matter is before the court on defendants Nexus Services, Inc.; Libre by Nexus, Inc.; and Homes by Nexus, Inc.'s (collectively "Nexus") motion to stay the court's October 23, 2020, order (hereinafter "October order") regarding damages and collateral security pending appeal without requiring Nexus to post a supersedeas bond. ECF No. 602. Plaintiff RLI Insurance Company ("RLI") opposes the motion, arguing that Nexus has not met its burden to justify a stay of damages without posting a bond nor has it met its burden to justify the stay of the court's injunction regarding collateral security. ECF No. 606. Nexus replied to RLI's opposition, claiming a stay on damages is necessary to avoid irreparable harm to Nexus and the public interest and that the court's order of collateral is not injunctive in nature. ECF No. 608.[1]

---

[1] RLI filed a motion for leave to file a sur-reply to further respond in opposition to Nexus's most recent briefing. ECF No. 609. This morning, Magistrate Judge Joel C. Hoppe granted this motion by oral order. ECF No. 611. The court **VACATES** that oral order and **DENIES as moot** the motion for leave to file a sur-reply, finding it does not need any additional briefing on the issue to aid the decisional process.

The matter has been fully briefed and is ripe for resolution. The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process. For the reasons stated herein, the court **DENIES** Nexus's motion to stay the court's October order.

I.     Applicable Law

Rule 62 of the Federal Rules of Civil Procedure provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). Nexus appeals several of this court's orders and requests the court grant its motion to stay the October order, including the court's order on damages and collateral security, without a supersedeas bond.

Generally, "[a] party can obtain a stay as a matter of right under Rule 62(d) by posting a supersedeas bond in the full amount of the judgment, but district courts have the discretion to grant a stay without a bond or with a reduced bond." E.I. DuPont de Nemours and Co. v. Kolon Industries, Inc., No. 3:09-cv-58, 2012 WL 1202485, at *2 (E.D. Va. April 10, 2012) (citing Alexander v. Chesapeake, Potomac & Tidewater Books, Inc., 190 F.R.D. 190, 192 (E.D. Va. 1999)). However, "[d]efendants are not entitled to a stay [when they]have not posted a supersedeas bond in the full amount of the judgment." Schmidt v. FCI Enterprises LLC, No. 118-CV-1472, 2020 WL 2748499, at *4 (E.D. Va. Feb. 3, 2020).

"A stay is considered 'extraordinary relief' for which the moving party bears a 'heavy burden.'" Northrop Grumman Technical Services, Inc. v. DynCorp International, LLC, No. 1:16-cv-534, 2016 WL 3346349, *2 (E.D. Va. 2016) (quoting Larios v. Cox, 305 F. Supp. 2d

2

1335, 1336 (N.D. Ga. 2004)). "In determining whether to issue a stay pending appeal on the basis of less than a full bond, a district court should act to 'preserve the status quo while protecting the non-appealing party's rights pending appeal.'" Alexander, 190 F.R.D. at 193 (quoting Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91 (5th Cir. 1979)). In considering a motion to stay pending appeal, the court must evaluate the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
> (4) where the public interest lies.

Northrop, 2016 WL 3346349 at *2 (quoting Nken v. Holder, 556 U.S. 418, 434 (2009)).

"Since the traditional stay factors contemplated individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." Hilton v. Braunskill, 481 U.S. 770, 777 (1987). Accordingly, "[t]he court need not give these factors equal weight, but should consider all of the factors in light of the circumstances surrounding the injunction." MicroStrategy, Inc. v. Bus. Objects, S.A., 661 F. Supp. 2d 548, 558 (E.D. Va. 2009). Although the Fourth Circuit has not addressed the issue directly, many sister circuits treat the first two factors as a sliding scale, requiring a less rigorous showing of likelihood of success on appeal in the face of a compelling showing of irreparable harm. Id. (collecting cases). Absent a showing of likelihood of success on appeal, a movant must, at the very least, "demonstrate a substantial case on the merits," irrespective of the degree of irreparable harm. ePlus Inc. v. Lawson Software, Inc., 946 F. Supp. 2d 503, 507 (E.D. Va. 2013) (quoting Hilton, 481 U.S. at 778) (internal quotations

and citations omitted). But see Combs v. FV–1, Inc., No. MJG–13–3734, 2013 WL 6662729, at *2 (D. Md. Dec. 16, 2013) ("[Movant] must satisfy each element for relief.").

In the Fourth Circuit, "the posting of a supersedeas bond may only stay a monetary judgment pending an appeal, Fed. R. Civ. P. 62(d), and does not permit a party to stay injunctive relief." Solis v. Malkani, 638 F.3d 269, 275 (4th Cir. 2011). See also ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc., No. 2011-1538, 2012 WL 10716768, at *1 (Fed. Cir. Apr. 2, 2012) (applying Fourth Circuit law); 11 Charles Alan Wright et al., Federal Practice and Procedure § 2905 (2d ed.1995).

## II. Motion to Stay

Nexus requests the court grant a motion to stay its payment of damages and collateral security pending appeal. Nexus claims a stay without a bond is justified given the overwhelming irreparable harm at issue. RLI disagrees, arguing that Nexus has not presented any actual evidence of irreparable harm beyond speculative allegations and that Nexus is unable to show a likelihood of success on appeal. Further, RLI contends that the order to pay a specific amount of collateral security is an affirmative injunction and therefore not subject to a stay of the judgment. Conversely, Nexus characterizes the court's order of collateral security as "nothing more than a straight-forward order to pay a specific lump sum of money" and "purely monetary," and therefore subject to the stay it requests.

First, Nexus must show that it is likely to succeed in appealing the court's grant of summary judgment based on its interpretation of the Indemnity Agreement. In assessing the likelihood of success on appeal, the "standard does not require the trial court to change its mind or conclude that its determination on the merits was erroneous. Rather, the court must

determine whether there is a strong likelihood that the issues presented on appeal could be rationally resolved in favor of the party seeking the stay." United States v. Fourteen Various Firearms, 897 F. Supp. 271, 273 (E.D. Va. 1995) (internal citations omitted) (emphasis added). The Fourth Circuit reviews a court's award of summary judgment de novo and views the facts and inferences drawn therefrom in the light most favorable to the non-moving party. Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001). The Fourth Circuit also reviews a district court's interpretation of a contract de novo. Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 710 (4th Cir. 2001). Although Nexus offers no new evidence or argument to support its interpretation of the Indemnity Agreement, the court agrees the Fourth Circuit may diverge in its interpretation of the contract upon a de novo review. U.S. Home Corp. v. Settlers Crossing, LLC, No. 8-cv-1863, 2015 WL 3973071, at *5 (D. Md. June 29, 2015) ("Although the court stands by its prior rulings and final Judgment, a number of the issues Purchaser plans to raise on appeal are objections to this court's interpretations of the parties' Agreement, which will be reviewed de novo by the Fourth Circuit."). Nexus "has not necessarily shown a 'strong likelihood of success' on appeal, but has identified specific legal findings that raise 'serious questions of law.'" Id.

Second, Nexus must provide evidence that it would be irreparably injured without a stay. Nexus claims that it currently indemnifies approximately 20,000 immigration bonds with non-party sureties, who would view Nexus's requirement to pay the monetary judgment as a "material change in Nexus's condition and seek to unwind the immigration bonds." ECF No. 602 at 5. Nexus claims:

> Those sureties would be correct in assuming that paying damages
> to RLI necessarily drains resources otherwise available to keep

5

> [Nexus] current on their payment and collateral demands, even if such funds are ultimately returned to Nexus following a successful appeal effort.

Id. Nexus also argues that without the stay, "thousands of asylum seekers will be irreparably harmed even if Nexus prevails on its appeal." Id. at 5-6. It suggests that the sureties are bound to "unwind" their immigration bonds, which would force the previously bonded immigrants to return to detention facilities during the pandemic. Id. Conversely, RLI argues that Nexus has not met its burden of producing evidence of irreparable harm and, even if it had evidence, a claim of financial injury is insufficient to justify irreparable harm. ECF No. 606 at 8.

The court finds Nexus did not carry its burden of showing irreparable harm. When, as here, the petitioners do not establish a strong likelihood of success on the merits, the impetus is on them to make an especially "strong showing of probably irreparable injury." James A. Merritt & Sons v. Marsh, 791 F.2d 328, 331 (4th Cir. 1986) (citing N.C. State Ports Auth. v. Dart Containerline Co., 592 F.2d 749, 750 (4th Cir. 1979)). "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date ... weighs heavily against a claim of irreparable harm." Di Biase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017) (quoting Sampson v. Murray, 415 U.S. 61, 90 (1974)). Nexus argues the harm of denying a stay is more than monetary, because its financial condition bears on the fate of its bonded principals. Nexus has speculated that if it were forced to pay the monetary judgment, then other sureties would rescind the immigration bonds that Nexus indemnifies, potentially injuring Nexus's business as well as the bonded principals.

However, Nexus has provided no evidence to support this speculation. ePlus Inc. v. Lawson Software, Inc., 946 F. Supp. 2d 503, 510 (E.D. Va. 2013) (rejecting movant's claim of irreparable harm for failure to produce any evidence). Indeed, through the course of these proceedings Nexus has denied any risk of insolvency, pointing to strong relationships with other sureties and its ability to pay its obligations on bonds in a timely manner. Nexus has also been forced to pay several millions of dollars pursuant to settlement agreements with various regulatory agencies, which has not resulted in its partner sureties rescinding their bonds. Further, as RLI contends, Nexus has not provided any support for the proposition that non-party sureties are even able to rescind immigration bonds they have contractually agreed to secure, both with the government and the indemnitor. Finally, Nexus alleges reputational harm with its other sureties if forced to pay RLI damages and collateral security, but "any reputational harm is an injury of Petitioners' own making and cannot justify a finding of irreparable harm." Allen v. Fitzgerald for Region Four, 590 B.R. 352, 361 (W.D. Va. 2018).

Third, the court finds that RLI would be substantially injured if the stay is issued without the posting of a supersedeas bond. In considering a stay, courts are concerned with the insolvency of the petitioner in as much as it impacts the non-moving parties ability to collect damages after final judgment on appeal. BDC Capital, Inc. v. Thoburn Ltd. P'ship, 508 B.R. 633, 639 (E.D. Va. 2014) (quoting Cont'l Sec. Corp. v. Shenandoah Nursing Home P'ship, 188 B.R. 205, 209 (W.D. Va. 1995)). "In determining whether the balance of equities tips in favor of the movant, the Court must balance the likelihood of irreparable harm to [Nexus] against the likelihood of substantial harm to the non-movants." Id. (quoting Cont'l Sec. Corp., 188 B.R. at 208). Nexus claims that RLI would not be harmed by a stay because Nexus would

7

continue making payments on breached bonds throughout the appeal process. However, as the court explained at length in its October order and accompanying opinion, RLI is entitled under the terms of the contract to collateral security sufficient to protect its interests against risk of loss. The court previously found that RLI's concerns regarding Nexus's financial condition are well-founded and justified. Indeed, another court in this Circuit found that the lack of a supersedeas bond would substantially injure the non-moving party when there was concern regarding petitioner's ability to pay damages post-appeal:

> Plaintiffs have argued that they will be substantially injured if the stay is issued and less than a full supersedeas bond is required to be posted. The Court recognizes that Plaintiff[s], however, [are] entitled to the benefit of the judgment or to adequate surety that the judgment will be preserved throughout the appeals process, typically by Defendants' posting of a supersedeas bond. Defendants have not posted a supersedeas bond or provided alternative security, and therefore Plaintiff[s] would be harmed by a stay of execution because Plaintiff[s'] ability to execute on the judgment would be unsecured throughout the appeals process.

Newport News Holdings Corp. v. Virtual City Vision, Inc., No. 4:08-cv-19, 2009 WL 10689735, *4 (E.D. Va. 2009 Oct. 1, 2009). Thus, this factor weighs against awarding a stay.

Finally, the court finds that denying the stay would be in the public's best interest. This litigation has been fraught with contention regarding basic provisions of the Indemnity Agreement. This agreement implicates the wellbeing of thousands of bonded principals. The court finds the public interest would be best served by requiring the indemnitor on these immigration bonds to perform under the terms of the contract, thereby promoting the practice of sureties securing immigration bonds.

Because Nexus has not met its burden to justify a stay of damages and collateral security, pending appeal, without a supersedeas bond, the court **DENIES** its motion to stay.

### III. Motion to Stay Injunctive Relief

Next, the court addresses whether the order to pay collateral security falls within the scope of a court's power to grant a stay under Federal Rules of Civil Procedure Rule 62(d). Nexus would likely have been entitled to a stay automatically if it had posted a supersedeas bond in the amount of the money judgment. Nexus argues that the court has authority under Federal Rule of Civil Procedure 62(d) to grant a stay without the posting of a bond, and that this authority extends to the order to pay collateral damages as well, as it is monetary in nature. ECF No. 608 at 1. RLI argues that "Nexus would not be entitled to a stay of this injunctive aspect of the Order, automatic or otherwise, even had it posted a supersedeas bond…." ECF No. 606 at 2. By posting a supersedeas bond, Nexus can likely stay as a matter of right the award of damages against it. However, if the order to pay collateral security is not subject to Federal Rule of Civil Procedure 62(d), then the court has discretion to deny the stay as to collateral security, regardless of Nexus's willingness to post bond.

Although the relief granted in the October order and opinion is in part "monetary" because it ordered Nexus to pay RLI collateral security in a specific amount, it is still subject to Federal Rule of Civil Procedure 62(c) because it is an injunction ordering specific performance of the parties' Indemnity Agreement. See Settlers Crossing, 2015 WL 3973071, at *5; Solis v. Malkani, 638 F.3d 269, 275–76 (4th Cir. 2011) ("[T]he posting of a supersedeas bond may only stay a monetary judgment pending appeal, Fed.R.Civ.P. 62(d), and does not permit a party to stay injunctive relief[.]"). Federal Rule of Civil Procedure 62(c) mandates that "[u]nless the court orders otherwise," a final judgment in an action for an injunction is "not

9

stayed after being entered, even if an appeal is taken." A court may stay an injunctive order only "on terms for bond or other terms that secure the parties rights." Fed. R. Civ. P. 62(d).

The court's order to pay collateral was an order to specifically perform the terms of the contract, not a grant of damages to compensate RLI for its injury. See e.g., Settlers Crossing, 2015 WL 3973071, at *5. Accordingly, for the same reasons that the court denies Nexus's request for a stay without a supersedeas bond, the court denies Nexus's request to stay the injunction requiring Nexus, in part, to pay $2.4 million in collateral security. RLI is entitled to collateral security to protect its interests against loss under the plain terms of the contract. Nexus disagrees with the court's assessment of the amount RLI is owed, but that does not absolve its responsibility to pay some collateral security under the contract. Further, the likelihood of harm is even smaller regarding the court's order to pay collateral security, because those funds would be held in trust and returned to Nexus if Nexus does indeed perform under the contract and indemnify or exonerate RLI of all outstanding bonds. Absent a strong showing of likelihood to succeed on the merits or irreparable harm, the court finds no grounds on which to stay the injunction.

### IV. Conclusion

For the reasons stated herein, the court **DENIES** Nexus's motion for stay without a supersedeas bond. The court finds that Nexus has not made the requisite showing of a strong likelihood of success on the merits and irreparable harm to warrant a stay without posting a bond in the amount of the monetary judgment. Nexus must post a supersedeas bond in the amount of $3,331,197.55 to stay the order of damages pending appeal. However, the court will not stay the injunctive order requiring Nexus to pay $2.4 million in collateral security. The

court finds that Nexus does not have a right to an injunctive stay regardless of its willingness to post a supersedeas bond; that Nexus has not met the standard to warrant an injunctive stay; and that, given the nature of collateral security, an injunctive stay pursuant to a $2.4 million bond would serve no purpose.

    An appropriate Order will be entered.

Entered: December 17, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.12.17 11:02:23 -05'00'

Michael F. Urbanski
Chief United States District Judge