IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| RLI INSURANCE COMPANY,<br>            Plaintiff, | )<br>)<br>) |
| v. | ) Case No. 5:18-cv-00066-MFU |
| | ) |
| NEXUS SERVICES, INC., et al.,<br>            Defendant. | )<br>)<br>)<br>) |

### DEFENDANTS' MOTION TO QUASH THIRD-PARTY SUBPOENAS
### AND FOR A RULE 26(c) PROTECTIVE ORDER

Nexus Services, Inc., Libre by Nexus, Inc., and Homes by Nexus, Inc., (collectively "Nexus"), moves this Court for an Order under Fed. R. Civ. P. 45(d)(3)(A) to (i) quash Plaintiff RLI Insurance Company's ("RLI's") subpoenas *duces tecum* against Nexus's third-party banks (collectively, the "Subpoenas"), as well as for (ii) a protective order under Fed. R. Civ. P. 26(c)(1) forbidding RLI from demanding any production of documents or information from Nexus's third-party financial partners on the grounds that such demands are merely intended embarrass, annoy, and harass Nexus. Defendants' counsel reached out to counsel for RLI, Jennifer Eaton, but was unable to reach her prior to the filing of this Motion. In support thereof, Defendants state:

### INTRODUCTION

On or about February 8, 2021, RLI served the Subpoenas on non-parties City National Bank, 101 Community Way, Staunton, VA 22801 ("City National") and Pendleton Community Bank, 57 South Main Street, Harrisonburg, VA 22801 ("Pendleton," and with City National, the "Banks"). See Exhibit A. The Subpoenas command the Banks to each produce the following documents and information to RLI's counsel on or before February 22, 2021:

1. All account statements, including but not limited to statements reflecting monthly account balances, deposits, wire transfers, and checks from January 1, 2020 to present for any accounts held by Nexus Services, Inc.

2. All account statements, including but not limited to statements reflecting monthly account balances, deposits, wire transfers, and checks from January 1, 2020 to present for any accounts held by Homes by Nexus, Inc.

3. All account statements, including but not limited to statements reflecting monthly account balances, deposits, wire transfers, and checks from January 1, 2020 to present for any accounts held by or [sic] Libre by Nexus, Inc.

Nexus is a customer of both Banks, as RLI is well aware. Indeed, as early as December 2020, RLI served garnishment summons on the Banks in furtherance of its enforcement of the judgment herein. The Banks have been garnishing all of Nexus's accounts on RLI's behalf ever since. Moreover, as this Court is aware, RLI already has unique real-time access to all of Nexus's financial information, as was ordered in this very proceeding. Nexus has been and continues to provide RLI with real-time digital access to its detailed books, records, and financial data, including all of Nexus's banking records, as specifically ordered by this Court. See ECF No. 585 ("Nexus also is ordered to make available to RLI, ***on a monthly basis, all of its bank account statements***" and other financial reports and records that bear on its financial position.") (emphasis added).

As such, the Subpoenas do not advance any legitimate purpose. Not only is the third-party production of *13 months* of every check, balance, deposit, and transfer of Nexus burdensome and unnecessary to RLI's judgment enforcement efforts, <u>RLI already has such data</u>. It also doesn't need more information to garnish accounts that are already garnished. As such, the true intent of these third-party demands is merely to annoy, embarrass, and harass Nexus by poisoning its relationships with its banking partners. The Subpoenas should be quashed on this ground and RLI

further ordered to cease abusing its subpoena authority to harass Nexus and its third-party financial partners without leave of Court for good cause shown.

## LEGAL ARGUMENTS

*1.*     *The Subpoenas should be Quashed*

Under Fed. R. Civ. P. 45, a district court must quash a subpoena upon timely motion when the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "The determination of undue burden is within the discretion of the district court." *United States ex rel. Lutz v. Berkeley Heartlab, Inc.*, 2017 WL 5952689, at *1 (D.S.C. Nov. 29, 2017).

"Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." *United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005) (per curiam). However, the district courts in this Circuit have held that the party "need only have *some* personal right or privilege in the information sought to have standing to challenge a subpoena to a third party," even if the claimed interest is "minimal or exceedingly small." *Third Degree Films, Inc. v. Does 1–108*, No. DKC 11-3007, 2012 WL 669055, at *2 (D. Md. Feb. 28, 2012) (quotation marks omitted) (collecting cases).

In this case, all the information sought by RLI is financial information about Nexus, and the scope of the information is burdensome to collect by design. While it is true that the Banks, and not Nexus, are the parties subjected to the Subpoenas' undue burden, it is Nexus's relationship with the Banks that will be damaged by the Subpoenas' enforcement. Given the utter lack of need for this information (as RLI already has it and is already garnishing Nexus's accounts at these institutions), Nexus asserts that the damage to its banking relationships is intentional. This creates the link that extends standing to Nexus, the party subjected to the harm of RLI's vexatious tactics.

It is also relevant that RLI is already in possession of the information it purports to seek. "Although Fed. R. Civ. P. 45 does not list irrelevance as a ground for quashing a subpoena, the undue burden standard encompasses situations where the subpoena seeks information irrelevant to the case." *Cook v. Howard*, 484 F. App'x 805, 812 n.7 (4th Cir. 2012). The scope of discovery under a subpoena is the same as the scope of discovery under Fed. R. Civ. P. 26(b). *Id.* at 812. Thus, where the basis for a motion to quash is irrelevance, the court's analysis under Fed. R. Civ. P. 45 is the same analysis generally applicable to discovery under Fed. R. Civ. P. 26(b). *HDSherer LLC v. Nat. Molecular Testing Corp.,* 292 F.R.D. 305, 308 (D.S.C. 2013).

Given the clear lack of need and the transparent attempt to impose embarrassment and annoyance upon Nexus—not its Bank partners, this Court is within its allotted discretion to quash the Subpoenas. See, generally, *Cook v. Howard*, 484 Fed.Appx. 805, 812 (4th Cir. 2012) ("District courts are afforded broad discretion with respect to discovery generally, and motions to quash Subpoenas specifically."); accord *Williams v. Big Picture Loans, LLC*, 303 F. Supp. 3d 434, 440 (E.D. Va. 2018). Actions taken under the authority of the Federal Rules, such as RLI's Fed. R. Civ. P. 45 Subpoenas "should be construed, administered, and employed by the Court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

2. <u>RLI Should be subjected to a protective order.</u>

Separately, Rule 26 provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending," and that the litigation "court may, for good cause, issue an order to protect [the] party … from annoyance, embarrassment, oppression, or undue burden," Fed. R. Civ. P. 26(c)(1).

"'[A] party has standing to move for a protective order [under Fed. R. Civ. P.] 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena.'" *Stancu v. Hyatt Corp./Hyatt Regency,* 2017 WL 2984052 at *1 (N.D. Tex. July 13, 2017) (quoting *Bounds v. Capital Area Family Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016)); *see also In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, MDL No. 2187, 2014 WL 1660386, at *6 (S.D. West Va. April 22, 2014) (citing *HDSherer LLC v. Natural Molecular Testing Corp.*, 292 F.R.D. 305, 307-08 (D. S.C. 2013)) ("Even if" a party "cannot claim standing under Rule 45 to object to" discovery, a party "may still move for a protective order under Rule 26(c).").

Therefore, even if the Court does not believe Nexus has the requisite standing to pursue its motion to quash under Fed. R. Civ. P. 45, it still may obtain the relief it seeks under Rule 26(c) for the Subpoenas and any future efforts by RLI to annoy, embarrass, oppress, or create an undue burden on Nexus and/or its financial partners.

"To obtain a protective order under Rule 26(c), the party resisting discovery must establish that the information sought is covered by the rule and that [the party] will be harmed by disclosure." *In re Wilson*, 149 F.3d 249, 252 (4th Cir. 1998). As argued above, RLI's efforts to make Nexus appear to be an expensive, burdensome, or troublesome customer with its Banks is sufficient harm to preclude such bad faith efforts. This is especially true given that RLI already has direct and real time access to the information it purports to seek, as previously ordered by this Court.

## CONCLUSION

The Subpoenas should be quashed on the grounds that they create an undue burden and were issued by RLI for the purpose of annoyance and harassment by seeking to poising its

relationships with its financial partners. The Subpoenas do not advance any legitimate purpose as RLI is already in possession of the information they purport to seek. Likewise, RLI should be further ordered to cease its abuse of its Rule 45 subpoena authority to harass and embarrass Nexus by placing undue burdens on Nexus's partners for information already in RLI's possession.

Respectfully submitted this 18th day of February 2021,

/s/ MARIO B. WILLIAMS
Mario B. Williams (VSB #91955)

**NDH LLC**
44 Broad Street, NW, Suite 200
Atlanta, Georgia 30303
404-254-0442 / 404-935-9391 FAX
mwilliams@ndh-law.com

/s/ JOHN M. SHOREMAN
John M. Shoreman

**MCFADDEN & SHOREMAN**
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
(202) 772-3188 / (202)-204-8610 FAX
jmshoreman@verizon.net
*Counsel for Defendants*

7 | P a g e

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of February 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all counsel of record.

I further certify that on this 18th day of February 2021, I reached out to RLI counsel Jennifer Eaton prior to the filing of this Motion but was unavailable to reach her.

/s/ John M. Shoreman
John M. Shoreman