IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Harrisonburg

| | |
|---|---|
| RLI INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 5:18CV00066-MFU-JCH |
| | ) |
| NEXUS SERVICES, INC., | ) |
| LIBRE BY NEXUS, INC., | ) |
| HOMES BY NEXUS, INC., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANTS TO RESPOND TO DISCOVERY

Facing enforcement of a more than three-million-dollar judgment, Defendants seem to believe they are immune from post-judgment discovery. They are not.

Judgment-creditor, RLI Insurance Company ("RLI") issued limited interrogatories and requests for production of documents of Defendants seeking information and materials regarding Defendants' assets and financial transactions in the past 36 months. After an agreed 7-day extension to facilitate "substantive responses," Defendants' counsel provided non-substantive, "draft" responses, which claimed without further guidance or explanation that the "[i]nformation [sought was] provided in prior discovery."

Defendants' conduct serves the sole purpose of delaying RLI's permissible post-judgment discovery. The Federal Rules provide a clear remedy to address this situation. The Court is required to award attorneys' fees in addressing these issues under Rule 26(c)(3) and Rule 37(a)(5).

Accordingly, RLI requests this Motion be granted and Mr. Shoreman, who sent the draft, incomplete discovery responses be ordered to pay RLI the sum of $4,401 for the attorneys' fees incurred in preparing and filing this motion, including fees estimated to be incurred in furtherance of this Motion.

## Procedural Posture

This case was filed on April 12, 2018. Dkt 1. A motion for summary judgment was heard on April 10, 2020. The Court entered summary judgment against Defendants on July 3, 2020. The court conducted an evidentiary hearing in September that addressed the issue of the quantum of damages. It them issued a judgment on October 23, 2020 entering judgment in the amount of $3,331,197.55.

In issuing its judgment order, the Court noted the expert testimony that Defendants' internal books and records, including "its Quickbooks and published financial statements" did not reflect reality. Dkt. 584 at 9. The expert testimony established that Defendants' financial records were so rife with discrepancies that RLI lacked the "ability to rely on them to make a reasonable assessment of Nexus's financial position." *Id.* at 11. The Court concluded that "[t]o this day, they fail to make available accurate financial records." *Id.* at 17. The Court concluded that Defendants' internal "books and records are anything but accurate." *Id.*

Faced with that reality, RLI quite reasonably issued interrogatories and requests for production of documents to Defendants to obtain financial information regarding the Defendants' conduct over the past 36 months. *See* **Exhibit 1**. Defendants did not issue objections to that discovery. One the eve of the deadline to respond, Defendants requested a 7-day extension. **Exhibit 2**. Prior to granting the extension, counsel for RLI met and conferred with Defendants' counsel regarding the extension request. **Exhibit 3**. During this phone call,

Defendants' counsel represented that it intended to provide "substantive responses" and just needed more time to get the documents together. RLI's counsel memorialized the agreement into an email. **Exhibit 4**. On the day after the 7-day extension, Defendants' counsel provided "draft" responses and no documents. **Exhibit 5**. In light of the deficiencies in the responses, RLI's counsel gave Defendants' an additional business day to provide their responses. **Exhibit 6**. To date—over two weeks after the deadline and a week after the agreed-upon extension—no further responses have been provided. As a result of the Defendants' conduct, RLI has incurred attorneys' fees in the amount of $3,681.00, with an estimated $720.00 to be incurred in furtherance of this Motion. **Exhibit 7**.

## ARGUMENT

### I.      Defendants are not immune from post-judgment discovery.

Post-judgment discovery is permissible. Rule 69 makes clear that "the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). The discovery "should be tailored to the specific purpose of enabling a judgment creditor to discover assets upon which it can seek to execute a judgment." *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 286 F.R.D. 288, 292 (E.D. Va. 2012). And "the judgment creditor 'must be given the freedom to make broad inquiry to discover hidden or concealed assets of the judgment debtor.'" *Id.* (quoting *Caisson Corp. v. Cty. W. Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974)). RLI has sought discovery that it is entitled to from Defendants. Defendants—like any other judgment debtor—must respond to that discovery.

### II.     Defendants have failed to comply with post-judgment discovery.

Despite the availability of this discovery pursuant to the Rules, Defendants have not responded in good faith to RLI's requests. Defendants agreed to respond to discovery, then failed to abide by their own agreed-upon extension. Defendants' conduct is telling of their motive—to delay. Instead of producing the substantive responses that were promised, Defendants provided "draft" responses that lack substance. In the "drafts," Defendants audaciously clam that nearly all of RLI's requests were "Information provided in prior discovery" with no further response or explanation. *See* **Exhibit 5**. No reasonable person looking at the draft discovery responses would find that they were prepared in good faith under the Rules. Defendants' nonresponses are a pure delay tactic targeted at RLI's collection efforts. If there are discovery requests for which Defendants believe that there is overlap with prior productions, then Defendants can quote the bates numbers of those productions. Claiming duplicity is insufficient, especially given the lack of objections. Further, it defies belief that the post-judgment discovery is essentially duplicative when it seeks, in part, financial information for the past 36 months—six of which post-date the judgment in this matter.

### III. Sanctions are appropriate.

Defendants' dilatory actions continue to prejudice RLI's interests by slowing its collection efforts. Given the size of the judgment and limited recovery by RLI to date, it is clear that RLI's discovery is necessary and appropriate to further its interests. Defendants' efforts to circumvent discovery are sanctionable.

Rule 37(a)(5)(A) provides that if a motion to compel discovery responses is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Under this rule, sanctions are mandatory unless: "(i) the

movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A); *Sky Cable, LLC v. Coley*, 2015 U.S. Dist. LEXIS 106393, at *7 (W.D. Va. Aug. 12, 2015).

The parties met in good faith to discuss the extension request and "substantive" nature of the forthcoming discovery responses. Responses were not provided during the seven-day extension. The deficient "drafts" were provided on the eighth day with an assertion that the client was "still reviewing its files." **Exhibit 5**. No further extension was requested, and no timeline was provided for formal responses. RLI immediately requested the promised substantive responses. *See* **Exhibit 6**. Despite demand, no subsequent responses or documents were provided in the two subsequent business days or in the week since the extension lapsed.

There is no justifiable explanation for the delay. "[S]till reviewing records" might be sufficient had a partial, good faith production been made, but RLI received virtually no information and absolutely no documents in response to its requests. Substantial justification means to a degree that would satisfy a reasonable person. *Pierce v. Underwood*, 487 U.S. 552, 553, 101 L. Ed. 2d 490, 108 S. Ct. 2541 (1988). The utter lack of substantive responses supports the inference that Defendants are trying to evade their obligations under the Rules. Defendants have not acted in good faith, they have not provided a justifiable reason for their delay, and an award of expenses is appropriate here.

RLI should not be made to incur additional costs to petition the Court for post-judgment discovery that is allowed to it under the Rules. Given the size of the outstanding balance on the judgment and Defendants' conduct to date, an award against Defendants would likely be hollow

and unlikely to deter further behavior of this nature. But the Court does have another remedy available to it, one that is more likely to curtail future behavior of this nature—awarding RLI its fees from Defendants' counsel. This remedy is available pursuant to Rule 37. Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party *or attorney advising that conduct*, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.") (emphasis added). Indeed, federal courts routinely award Rule 37 expense awards (including attorney's fees) against both the party and its counsel. *See e.g., Biovail Corp. v Mylan Labs., Inc.*, 217 F.R.D. 380 (N.D. W.Va. 2003). Courts also award Rule 37 fees against the party's law firm. *McCoo v. Denny's Inc.*, 192 F.R.D. 675 (D. Kan. 2000). It makes sense for counsel to be responsible in certain circumstances because counsel has an "obligation to act as an advocate for his/her client and to use legal procedure for the fullest benefit of the client, but those obligations must be tempered against counsel's duty not to abuse legal procedure." *Heller v. City of Dall.*, 303 F.R.D. 466, 477 (N.D. Tex. 2014) (collecting cases) (internal quotations omitted). Thus, even if the client directs counsel to respond to discovery requests in a certain manner, "counsel has the ultimate obligation to ensure that the responses and objections are well grounded in fact and law." *Id.* Counsel failed to meet this obligation here. The "draft" responses speak for themselves. Counsel's representations of "substantive responses" do not jibe with its conduct. RLI's courtesy in granting an extension was taken advantage of to facilitate Defendants' delay tactics. Defendants should be ordered to make substantive responses as required by the Rules and defense counsel should be made to pay RLI its fees and costs incurred as a result of this motion.

## CONCLUSION

For the foregoing reasons and in light of the abuse of the discovery process, RLI prays for an Order compelling Defendants to respond to discovery within fourteen days. Additionally, RLI prays for its attorneys' fees in requesting this motion in the amount of $4,401.00 and requests that defense counsel be required to pay the fees and for any other relief that the Court deems appropriate.

Dated: April 12, 2021

                                            RLI INSURANCE COMPANY

                                            /s/ Jennifer L. Eaton

Dustin M. Paul (VSB No.: 75287)
Jennifer L. Eaton (VSB No.: 87491)
Vandeventer Black LLP
101 W. Main Street, Suite 500
Norfolk, VA 23510
Phone: 757-446-8600 / Facsimile: 757-446-8670
dpaul@vanblacklaw.com
jeaton@vanblacklaw.com

*Attorneys for Plaintiff RLI Insurance Company*

4840-8562-4036, v. 1