IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| **RLI INSURANCE COMPANY,** ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:18-cv-00066 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **NEXUS SERVICES, INC.,** <u>et al.</u>, ) | Chief United States District Judge |
| Defendants. ) | |

## ORDER

This matter is before the court on three motions made by the parties concerning the enforcement of this court's orders entered on October 23, 2020, ECF No. 585 ("October order"), and November 19, 2020, ECF No. 599 ("November order"). The defendants—Nexus Services, Inc.; Libre by Nexus, Inc.; and Homes by Nexus, Inc. ("Nexus")—have filed a notice of appeal of both orders. ECF No. 600. The Fourth Circuit has denied Nexus's motion for a stay pending its appeal. ECF No. 629. Accordingly, this court has limited jurisdiction to enforce—but not modify—its orders. The court will consider the three pending motions in turn.

### I.

On December 8, 2020, plaintiff RLI Insurance Company ("RLI") filed a motion for an order to show cause as to why Nexus should not be held in contempt and sanctioned for their clear and continuing violations of this court's October order. ECF No. 607. Specifically, the motion alleges (1) Nexus has failed to deposit with RLI $2.4 million, to be held by RLI as collateral security; (2) Nexus has failed to pay RLI on an ongoing basis for each bond for which a Notice to Deliver has issued within 48 hours of Nexus's receipt

thereof; and (3) Nexus has filed to provide RLI with periodic access to relevant books and records as specified in the October order. Id. at 1–2. Nexus responded in opposition to RLI's motion, ECF No. 618, and RLI replied. ECF No. 622. The court held a hearing via videoconference on March 4, 2021.

The court **DENIES as moot** RLI's motion for an order to show cause, ECF No. 607, as it is clear from the parties' briefing and this court's latest hearing that Nexus is not fully compliant with this court's October order. To enforce this court's October order, the court **ORDERS** the following:

1. The court appoints Gregory T. St. Ours, Esq., of Wharton Adlhizer & Weaver, PLC, as a special master pursuant to Federal Rule of Civil Procedure 53 to advise the court as to the status of Nexus's compliance with and make recommendations to ensure compliance with the October order.

2. Mr. St. Ours's duties shall not encompass making findings of fact or conclusions of law, nor recommendations on motions in this matter, unless the court modifies such duties following consultation with the parties.

3. Mr. St. Ours shall docket monthly reports detailing his findings and any enforcement recommendations regarding compliance with the October order. The parties may file objections to these findings and recommendations within seven (7) days, which will be subject to de novo review.

4. To facilitate making the case file available to Mr. St. Ours, the court authorizes that he be provided, without charge, access through the Public Access to Court Electronic Records System (PACER). The PACER Service Center is directed to provide the special

master with the requisite account and password without charge. Such access is granted for Mr. St. Ours's use solely in this case.

5. Mr. St. Ours shall be compensated at his standard hourly rate, plus reasonable expenses.

6. To enable the appointment of a special master to ensure compliance with the October order, Mr. St. Ours's fees and reasonable expenses relating to his duties as special master shall be allocated evenly between RLI and Nexus.

## II.

RLI has also filed a motion for contempt sanctions for Nexus's failure to comply with this court's November order, ECF No. 626. The November order granted in part RLI's motion for a protective order, requiring Nexus "to cease undermining the court's findings in this case and the integrity of this litigation by directly or indirectly making baseless, false and misleading statements, to the effect that: (1) the confidential information of any Nexus program participant was disclosed or compromised as a result of the September 8 ECF filing; and (2) the Waldman actuarial report suggests that RLI has engaged in anti-immigrant underwriting practices." ECF No. 599 at 2–3. RLI's motion alleges that Nexus continues to disseminate "baseless, false and misleading statements regarding an alleged data breach." ECF No. 626 at 1. Nexus responded, noting that all social media posts at issue were no longer posted except for those of (1) Bishop Frank Jackson and (2) the "ad history" section of The System's Facebook page. ECF No. 644. Nexus argues (1) Facebook controls the The System's "ad history" section and the ad itself is inactive, and (2) its officers and directors do not have direct or indirect control over Bishop Jackson and it did not think it "appropriate

3

to demand that this renowned African American civil rights leader alter his social media accounts." Id. at 1–2. RLI responded that Nexus has not even requested Bishop Jackson or Facebook to take down the content at issue. The court agrees with RLI that Nexus should make these requests but finds further sanctions unnecessary. Accordingly, the court **DENIES** RLI's motion for contempt sanctions, ECF No. 626.

### III.

Finally, Nexus has also filed a motion for a hearing should this court take the further step of appointing a receiver, ECF No. 645. Since the court has postponed consideration of a receiver until after it obtains the report of the special master, the court **TAKES UNDER ADVISEMENT** the motion for a hearing.

It is so **ORDERED**.

Entered: April 12, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.04.12 17:14:10
-04'00'

Michael F. Urbanski
Chief United States District Judge

4