**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Harrisonburg**

| | |
|---|---|
| RLI INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 5:18CV00066-MFU-JCH |
| ) | |
| NEXUS SERVICES, INC., ) | |
| LIBRE BY NEXUS, INC., ) | |
| HOMES BY NEXUS, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**MEMORANDUM IN SUPPORT OF RLI'S MOTION TO COMPEL
ENTLEST BRANDS, INC. TO RESPOND TO RLI'S DOCUMENT SUBPOENA**

As part of its post-judgment collection efforts, RLI Insurance Company ("RLI") issued a series of third-party document subpoenas that were, in part, to companies known to have significant financial relationships with the Defendants. One such entity to whom RLI duly issued a document subpoena was Entlest Brands, Inc. ("Entlest"), an entity in receipt of substantial funds from Defendants in recent years and with apparent ties to at least one of the Defendants' owners, namely, Richard Moore. Entlest has completely ignored the subpoena, and RLI now seeks court intervention to compel Entlest's immediate compliance under the Rules.

**RELEVANT BACKGROUND**

On March 26, 2021, RLI issued a Subpoena *Duces Tecum* to Entlest for documents and records relating to the Defendants and Entlest's relationship thereto. **Exhibit 1** (the "Subpoena"). On March 30, 2021, the Subpoena was properly served. **Exhibit 2**. Responses were due on April

1

19, 2021. However, April 19, 2021 passed, and RLI did not receive any responsive documents or objections, nor was a motion to quash, or any responsive pleading whatsoever, filed.

## ARGUMENT

### I.     Entlest must respond to the Subpoena.

Notwithstanding its failure to serve objections or file a responsive motion, such as a motion to quash, Entlest has failed to produce documents or otherwise communicate with RLI regarding the Subpoena. There is no justifiable reason for this 45-day delay.

Third parties are subject to discovery. Under Rule 45(a), a party to litigation may serve on a non-party to the litigation a subpoena for the production of discoverable material in the non-party's possession, custody, or control. Fed. R. Civ. P. 45(a)(1)(A)(iii); *Hinterberger v. Am. Nurses Assn. (In re Am. Nurses Assn.)*, 643 F. App'x 310, 314 (4th Cir. 2016) (*per curiam*); *Bell Inc. v. GE Lighting, LLC*, 2014 U.S. Dist. LEXIS 56170 (W.D. Va. Apr. 23, 2014). In response to a Rule 45 subpoena, a nonparty may file a motion to quash or modify the subpoena pursuant to Rule 45(c)(3)(A), seek a protective order pursuant to Rule 26(c), or object to production of documents by opposing a motion to compel under Rule 45(c)(2)(B).

Here, as evidenced by Exhibits 1-2 appended hereto, on March 30, 2021, RLI properly effected service of the Subpoena upon Entlest, but Entlest did not produce any documents, serve any objections, or file any responsive motion to the Subpoena, either by its deadline of April 19, 2021, or at any time thereafter. Accordingly, compelling a substantive production in response to the Subpoena is appropriate.

### II.     A finding of contempt and an award of costs are appropriate.

RLI should not have to come to the Court for relief of this nature. In light of Entlest's clear failure to abide by its production obligations under the federal rules, a finding of contempt and an

order of fees against Entlest is appropriate. Specifically in this regard, Rule 45(g) authorizes a district judge to exercise its discretion and "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." In the event that the court finds an entity in civil contempt, the court has "broad discretion in fashioning the appropriate remedy, which can include 'ordering the contemnor to reimburse the complainant for losses sustained and for reasonable attorney's fees.'" *Buffalo Wings Factory, Inc. v. Mohd*, 574 F.Supp.2d 574, 577 (E.D. Va. 2008) (quoting *United States v. United Mine Workers of America*, 330 U.S. 258, 303-04, 67 S. Ct. 677, 91 L. Ed. 884 (1947)). This Court should use that broad discretion in this instance to award RLI its attorneys' fees.

## CONCLUSION

For the foregoing reasons and in light of the abuse of the discovery process, RLI prays for an Order compelling Entlest to respond to the Subpoena within fourteen days. Additionally, RLI prays for its attorneys' fees in requesting this motion and for any other relief that the Court deems appropriate.

Dated: June 3, 2021

RLI INSURANCE COMPANY

  /s/Dustin M. Paul

Dustin M. Paul (VSB No.: 75287)
Jennifer L. Eaton (VSB No.: 87491)
Vandeventer Black LLP
101 W. Main Street, Suite 500
Norfolk, VA 23510
Phone: 757-446-8600 / Facsimile: 757-446-8670
dpaul@vanblacklaw.com
jeaton@vanblacklaw.com
*Attorneys for Plaintiff RLI Insurance Company*

CERTIFICATE OF SERVICE

I hereby certify that on Thursday, June 03, 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John M. Shoreman
McFadden & Shoreman
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
202-772-3188
Fax: 202-204-8610
Email: jmshoreman@verizon.net

Mario Bernard Williams
NDH LLC
44 Broad Street, NW, Suite 200
Atlanta, GA 30303
404-654-0288
Fax: 404-592-6255
Email: mwilliams@ndh-law.com

**And by certified mail, return receipt requested to:**

Entlest Brands, Inc.
c/o INCORP Services, Inc., Registered Agent
 7288 Hanover Green Dr., Mechanicsville, VA 23111

Entlest Brands, Inc.
370 Neff Ave Ste U,
Harrisonburg, VA, 22801

/s Dustin M. Paul

4831-4603-8758, v. 1