**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF VIRGINIA**
**Harrisonburg Division**

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 5:18CV00066-MFU-JCH |
| | ) | |
| NEXUS SERVICES, INC., | ) | |
| LIBRE BY NEXUS, INC., | ) | |
| HOMES BY NEXUS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**RLI'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR CONTEMPT**
**AGAINST DEFENDANTS**

Despite specific direction by order of this Court to respond to RLI's discovery with particularity and specificity *and* being granted an extension of more time to complete their dilatory responses, Defendants have boldly ignored the Court's instructions and failed to properly respond to the post-judgment discovery.  A finding of contempt and sanctions, including adverse-inference findings, are appropriate given the ongoing and egregious behavior of the Defendants and the harm to RLI.

**LEGAL STANDARD**

"To establish civil contempt, a movant must show each of the following elements by clear and convincing evidence: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) …that the decree was in the movant's 'favor'; (3) …that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive) of such violations; and (4) …that [the] movant suffered harm as a result." *JTH Tax, Inc. v. H&R Block E. Tax Servs.,* 359 F.3d 699, 705 (4th Cir. 2004) (*quoting Ashcraft v. Conoco,*

*Inc.,* 218 F.3d 288, 301 (4th Cir. 2000)).  The appropriate remedy for civil contempt is within the court's broad discretion.  *In re GMC*, 61 F.3d 256, 259 (4th Cir. 1995).

**ARGUMENT**

I.     **There is a valid Order in RLI's favor in place.**

On May 27, 2021, the Defendants were before the Court on RLI's Motions to Compel. Dkt. Nos. 650 and 652.  The Court ordered the Defendants to respond to discovery requests and subpoenas "with specificity and particularity" by June 10, 2021.  Dkt. No. 665.  The Court's Order is clear and concise in its ruling: RLI's motions to compel were granted and compliance by the Defendants and the related LLC Entities was required by June 10, 2021.  *See id.*  There can be no dispute that the Order is in RLI's favor.

II.     **The Defendants boldly ignored the specific requirements of the Court's Order and are in violation thereof.**

No responses to RLI's discovery requests and subpoenas were produced between the hearing on May 27 and the original deadline of June 10, 2021.  Instead, counsel for Defendants filed a Motion for Extension of Time, claiming the retention of new counsel as the basis for their requested two-week delay.  *See* Dkt. No. 675 at 1.  The Court granted the request, in part, extending Defendants' deadline through June 18, 2021.  *Se*e Dkt. No. 676.  On June 17, 2021, Defendants provided the attached "responses."  **Exhibit 1**.

The Defendants did *not* substantially comply with the Court's Order.  In their "responses," the Defendants do not specifically point to any documents, but rather only generally (and inaccurately) allege that RLI's counsel has been provided "real-time" access to records, that documents continue to be produced in parallel proceedings regarding Defendants' permanent injunctive obligations supervised by the Special Master, and that:

2

historical information responsive to this interrogatory was further produced in response to Plaintiff's previous pre-judgment and/or post-judgment discovery requests. Nexus does not have access to the specific date or dates that such production(s) occurred because most of these prior productions were produced through shared drives and/or other similar access that did not result in Bates Stamped production sets that can be referenced.

*See* **Exhibit 1**.

Defendants have yet again failed to identify responsive documents with the requisite degree of specificity called for by Rule 33.  Fed. R. Civ. P. 33(b)(3).  This is the same tactic Defendants have used from the beginning of this discovery dispute—that is, point generally to alleged prior productions and claim that the "needle is in the haystack."  But Defendants alone have the burden to comply with RLI's post-judgment discovery, and they cannot shift the time-consuming and costly burden to RLI to sift through previous productions to check for compliance.  RLI has asked and asked again for what the Rules clearly provide: truthful information about the financial status of Defendants so that RLI can pursue enforcement of its judgment.  Defendants yet again have failed to provide such information.

Having not responded with the specificity and particularity required by the Court's Order, the Defendants cannot show that they have taken all reasonable steps to ensure compliance therewith.  *See United States v. Darwin Constr. Co.*, 873 F.2d 750, 755 (4th Cir. 1989).  Defendants' conduct is egregious.  Defendants have now had months to comply, but never made a good faith effort to respond to RLI's post-judgment discovery requests.  Each time they have been given additional time, whether by agreement of the parties, the additional fourteen days initially provided by the Court, or the additional seven-day Court-ordered extension, they have failed to substantially, let alone fully, comply and, instead, offer nothing more than hollow excuses and/or circular, vague language that provides no clarity or semblance of particularity.  In asking for an extension of time, the Defendants exploited the judicial process to their tactical

3

advantage.  It is clear that in the absence of a contempt order, the Defendants will never comply and will only further delay RLI's post-judgment discovery process.

### III.    RLI has been harmed and continues to be harmed by the Defendants' egregious conduct.

RLI has been harmed by the ongoing intentional delays the Defendants.  These months'-long delays deny RLI access to the information to which it is entitled under the Rules to further its collection efforts.  As Defendants' delays continue, RLI is unfairly precluded from obtaining information that is likely advance its collection efforts.  RLI is further harmed, and continues to be harmed, by the ongoing motion practice required to address the improper conduct of the Defendants.  In addition to its attorneys' fees incurred related to the Motion to Compel the Defendants and Motion for Contempt against the Entities, RLI now has incurred attorneys' fees related to this Motion for which it also seeks reimbursement.  RLI has met all of the necessary elements to establish civil contempt, and a corresponding contempt Order against the Defendants is appropriate.

### IV.    In addition to attorneys' fees, the Court has discretion to issue a broad contempt order that includes adverse-inference findings.

Defendants' stonewalling of discovery is a tactic employed to deny RLI access to, *inter alia*, documents and records that RLI believes will show Defendants' lack of adherence to corporate formalities and other indicia tending to establish a unity of identity and interests between and among the Defendants, the Entities and their members.  Despite opportunity after opportunity, Defendants, in their superficial responses to RLI's interrogatories, never explain the corporate relationship between the Defendants, their members, and the Entities, nor do they produce documents that would clarify or explain the countless suspect transactions between and amongst these entities and their members.  *See* **Exhibit 1**.  Instead, RLI is left to piece together

4

the truth from only the hodgepodge of limited documents that have been shared. Notwithstanding, one thing RLI can see from its own third-party subpoenas and the incomplete productions in this matter, is a sheer lack of corporate formalities and members using the companies as their own personal "piggy banks" for personal expenditures.  For example, records show the use of corporate funds to pay for, among other extraneous items: (i) the ghost writing of a book by member Micheal Donovan; (ii) tens of thousands of dollars spent at a gaming store owned by Richard Moore; and (iii) the payment of expenses for properties for which the Defendants have failed to disclose and/or deny any ownership interest.  **Exhibit 2** (collecting examples of some of these charges from third-party subpoenaed materials)[1].  If these are legitimate corporate expenses, then the Defendants should have records to support the same, yet they have failed and refused to produce any such records.

Because the Defendants will not comply with the Court's Order and have failed to cooperate in the discovery process by not producing any records in response to the post-judgment discovery, RLI prays that in its contempt order that this Court make an adverse-inference ruling that:

- the Defendants and their members ignored corporate formalities and are not entitled to a presumption of corporate separateness; that

- Micheal Donovan, Richard Moore, and Evan Ajin are personally liable for the underlying judgment in this case; and that

---

[1] Although the records remain incomplete, some records produced by Defendants further depict the mismanagement and comingling of funds for non-business use. At the Court's direction or at a hearing in this matter, RLI will be prepared to further identify and share such evidence.

- RLI may treat each of the aforementioned individual's personal assets as assets of the Defendants for collections purposes.

Although this is an extreme remedy, it is nonetheless appropriate in exceptional circumstances – which are undoubtedly present here – where a lack of corporate formalities and comingling of funds is clearly shown on the record. *See Sky Cable, LLC v. Coley,* 2016 U.S. Dist. LEXIS 93537 (W.D. Va. July 18, 2016).

## CONCLUSION

The Defendants are in clear violation of the Court's Order and should be held in contempt. RLI prays that this Motion for Contempt be granted, that it be awarded its attorneys' fees and costs related to the Motions to Compel and its Motion for Contempt, that adverse-inference rulings be made against the Defendants, and for any other such relief as the Court deems appropriate.

Dated: June 23, 2021

RLI INSURANCE COMPANY

/s/_____ Dustin M. Paul _____

Dustin M. Paul (VSB No.: 75287)
Jennifer L. Eaton (VSB No.: 87491)
Vandeventer Black LLP
101 W. Main Street, Suite 500
Norfolk, VA 23510
Phone: 757-446-8600 / Facsimile: 757-446-8670
dpaul@vanblacklaw.com
jeaton@vanblacklaw.com

*Attorneys for Plaintiff RLI Insurance Company*

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on Wednesday, June 23, 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Christopher M. Okay
Chris Okay, Attorney at Law
117 South Lewis Street, Ste. 218
Staunton, VA 24401
chrisokay@icloud.com

Carl A. Anderson
Rock Spring Law Group, PLLC
2000 Pennsylvania Ave. NW
Washington, DC 20006
caa@rockspringlaw.com

John M. Shoreman
McFadden & Shoreman
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
202-772-3188
Fax: 202-204-8610
Email: jmshoreman@verizon.net

Mario Bernard Williams
NDH LLC
44 Broad Street, NW, Suite 200
Atlanta, GA 30303
404-654-0288
Fax: 404-592-6255
Email: mwilliams@ndh-law.com

/s/ Dustin M. Paul

4852-9238-1168, v. 1