# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| RLI INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 5:18-cv-66-MFU-JCH |
| ) | |
| NEXUS SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANTS' OPPOSITION TO MOTION FOR CONTEMPT AGAINST DEFENDANTS and MOTION TO COMPEL ATTENDANCE AT MOTION FOR CONTEMPT HEARING

Defendants, NEXUS SERVICES, INC., LIBRE BY NEXUS, INC., and HOMES BY NEXUS, INC. (collectively, "Nexus"), hereby opposes the Motion for Contempt Against Defendants (ECF 684) and Motion to Compel Attendance at Motion for Contempt Hearing (ECF 686) filed by Plaintiff, RLI INSURANCE COMPANY ("RLI"). RLI's collection counsel is requesting that Nexus produce post-judgment discovery in aid of collection that is duplicative of what has already been (and is being) provided to RLI (a) in pre-judgment discovery, and (b) in ongoing post-judgment injunctive relief, as previously ordered by this Court (Section C of ECF No. 584) (the "Injunctive Order.")

The Injunctive Order requires Nexus to provide, on a monthly basis, all books and records—*in great detail*—that pertain to its financial status, which process is being overseen by the Court's appointed Special Master. This process of real time financial reporting is a near perfect overlap to RLI's efforts here in aid of collection of its damages award. Thus, RLI's collection counsel already has access to all the financial information they seek in post-judgment collection (i.e., bank statements, accounts receivables, debts, vendor invoices.) Nexus has even

established an online platform where thousands of pages of information are organized by bank account, month, description and invoice and liability. RLI's collection counsel continues to assert that nothing is being provided when the opposite is true. Nexus has produced thousands of pages and documents responsive to their requests and is in compliance with the Court's Order here (ECF No. 665).

***The Burden to repeat and explain production is not on Defendants***

Plaintiff asserts that "Defendants alone have the burden to comply with RLI's post-judgment discovery, and they cannot shift the time-consuming and costly burden to RLI to sift through previous productions to check for compliance." Motion ECF No. 685 at p. 3. Plaintiff cites no precedent for this dubious assertion, nor can it. Defendants can find no such caselaw nor Federal rule that requires a party to "locate" a previously produced document for the convenience of opposing counsel. Indeed, the very fact that Plaintiff admits that such an effort requires searching for a 'needle in the haystack' only supports Defendants position that Defendants have already produced a massive amount of responsive documents. Plaintiff now seeks extreme sanctions against Defendants effectively for producing *too many* responsive documents; it is hardly surprising that Plaintiff fails to cite any support behind this novel proposition.

Nexus continues to assert that there is no reasonable interpretation of Fed. Civ. P. Rules 26(c)(3) and 37(a)(5) whereby a judgment-debtor may be compelled to produce financial information that is already in the possession of a judgment-creditor. The relevant documents are readily accessible to RLI by reference to simultaneous disclosures in related proceedings in the same case. On the other hand, Nexus cannot produce documents that it does not have in its possession nor has direct access. Nexus has responded to these immediate requests in the past

and continues to provide voluminous monthly productions of detailed financial information which now RLI's collections counsel has access. Nexus's production is organized and deliberate and showcases the substantial compliance with the Court's Order.

Further, since the filing of its motion, RLI's collections counsel now benefits from an additional month's worth of detailed financial records responsive to its requests. These records are the most current financial records from the past 30 to 60 days. RLI has not been unfairly precluded from obtaining information that is likely to advance its collection efforts as it asserts. Nexus is complying with the Special Master process.

### *RLI has not been harmed by Nexus*

RLI alleges that it is unfairly precluded from obtaining information that is likely to advance its collection efforts. But, as discussed above, RLI cannot be said to be "precluded" from obtaining Nexus's financial information when RLI is already in possession of a "haystack" of such information. Nexus has complied with the post-judgement discovery in good faith without any improper conduct. Any contempt order against the Defendants is premature and would be a miscarriage of the judicial process given Nexus's substantial compliance with the Court's Order.

### *RLI's requests for relief are extreme and unavailable*

*Adverse Inference Finding*

First, RLI requests that the Court issue an adverse inference ruling that Nexus is deemed a sham corporate entity *as a matter of law* and that Nexus's shareholders must be deemed personally liable for the immediate judgment against Nexus. While RLI concedes that this is an extreme remedy, they argue that it is appropriate here because this is "undoubtedly" an "exceptional circumstance." To support this position, RLI cites to a single precedent, *Sky Cable,*

*LLC v. Coley,* 2016 U.S. Dist. LEXIS 93537 (W.D. Va. July 18, 2016). Yet, all the *Sky Cable* case highlights is how truly egregious a creditor's conduct must be before warranting the extraordinary remedy RLI seeks here.

In *Sky Cable*, the judgment creditor didn't run a legitimate business, it collected programming revenue intended for DIRECT TV and unlawfully pocketed it for itself; it was nothing more than a scam (in contrast to Nexus, the legitimate business with whom RLI elected to enter into a business relationship.) ("Effectively, the corporation must be a sham and exist *for no other purpose* than as a vehicle for fraud." *Sky Cable* at *13 (emphasis added)). Then, following an adverse judgment, the creditor failed to respond at all to the discovery in aid of execution (in contrast to the volumes of documents produced for RLI here.)  Then, the creditor gave conflicting testimony under oath about the flow of his monies and produced fraudulent and backdated documents pertaining to an LLC that he owned. It was also determined—in fact, not by presumption—that the LLC was comingling the creditor's personal funds including the proceeds of his fraud, the very subject of the judgment. From these set of rather extreme facts, the *Sky Cable* court reverse-pierced the LLC and considered it an alter ego of the individual creditor for purposes of collection of the judgment.

More importantly, though, the very holding of *Sky Cable* is inapposite to RLI's request here. *Sky Cable* does not rely upon an irrebuttable presumption of a sham entity based upon the non-production of post-judgment discovery, as RLI seeks. That court found actual fraud, actual civil contempt, an actual sham entity, and actual deception under oath. ***That*** is the bar for establishing an adverse inference, and it is clearly not met here, where Nexus has acted in good faith, is a legitimate company, and has actually produced a multitude of documents responsive to RLI's requests.

*Order to compel attendance*

For these reasons, RLI is also overreaching by asking the Court to compel the attendance of the individual owners of Nexus when Nexus is represented by counsel and such individuals are not parties to this judgment. RLI can attempt to use the post-judgment discovery procedures to subpoena these third-party individuals or even attempt to depose them; there is no grounds to compel them to appear personally before the Court as a means of harassment or humiliation. Notably, RLI cites no such case that would support such an extreme remedy, especially under the circumstances at bar.

## CONCLUSION

RLI presents inadequate grounds for the imposition of sanctions under these circumstances. To require Nexus to duplicate its efforts in producing the same information simply because RLI's various law firms refuse to coordinate their efforts is unreasonable and unfair. To alleviate any allegations to the contrary, Nexus has provided RLI's collections counsel with the most up to date detailed financial records since the October 23, 2020, Order.

Any broad contempt Order that would include an adverse-inference finding claiming to show the Defendant's lack of adherence to corporate formalities and other indicia establishing any unity of identity and interests between and among the Defendants, Entities and members would be improper. Nexus has produced voluminous detailed financial records, yet RLI's collections counsel has only reviewed a small example of them and claims that Nexus is hiding financial transactions or failing to keep detailed financial records. Nexus has produced legitimate corporate expenses and the opposite it true.

RLI's Collections counsel have failed to show that any corporate entity has co-mingled corporate financial transactions with personal transactions. Nexus has provided thousands of

pages of detailed financial records and RLI is unable to demonstrate that the companies are "piggy banks" for personal expenditures as they claim. The opposite is true. Therefore, the extreme remedy of any adverse-inference against Nexus or the respective parties is unwarranted given that RLI has failed to fully review the record of detailed financial records and demonstrate that the actions here demonstrate exceptional circumstances as they claim.

Given the failure of RLI's Collection counsel to fully examine the detailed financial records provided to them, it is premature to request the Court to order anyone to appear at the Motion for Contempt hearing for testimony.

WHEREFORE, Nexus respectfully requests that the Motion to Contempt and Motion to Compel Attendance at Motion for Contempt Hearing be denied in its entirety.

Respectfully submitted this 7th day of July 2021.

/s/ CHRISTOPHER M. OKAY
Christopher M. Okay

Christopher M. Okay (VSB #35611)
Chris Okay, Attorney at Law
117 South Lewis Street, Suite 218
Staunton, Virginia 24401
(540) 466-3130
chrisokay@icloud.com

/s/ CARL A. ANDERSON
Carl A. Anderson

Carl A. Anderson
Rock Spring Law Group, PLLC
2000 Pennsylvania Ave, NW
Washington, DC 20006
Tel: (202) 258-2776
caa@rockspringlaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed via CM/ECF, which will send a notification of such filing to all counsel of record.

Respectfully submitted this 7th day of July 2021,

/s/ CARL A. ANDERSON
Carl A. Anderson

Carl A. Anderson
Rock Spring Law Group, PLLC
2000 Pennsylvania Ave, NW
Washington, DC 20006
Tel: (202) 258-2776
caa@rockspringlaw.com

*Counsel for Defendants*