**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division**

| | |
|---|---|
| RLI INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 5:18CV00066-MFU-JCH |
| ) | |
| NEXUS SERVICES, INC., ) | |
| LIBRE BY NEXUS, INC., ) | |
| HOMES BY NEXUS, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**RLI'S CONSOLIDATED REPLIES IN SUPPORT OF ITS MOTION FOR CONTEMPT
AGAINST DEFENDANTS, MOTION TO COMPEL ENTLEST BRANDS, INC., AND
<u>MOTION TO COMPEL ATTENDANCE</u>**

Defendants, and their associated entities, are consistent—regardless of the Court's orders and rules, each of them consistently refuses to participate in post-judgment discovery. The latest briefings are no exception. Defendants are in contempt and their arguments are misleading, intended to delay, and entirely without merit, which only reinforces the need to compel the attendance of their members at any upcoming hearings. Accordingly, and for the reasons set forth in RLI's moving papers and herein, RLI's pending motions should be granted.

**ARGUMENT**

**I.   Defendants are in contempt for failure to comply with the Court's Order.**

Defendants have willfully chosen to disregard this Court's Order. Dkt. No. 665. The record is clear. The non-compliance is astounding. Nothing in Defendants' Opposition to the Motion for Sanctions (Dkt. No. 689) even materially seeks to dispute their uncontested non-

1

compliance. Nor could they, insofar as their utter failure to comply is apparent simply on the face of their deficient discovery responses.

As an example, Interrogatory No. 3 asked:

> 3. Identify the nature, amount, and basis for any compensation, benefit, loan, distribution, or other financial transfer to a Member (or to the benefit of a Member) in the past 36 months.

Dkt. No. 651-1 at 3. In their initial response, Defendants flatly rejected answering the inquiry and simply pointed to the mass of documents that had been, and purportedly would be, produced:

> 3. Information responsive to this interrogatory has already been produced in response to Plaintiff's previous pre-judgment and/or post-judgment discovery requests, and/or has already been produced pursuant to the District Court's Order that Nexus provide RLI with real-time share-drive access to its Quickbooks, Lightspeed, and other financial databases, bank account statements, credit card statements, accounts payable reports, KPI reports, general ledger data (including receipts and disbursements, financial statements, balance sheets, and profit and loss statements), to the extent Nexus maintains such reports and information.
>
> Additionally, attached to this Response as Attachment A is Nexus's Employee Earnings Record for 2021, which report includes updated information about compensation, benefit, loan, distribution, or other benefit(s) to Members.

Dkt. No. 658-1 at 3. Calling this, and other answers, "wholly inadequate," the Court, on May 27, 2021, ordered that Defendants were required "to respond with specificity and particularity." Dkt. No. 665 at 1. The Court further explained that:

> "[i]f Defendants take the position that they have already provided some or all of this discovery to Plaintiff, they must identify, for each interrogatory and request for production individually, what responsive information has previously been produced. Defendants must identify this prior discovery with specificity and

2

particularity, noting what information and/or documents were produced, the specific prior discovery request(s) in response to which the information and/or documents were produced, the specific prior discovery request(s) in response to which the information and/or documents were produced, the Bates numbers of previously produced documents, and the date of production, as applicable.

Dkt. No. 665 at 1-2.

Thereafter, in their Second Consolidated Response to RLI's First Set of Post-Judgment Interrogatories and Requests for Production dated June 17, 2021, Defendants purported to answer, *inter alia*, Interrogatory No. 3 again. But nothing substantively changed in their response; in fact, they still did not answer the question posed, and they still did not identify, with the requisite specificity and particularity, where RLI was supposed to find the responsive information:

> 3. In response to this item, concurrent with this response, Nexus has provided access to RLI's counsel, Vandeventer Black LLP, real-time cloud-based access to information pertaining to Nexus's financial status, including its Quickbooks, Lightspeed, NetSuite, and other financial databases, bank accounts, credit card statements, reports, invoices, and other related records bearing on Nexus's financial position. As for historical information responsive to this request, such information has been and will continue to be included in the detailed financial production provided to RLI in the ongoing Special Master process. RLI last received an update as to Nexus's financial records on June 7, 2021, and Nexus contemplates that it will continue to provide updates of such financial information on a monthly basis going forward, in accordance with the Court's Order. All payroll and other accounting transfers responsive to this interrogatory are included with the cloud file provided concurrent to this item and in the Special Master production process.
>
> Moreover, historical information responsive to this interrogatory was further produced in response to Plaintiff's previous pre-judgment and/or post-judgment discovery requests. Nexus does not have access to the specific date or dates that such production(s) occurred because most of these prior productions were produced through

> shared drives and/or other similar access that did not result in Bates Stamped production sets that can be referenced.

*See* Dkt. No. 685-1 at 2-3.

Little more needs to be said as to Defendants' non-compliance. They neither answered the question posed nor complied with the Court's Order. Nearly all of Defendants' interrogatory responses suffer from the same flaw—they do not answer the question posed nor point to specific documents where the responsive information can be found. *Id.* at 2-14. Defendants' responses to the Request for Production of Documents suffer from the same flaws. *Id*. at 14-28.

In their opposition to RLI's Motion for Contempt against them, Defendants erroneously assert that "[t]he Burden to repeat and explain production is not on Defendants." Dkt. No. 689 at 2. This assertion defies the Court's Order, as well as the Rules of Civil Procedure,[1] which lay out specific discovery obligations, which the Defendants have come nowhere close to meeting. This Court's Order required the Defendants to respond to post-judgment discovery "with specificity and particularity." Dkt. No. 665 at 1. The Defendants boldly ignored this mandate and instead referred generally to all of their prior productions and have since continued to double down on their contemptuous behavior by acting as though they have complied with the Court's mandate. *See* Dkt. No. 689.

Defendants are in contempt. They have not acted in good faith, and they continue to belittle and abuse the discovery process. As Defendants' delays and the motions practice necessitated by Defendants' conduct continue, RLI is unfairly precluded from obtaining complete and accurate

---

[1] *See, e.g., Sines v. Kessler*, 2020 U.S. Dist. LEXIS 223168, at *29 (W.D. Va. Nov. 30, 2020) (citing the Court's Motion to Compel Order relying on Rules 33 and 34).

information that is likely to advance its collection efforts and is incurring unnecessary, ongoing additional costs and expenses.

RLI knows that Defendants are not providing complete and accurate information because it has received piecemeal information from other, non-party sources which contradicts the narrative being portrayed by Defendants.  For instance, in describing their shareholder loans, Defendants are representing to the IRS that Nexus Properties LLC was owned by Nexus Services, Inc., despite recent sworn affidavits to the contrary, and Defendants have made countless suspicious transactions between and amongst the entities and their members. **Exhibit 1** (collecting examples).  These and related documents were not produced by Defendants—they are absent from their productions.

Non-party subpoenas do not provide RLI with a holistic picture of the Defendants' financial status and only raise more questions regarding their lack of corporate formalities and comingling of funds questions which Defendants are required by law and Order of this Court to answer.  As parties to this litigation, Defendants are subject to post-judgment discovery whether they like it or not.  Yet Defendants continue to refuse to comply with this Court's orders.

Because Defendants will not comply with the Court's Order and have repeatedly failed to cooperate in the discovery process by not producing full and complete records or interrogatory responses to the post-judgment discovery, RLI renews its request for adverse inference findings against Defendants.  Such remedy is warranted because of Defendants' flagrant disregard for the discovery process, deception, and lack of corporate formalities. As much as Defendants want to distance themselves from *Sky Cable LLC v. Coley,* 2016 U.S. Dist. LEXIS 93537 (W.D. Va. July 18, 2016), they cannot.  Their contemptuous behavior, deception, and contradictory sworn

testimony makes this case very much like *Sky Cable*, and Defendants present no facts to the contrary. *See* Dkt. No. 689 at 4-5.

Defendants are not above the Rules, and they surely are not above the Order of this Court. Defendants should be held in contempt, the Court should make adverse inference findings against Defendants, and RLI should be entitled to recover its attorneys' fees for the ongoing motions practice—and those fees should be assessed not only against Defendants, who have repeatedly demonstrated an inability to satisfy its obligations to RLI, but also against the "attorney advising that conduct" just as Rule 37 requires.

## II. Defendants failed to present a timely or meritorious opposition to the Motion to Compel Entlest Brands, Inc.[2]

The time for opposing RLI's Motion to Compel Entlest Brands has long passed. Defendants' last-ditch efforts to oppose the motion are untimely, lack merit, and only further delay RLI's relief.

On March 30, 2021, RLI properly effected service of its non-party subpoena *duces tecum* upon Entlest (the "Subpoena"), but Entlest did not produce any documents, serve any objections, or file any responsive motion to the Subpoena, either by its deadline of April 19, 2021, or at any time thereafter. *See* Dkt. Nos. 668, 668-1, 668-2. Even upon RLI's filing of the underlying motion on June 3, 2021, neither Entlest nor the Defendants took action to challenge the motion during the briefing schedule. It was only on July 8, 2021, after the time for briefing the Entlest Motion to Compel had passed, that Defendants took any action. Dkt. No. 691.

---

[2] Counsel for Defendants, Mr. Okay, suggests that Entlest documents are in the process of being produced, possibly today. Despite request, he has not confirmed whether he is representing Entlest and what, if any, documents will be produced is unknown.

Notably, Entlest, itself, still has not filed any response. Instead, Defendants try to argue the issue on behalf of Entlest. Such attempts should be rejected. *See, e.g., United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005) ("Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena.").

Despite having notice and an opportunity to challenge the document subpoena before and after the Motion to Compel, Defendants use their untimely opposition as a delay tactic to stall RLI's relief and further stonewall access to relevant records. In their belated response, Defendants claim that RLI's Motion to Compel should be denied because Defendants were not given sufficient notice of the subpoena. *See* Dkt. No. 691 (repeatedly claiming that "there was <u>not proper CM-ECF service of Notice or a copy of the subpoena by Plaintiff upon Defendants</u> before it was served upon Entlest Brands, Inc.") (emphasis in original).

Defendants do not cite any authority that a Notice of Subpoena must be filed on the electronic docket. The closest they come is to cite to general statements in this Court's local rules that documents must be filed electronically, not in paper. But to the contrary of their position, F.R.C.P. 5(d)(1)(a) provides that requests for documents like subpoenas "must not be filed until they are used in the proceeding or the court orders filing." At issue in this case was a request for documents under Rule 34(c) and Rule 45. RLI's only procedural requirement was to provide actual and timely notice of the Subpoena to Defendants' counsel, which RLI provided. *See Cox v. German Kitchen Ctr. LLC*, No. 17-CV-6081 (GBD) (KNF), 2020 U.S. Dist. LEXIS 160418, at *26-27 (S.D.N.Y. Sep. 2, 2020) (finding the transmission of a notice of subpoena by email met the requirements of Rule 45); F.R.C.P. 5(d)(1)(a).

Further, in this very case, a number of docket entries reflect that none of the parties understood the local rules to require the filing of a "notice of subpoena" with the Court. Numerous filings have been made regarding subpoenas for which no notice was filed was filed on CM/ECF without any concern by Plaintiff, Defendants, or the Court. *See, e.g.*, Dkt. No. 91 (motion to quash 12 bank subpoenas); Dkt. Nos. 188, 194, 195, 199, 207 (objections by non-parties to subpoenas); Dkt. No. 337 (motion to quash regarding Dept. Homeland Security); Dkt. No. 390 (proof of service of subpoena on David Sandoz); Dkt. No. 396 (proof of service of subpoena on Big Marco Insurance and Bonding Service); Dkt. No. 652 (motion to compel Nexus Commercial Ventures, Nexus Properties, and One Fish, Two Fish).

And finally, Defendants' own cited caselaw undermines its very position. Defendants cite *Vannoy v. Fed. Reserve Bank of Richmond*, Case No. 3:13-cv-797, Memorandum Opinion at 4-5 (E.D. Va. 2014). There, however, the court found that "no procedural error took place" where copies of a subpoena were sent *via* regular mail and electronic mail as a courtesy. *Id.* Defendants admit that their counsel was emailed and mailed a copy of the subpoena prior to its issuance upon Entlest, *and* Defendants attach a copy of such notice, which included the subpoena itself. Dkt. No. 691-1. But actual notice is not enough for Defendants. They cling to imaginary procedural hoops to excuse their delay.

Further still, even if there was some procedural requirement to file the notice of subpoena, that hardly explains Defendants' conduct. RLI filed its Motion to Compel on June 3, 2021. Yet, Defendants waited over a month before they filed their belated opposition. Having received actual notice of the subpoena and having waited more than a month after the Motion to Compel was filed, Defendants cannot be heard to complain now there was some technical failure in the subpoena notice that would warrant Entlest's decision to completely ignore the subpoena.

8

Little needs to be said about the belated arguments that the subpoena is too broad or duplicative. Defendants have no standing to make such arguments, and they provide no actual evidence of any burden to Entlest Brands in responding to the subpoena. If any documents had been produced to explain the transactions and relationship—and there has not been—Defendants could have identified such documents in their filing. But they cannot. This is yet another delay tactic of Defendants to avoid explaining their apparently fraudulent transfers.

RLI satisfied its obligation to provide notice of the subpoena, and Defendants admit receiving the notice. Defendants present no articulable reason for failing to timely file an opposition to the Motion to Compel, and to date, no production has been made. The Motion to Compel Entlest Brands, Inc. should be granted, and fees and costs should be awarded.

### III. Attendance of the members is necessary.

Defendants' ongoing behavior underscores the need for attendance of their members at the upcoming hearings on these matters. Defendants' conduct has not been tempered by any actions of this Court to date, including the Court's Order compelling compliance with RLI's post-judgment discovery requests. And Defendants have tried to use the hiring of new counsel—even though prior counsel has not been excused from the case (*see* Dkt. Nos. 680, 681)—as a safe harbor to excuse their contemptuous behavior.

It is within the inherent power of the Court to order representatives of litigants to appear at proceedings. *See*, *e.g.*, *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 654 (7th Cir. 1989) (affirming district court's order forcing company's president to attend a settlement conference). Further, all three individuals are within the jurisdiction of the Court because they all reside in the Western District of Virginia.

Given their established pattern of inappropriate conduct and tactical delays, which have substantially prejudiced RLI and its ability to collect upon the underlying judgment, Defendants' members should be made to personally appear at the hearing on RLI's pending motions. They should be asked to explain why every entity owned by Mr. Moore, Mr. Donovan, and/or Mr. Ajin flouts this Court's orders and the Rules of this Court with abandon.

Accordingly, it is appropriate for the Court to compel the personal attendance of Mr. Donovan, Mr. Moore, and Mr. Ajin at the hearing. The Court should ensure they understand the consequences of their collective actions, and they should participate in the upcoming hearings regarding the failure of their entities to comply with the Court's orders on discovery and otherwise participate in discovery as required under the Federal Rules.

## CONCLUSION

WHEREFORE, for the reasons set forth herein and in its other related briefings, RLI prays that this Court grant its Motion for Contempt Against the Entities, Motion to Compel Entlest Brands, Inc., and Motion to Compel the Attendance of Micheal Donovan, Richard Moore, and Evan Ajin at the upcoming hearings regarding the failure of their entities to comply with the Court's orders on discovery and otherwise participate in discovery as required under the Federal Rules,[3] and for any other relief that the Court deems appropriate including the prayed-for adverse inference instructions and an award of attorneys' fees related to these briefings.

Dated: July 14, 2021

RLI INSURANCE COMPANY

/s/_____Dustin M. Paul_____

---

[3] Also pending before the Court is RLI's Motion for Contempt against Nexus Commercial Ventures, LLC, Nexus Properties, LLC and One Fish, Two Fish, LLC. (Dkt. Nos. 678, 682). Those entities have never filed any response to that Motion and it too should be granted.

Dustin M. Paul (VSB No.: 75287)
Jennifer L. Eaton (VSB No.: 87491)
Vandeventer Black LLP
101 W. Main Street, Suite 500
Norfolk, VA 23510
Phone: 757-446-8600 / Facsimile: 757-446-8670
dpaul@vanblacklaw.com
jeaton@vanblacklaw.com
*Attorneys for Plaintiff RLI Insurance Company*

4845-3443-7105, v. 3