# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| **RLI INSURANCE COMPANY,** ) | |
| Plaintiff, ) | |
| ) | **Civil Action No. 5:18-cv-00066** |
| v. ) | |
| ) | By:   Michael F. Urbanski |
| **NEXUS SERVICES, INC., et al.,** ) | Chief United States District Judge |
| Defendants. ) | |

## ORDER

This matter is before the court on plaintiff RLI Insurance Company's ("RLI") motion for sanctions and the appointment of a receiver under Federal Rule of Civil Procedure ("Rule") 66 or a third party to perform specific acts previously ordered by this court under Rule 70(a). Mot., ECF No. 694. The defendants—Nexus Services, Inc.; Libre by Nexus, Inc.; and Homes by Nexus, Inc. (collectively "Nexus")—oppose the motion and have filed a cross-motion for sanctions for disclosing confidential information in violation of this court's protective order. Mem. in Opp'n and Cross-Mot., ECF No. 703. RLI has filed a reply brief with supporting exhibits. Reply, ECF No. 709. On the morning of August 10, 2021, the date of the hearing set in this matter, Nexus filed another motion for sanctions, this time against RLI and its counsel. Mot. for Sanctions, ECF No. 714. A day-long evidentiary hearing was held on August 10, 2021, at which time each side presented evidence. In addition, the court heard from the Special Master appointed to assist the court on the issue of Nexus's compliance with the injunctive provisions of the October 23, 2020, Order. Order, ECF No. 585.

The current motions before the court reflect months of post-judgment noncompliance by Nexus with the injunctive portions of the October 23, 2020, Order. Nexus has not

1

complied with the October 23, 2020, Order, especially reflected in its abject failure to deposit collateral security with RLI for outstanding immigration bonds issued by RLI for Nexus program participants.[1] As a result, RLI asks the court to appoint a receiver under Rule 66 or an independent third party under Rule 70(a) to marshal Nexus's assets and remit $2.85 million in collateral security to RLI.[2] For its part, Nexus acknowledges its failures to deposit collateral security required by the October 23, 2020, Order, and pledges to deposit 20 percent of its daily gross revenues with RLI until the collateral security provisions of the October 23, 2020, Order are satisfied.[3]

## I.

On October 23, 2020, the court entered its final order in this case, awarding certain relief and striking the case from the active docket of the court. In that order, the court required Nexus to perform three specific acts as part of its award of injunctive relief, including:

- deposit $2.4 million with RLI by December 1, 2020, to be held as collateral security ("the collateral deposit" or § A.1. of the October 23, 2020, Order);

- pay RLI, as additional security, the penal sum of each bond for which a notice to deliver ("NTD") has issued within 48 hours of Nexus's receipt thereof ("the additional security" or § A.2. of the October 23, 2020, Order); and

- provide RLI with regular access—ranging from daily to monthly—to all records pertaining to RLI's bonds and bond principals ("bond records" or §§ C.1. and C.2.

---

[1] For a summary of the tumultuous relationship between RLI and Nexus, see the Memorandum Opinion entered on October 23, 2020. Mem. Op., ECF No. 584.

[2] This figure includes the $2.4 million in collateral security Nexus was required to deposit with RLI by December 1, 2020, under § A.1. of the October 23, 2020, Order, and additional collateral security of $447,500 for Nexus program participants for whom the government has issued a Notice to Deliver under § A.2. See Aug. 10, 2021, Hr'g, Pl.'s Ex. 2.

[3] Nexus's pledge was first announced at a status conference on July 15, 2021, and Nexus offered evidence at the August 10, 2021, evidentiary hearing as to its efforts to meet that pledge. At the evidentiary hearing, both Nexus's President, Micheal Donovan, and its new CFO, Rebecca Wells, reiterated the commitment to pay RLI 20 percent of Nexus's gross daily receipts until the collateral security obligations of the October 23, 2020, Order are satisfied.

> of the October 23, 2020, Order) and Nexus's financial condition ("financial records" or § C.3. of the October 23, 2020, Order) (collectively "books and records access").

Order, ECF No. 585.[4]

Nexus did not meet the court-ordered deadline of December 1, 2020, for the deposit of collateral security. On December 8, 2020, RLI filed a motion for an order to show cause as to why the defendants should not be held in contempt for failure to comply with the October 23, 2020, Order. Mot. for Show Cause Order, ECF No. 607. On April 13, 2021, finding it clear from the parties' briefing and the court's related hearing that Nexus was not complying with the October 23, 2020, Order, the court appointed a Special Master to facilitate Nexus's compliance. Order Appointing Special Master, ECF No. 654.

The court held a status conference on July 15, 2021, to discuss the first two reports issued by the Special Master. The Special Master's reports explained that while Nexus made some effort to provide books and records access, it largely ignored the collateral security deposit and additional security provisions of the October 23, 2020, Order. See First Report of the Special Master, ECF No. 662; Second Report of the Special Master, ECF No. 693. On the

---

[4] While the October 23, 2020, Order has been appealed, the Fourth Circuit Court of Appeals declined to stay the order during the pendency of the appeal. Order Denying Stay, RLI Insurance Co. v. Nexus Services, Inc., et al., No. 20-2253 (4th Cir. Feb. 8, 2021), ECF No. 22. "Generally, a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal. Although a district court may not alter or enlarge the scope of its judgment pending appeal, it does retain jurisdiction to enforce the judgment." Springs v. Ally Fin. Inc., 657 F. App'x 148, 151 (4th Cir. 2016) (unpublished) (internal quotation marks and citations omitted) (concluding that the district court had jurisdiction to order party to comply with the original protective order); see also U.S. Commodity Futures Trading Commission v. Escobio, 946 F.3d 1242, 1251 (11th Cir. 2020) (per curiam) ("[A]n appeal does not automatically stay the enforcement of a judgment. A party can move to have the judgment stayed upon appeal. [The defendant] did so—and his motion was denied. Absent entry of a stay, a district court retains jurisdiction to enforce its judgment—via contempt or other means—during the pendency of an appeal."). Thus, the court has jurisdiction to consider the motions concerning the enforcement of the injunctive relief provisions of the October 23, 2020, Order.

morning of July 15, 2021, just prior to the status conference held that day, RLI filed a motion to appoint a third party to perform specific acts pursuant under Rule 70(a). Mot., ECF No. 694. The court gave Nexus an opportunity to respond and set an in-person hearing for August 10, 2021. New counsel appeared for Nexus at the July 15, 2021, status conference who professed a renewed commitment on behalf of Nexus to comply with the October 23, 2020, Order. To that end, counsel for Nexus announced that it was prepared to tender to RLI 20 percent of its revenues on a daily basis to satisfy the collateral security and additional security requirements of the October 23, 2020, Order.[5] At the July 15, 2021, status conference, the court, noting that appointment of a receiver remained an option, emphasized that the August 10, 2021, hearing represented the last chance for Nexus to avoid the imposition of that extraordinary remedy. Between the July 15, 2021, status conference and the evidentiary hearing on August 10, 2021, the court received additional briefing from both parties and a third report from the Special Master.

## II.

Federal courts have the inherent authority to hold parties in civil contempt for violating court orders. See Redner's Mkts., Inc. v. Joppatowne G.P. LP, 608 F. App'x 130, 131 (4th Cir. 2015) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt.") (quoting Shillitani v. United States, 384 U.S. 364, 370 (1966)). Rule 70(e) also authorizes federal courts to hold disobedient parties in contempt. Fed. R. Civ. P. 70(e). "A court may impose sanctions for civil contempt to coerce obedience

---

[5] Counsel indicated that RLI could choose whether the collateral security payments be credited to the requirement that $2.4 million be deposited under § A.1., or the additional security requirement under § A.2. of the October 23, 2020, Order.

4

to a court order or to compensate the complainant for losses sustained as a result of the contumacy." Joppatowne G.P. LP, 608 F. App'x at 131 (quoting Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 821 (4th Cir. 2004)). "The appropriate remedy for civil contempt is within the court's broad discretion." Joppatowne G.P. LP, 608 F. App'x at 131 (citing Cromer, 390 F.3d at 822); see also Rainbow School, Inc. v. Rainbow Early Educ. Holding, LLC, 887 F.3d 610, 617 (4th Cir. 2018).

In order to find a party in civil contempt, the moving party must show: (1) the existence of a valid court order, (2) the order was in the moving party's favor, (3) a knowing violation of the terms of the order, and (4) the moving party suffered harm from the violation. See Consumer Fin. Protection Bureau v. Klopp, 957 F.3d 454, 461 (4th Cir. 2020); see also United States v. Ali, 874 F.3d 825, 831 (4th Cir. 2017) (same). If these elements are satisfied, the burden shifts to Nexus "to show good faith [in making] all reasonable efforts to comply with the enforcement order" to avoid being held in civil contempt. Klopp, 957 F.3d at 461–62 (citing Ali, 874 F.3d at 831).

## III.

Nexus has failed to comply with the October 23, 2020, Order as regards the deposit of $2.4 million in collateral security by December 1, 2020, and the payment of additional security for Nexus program participants within 48 hours of the government's issuance of a Notice to Deliver. Nexus has paid a small fraction of the collateral security ordered on October 23, 2020. See Am. Special Master's Third Report (Part I), ECF No. 713, at 2–4; Aug. 10, 2021, Hr'g, Pl.'s Ex. 1. Most of this money has been tendered in the past few weeks, after the court told Nexus that it had one last chance to avoid appointment of a receiver. Nexus concedes that it

has not complied with the collateral security and additional security requirements, claiming instead that "it could not comply with the collateral security requirements of the Order without a payment plan or some other means to provide the collateral security to RLI." Mem. in Opp'n and Cross-Mot., ECF No. 703, at 8. While Nexus has claimed financial hardship due to the pandemic, the immigration policies of the former administration, and RLI's efforts to collect on the money judgment aspect of the October 23, 2020, Order,[6] RLI offered evidence that Nexus had monthly revenues exceeding $1 million, totaling more than $16 million since the entry of the October 23, 2020, Order. Mot., ECF No. 694, at 3; see Aug. 10, 2021, Hr'g, Pl.'s Ex. 6.

Moreover, although Nexus has made some effort to provide RLI monthly access to all the relevant financial records bearing on its financial position, as required by § C.3. of the October 23, 2020, Order, see Special Master Third Report (Part III), ECF No. 712, at 2–9, the information provided by Nexus has been incomplete. Indeed, RLI recently learned that Nexus began using certain financial programs, including Melio, Airbase, Stampli, American Spirit, and Fluid Pay, but did not identify its use of these programs to RLI for its monthly document review. As the court stated at the August 10, 2021, hearing, the provisions of the October 23, 2020, Order requiring Nexus to provide to RLI "any other documents requested [by] RLI bearing on Nexus's financial position," was intentionally broad so that, on a monthly basis, RLI would have a clear picture of Nexus's financial condition. Even as of yesterday's hearing, Nexus's new CFO could not state whether Nexus was operating at a profit or loss. Section

---

[6] The October 23, 2020, Order awarded $3,331,197.55 in damages to RLI for Nexus's breach of the Indemnity Agreement, and the Order directed the clerk to issue a judgment in that amount.

C.3. of the October 23, 2020, Order was intended to eliminate the murkiness in Nexus's financial condition, and Nexus's failure to fully apprise RLI of how it manages its finances has perpetuated the lack of clarity as to Nexus's financial position. In other words, while Nexus has provided some financial information, its compliance with the October 23, 2020, Order has been incomplete.

RLI suffers harm from Nexus's noncompliance. The court's collateral security, additional security, and financial records requirements are all aimed at protecting RLI from financial risk. RLI also continues to incur legal fees and costs to gain compliance. RLI's continued exposure to risk and its ongoing costs to secure the remedies granted it by the October 23, 2020, Order constitute harm. Accordingly, the court finds that Nexus has failed to comply with the collateral security, additional security, and financial records requirements—§§ A.1., A.2., and C.3.—of the October 23, 2020, Order.

Thus, the burden shifts to Nexus to demonstrate that it has in good faith made all reasonable efforts to comply. The court finds that Nexus made good faith efforts to satisfy the financial records requirement, or § C.3, of the October 23, 2020, Order. With new counsel and a new CFO, Nexus's efforts have been enhanced since July 15, 2021. The Special Master stated that Nexus's monthly financial production is now "massive," and described that Nexus recently has engaged with RLI in several bilateral reviews of Nexus's financial records. To be sure, it is troubling that gaps remain in Nexus's financial picture and that Nexus has been less than forthcoming as regards the financial software, portals, and programs it employs. However, the court does not believe that Nexus is operating in bad faith, particularly given the renewed focus on compliance exhibited by Nexus and its new counsel.

However, the court cannot find that Nexus has in good faith made all reasonable efforts to comply with the collateral security and additional security requirements. Rather, for many months, Nexus simply ignored those court ordered obligations. Although required to do so by December 1, 2020, Nexus made no collateral security deposits of any substance prior to May 25, 2021. See Am. Special Master's Third Report (Part I), ECF No. 713, at 2. While Nexus asserts that it does not have the funds to pay the required deposit of collateral security at one time, it offered no evidence of its inability to pay aside from the generalized testimony of its President, Michael Donovan, regarding the decline Nexus's revenues due to the pandemic, changes in immigration policy, and RLI's collection efforts, particularly during the 2020 holiday season. Nexus made no effort to counter the evidence submitted by RLI that Nexus had monthly gross receipts of more than $1 million during 2021. Accordingly, the court finds Nexus in contempt for failing to make the payments in compliance with §§ A.1. and A.2. of the October 23, 2020, Order.

## IV.

Upon finding Nexus in contempt, the court must consider the appropriate remedy. RLI requests sanctions and the appointment of a receiver or other third party to obtain compliance. The Federal Rules of Civil Procedure provide for the appointment of third parties to execute compliance should a party fail to do so. Rule 70 provides federal district courts with the authority to appoint a third person to perform specific acts in order to enforce a judgment, explaining:

> If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done—at the

> disobedient party's expense—by another person appointed by the court. When done, the act has the same effect as if done by the party.

Fed. R. Civ. P. 70(a). Rule 66 acknowledges the court's inherent authority to appoint receivers and provides:

> These rules govern an action in which the appointment of a receiver is sought or a receiver sues or is sued. But the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule. An action in which a receiver has been appointed may be dismissed only by court order.

Fed. R. Civ. P. 66. Nexus argues that Rule 70 is an inappropriate tool for continuously seizing assets in the way that RLI desires, as Rule 70 contemplates specific actions rather than ongoing duties. The court agrees. The remedy RLI seeks is that of a receiver.

"The appointment of a receiver is an extraordinary remedy that should be employed with the utmost caution and granted only in cases of clear necessity to protect plaintiff's interests in the property." Wilmington Trust v. Homes4Families, LLC, No. DKC 19-1896, 2019 WL 5787985, at *3 (D. Md. Nov. 6, 2019) (quoting 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2983 (3d ed. 2021)). "Neither the Supreme Court nor the Fourth Circuit has provided a concrete list of factors for courts to weigh in considering whether to appoint a receiver." LNV Corp. v. Harrison Family Bus., LLC, 132 F. Supp. 3d 683, 689 (D. Md. 2015). However, other federal courts commonly consider: (1) fraudulent conduct on the part of the defendant; (2) the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; (3) the inadequacy of the available legal remedies; (4) the probability that harm to plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment; and (5) the plaintiff's probable success in the action—a point not at issue here—and the possibility of irreparable injury to its

property interests. See, e.g., Wilmington Trust v. Homes4Families, LLC, No. DKC 19-1896, 2019 WL 5787985, at *3 (D. Md. Nov. 6, 2019) (quoting 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2983 (3d ed. 2021)).

While the court finds Nexus in civil contempt for failing to deposit the collateral security and additional security required by §§ A.1. and A.2. of the October 23, 2020, Order, it is not going to order the appointment of a receiver at this time. To be sure, Nexus has not deposited the collateral security as required. But it has, since July 15, 2021, committed to paying 20 percent of its daily gross revenues to RLI towards the collateral security and additional security provisions of the October 23, 2020, Order. Nexus has pledged to set up a system through a merchant pay program to automatically deposit with RLI 20 percent of Nexus's gross revenues on a daily basis. Because Nexus has indicated that it is paying RLI 20 percent of its gross revenues towards the collateral security and additional security requirements of §§ A.1. and A.2. of the October 23, 2020, Order, and will do so automatically in the future until these requirements have been met in full, the court does not believe that the extreme remedy of appointment of a receiver is warranted at this time. Rather, the court **TAKES UNDER ADVISEMENT** RLI's request for appointment of a receiver for 60 days to see if Nexus follows through on the promised payments.

RLI has incurred additional legal fees and expenses to remedy Nexus's contempt. As a contempt sanction, the court will require Nexus to pay RLI's reasonable legal fees and costs, upon approval of the court, for post-judgment efforts to compel Nexus's compliance with the October 23, 2020, Order. RLI is **DIRECTED** to submit a statement of its fees and expenses within 30 days.

**V.**

There is no merit to either of Nexus's motions for sanctions, ECF Nos. 703 and 714, as RLI and its counsel did not violate the court's protective order, and RLI was well within its rights in seeking enforcement of the October 23, 2020, Order. As such, Nexus's motions for sanctions are **DENIED**.

**VI.**

For these reasons, the court (1) finds Nexus in civil contempt for failure to comply with §§ A.1. and A.2. of the October 23, 2020, Order; (2) **TAKES UNDER ADVISEMENT FOR 60 DAYS** RLI's request for appointment of a receiver; and (3) **GRANTS** RLI's request for legal fees and costs as a contempt sanction. As such, RLI's Motion to Appoint Receiver and for Sanctions, ECF No. 694, is **TAKEN UNDER ADVISEMENT in part** and **GRANTED in part**. Nexus's motions for sanctions, ECF Nos. 703 and 714, are **DENIED**.

It is so **ORDERED**.

Entered: August 12, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.08.12 09:30:40 -04'00'

Michael F. Urbanski
Chief United States District Judge