IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| RLI INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>v.<br><br>NEXUS SERVICES, INC., *et al.*,<br><br>   Defendants. | Case No.: 5:18-cv-00066-MFU |

**REPLY IN SUPPORT OF APPLICATION FOR REASONABLE LEGAL FEES, COSTS, AND EXPENSES RESULTING FROM RLI'S POST-JUDGMENT EFFORTS TO COMPEL NEXUS' COMPLIANCE WITH THE OCTOBER 23, 2020 ORDER**

Plaintiff RLI Insurance Company ("RLI"), by counsel, and in accordance with Local Rule 11(c), hereby submits this Reply in further support of its Application for Reasonable Legal Fees, Costs, and Expenses Resulting from RLI's Post-Judgment Efforts to Compel Nexus' Compliance with the October 23, 2020 Order ("October 23 Order").

**INTRODUCTION**

As RLI has repeatedly and meticulously demonstrated over the past eleven months, and most recently at the evidentiary hearing on August 10, 2021, Nexus has never come close to complying with its clear and unambiguous obligations under the October 23 Order to provide RLI with collateral security and Nexus' financial books and records. Moreover, since entry of the October 23 Order, Nexus has steadfastly refused to even minimally comply without further Court involvement and costly enforcement proceedings. Indeed, as the Court may recall, Nexus did not provide *any* collateral security or *any* financial books and records whatsoever before the Court appointed a Special Master – approximately *six months* after entry of the October 23 Order – and even then, Nexus refused to provide anything more than *de minimus* compliance (*e.g.*, Nexus (i)

provided its first collateral deposit in the paltry sum of $4,500 in late May 2021, followed by nothing in June 2021; and (ii) for months provided only minimal financial books and records, from databases it subsequently abandoned, while at the same time refusing to disclose the existence of extensive financial databases that Nexus actually uses in its day-to-day operations). Meanwhile, RLI was forced to incur significant legal costs and fees in attempting merely to enforce the plain terms of the October 23 Order. Significantly, all such costs and fees could have been avoided had Nexus simply provided collateral security and books and records as ordered.

Given Nexus' well-established failure to comply with the collateral security and books and records provisions of the Order, RLI requested as a civil contempt sanction that Nexus pay RLI's significant legal costs and fees incurred in attempting to compel Nexus' compliance with those obligations since entry of the October 23 Order. By its Order dated August 12, 2021, the Court expressly found that "Nexus has failed to comply with the collateral security, additional security, and financial records requirements—§§ A.1., A.2., and C.3.—of the October 23, 2020." ECF No. 721 at 7. The Order further expressly acknowledged that RLI has been harmed -- both by increased financial risk and through the legal costs and fees incurred attempting to gain Nexus' compliance -- from Nexus' violations of all three of these injunctive requirements of the October 23 Order. *Id.* In light of these considerations, the Court granted RLI's request for legal costs and fees and, in doing so, made clear that RLI was entitled to its reasonable costs and fees incurred "for post-judgment efforts to compel Nexus's compliance with the October 23, 2020, Order." *Id.* at 10.

In responding to RLI's statement detailing such costs and fees, Nexus, without justification, seeks to be relieved from the vast majority of costs and fees incurred solely from Nexus' continuing, undisputed non-compliance with the October 23 Order. Significantly in this regard, Nexus does not contest the reasonableness of RLI's costs and fees, nor does it endeavor in any meaningful way

to dispute RLI's detailed evidence showing that the claimed costs and fees were, in fact, reasonably incurred as part of RLI's post-judgment efforts to compel Nexus's compliance with the injunctive provisions of the October 23 Order. Instead, Nexus arbitrarily seeks to escape liability for 80% or more of RLI's well-substantiated costs and fees by: (i) advancing a tortured interpretation of the August 12, 2021 Order, which would unjustifiably constrain the scope of costs and fees awarded in contravention of that Order's plain language; (ii) spuriously mischaracterizing the nature and extent of RLI's extensive evidence of its costs and fees incurred; and (iii) suggesting that Nexus – an undisputed habitual contemnor in this Court – should somehow benefit from an earlier order providing for the splitting of Special Master costs between the parties, even though the lengthy and costly Special Master proceedings occurred, and were prolonged, solely due to Nexus' continuing brazen disregard of the October 23 Order. None of Nexus' arguments justifies a reduction in RLI's well-substantiated costs and fees, which should be awarded in total.

Accordingly, RLI respectfully requests that the Court enter an order and judgment in favor of RLI and against Nexus, awarding to RLI legal fees, costs and expenses in a total amount not less than $597,670.47.

## ARGUMENT

The Court's award of the reasonable legal costs and fees resulting from Nexus' extensive and prolonged violations of each aspect of the injunctive relief granted in the October 23 Order is fully within the Court's broad discretionary powers to form appropriate contempt remedies. *See Rainbow Sch., Inc. v. Rainbow Early Educ. Holding LLC*, 887 F.3d 610, 621 (4th Cir. 2018) ("district courts have considerable discretion in awarding attorney's fees."); *In re Gen. Motors Corp.*, 61 F.3d 256, 259–60 (4th Cir. 1995) (awarding expenses related to contemnor's misconduct, along with reasonable costs and fees arising from contempt proceeding).

Moreover, Nexus has failed to demonstrate – or, indeed, even to argue – that any of the requested costs or fees, all of which are fully and adequately supported by detailed and uncontested billing entries and a supporting declaration, are unreasonable.

Accordingly, RLI should be granted all costs and fees set forth in its statement under the plain terms of the August 12, 2021 Order.

### A. Nexus' Proposed Limitation of the Costs and Fees Awarded Under the August 12 Order Conflicts with Its Plain Language

Nexus' principal argument is that the monetary award in the August 12, 2021 Order does not include those reasonable legal fees, costs, and expenses incurred by RLI in attempting to compel Nexus' compliance with paragraph C of the Order, requiring Nexus to provide access to its books and records. This argument ignores and conflicts with the plain language and clear intent of the Order, wherein the Court expressly (i) found Nexus in violation of both the collateral security provisions *and* the books and records requirements of the October 23 Order; and (ii) found that RLI has suffered harm from such violations by, *inter alia*, having to incur legal costs and fees in nearly a year-long pursuit of Nexus' compliance with such requirements. ECF No. 721 at 7. Indeed, in addressing Nexus' clearly established violations, the Court found:

> Nexus's failure to fully apprise RLI of how it manages its finances has perpetuated the lack of clarity as to Nexus's financial position. … [W]hile Nexus has provided some financial information, its compliance with the October 23, 2020, Order has been incomplete. RLI suffers harm from Nexus' noncompliance. … Accordingly, the court finds that Nexus has failed to comply with the collateral security, additional security, and financial records requirements— §§ A.1., A.2., and C.3.— of the October 23, 2020, Order.

Order at 6–7 (emphasis added). The Court thus recognized Nexus' violations of the books and records requirements of the October 23 Order and the harm to RLI resulting therefrom. The Court then proceeded to implement a remedial contempt sanction that included compensation to RLI for that specific harm.

4

To that end, the Order unconditionally granted "RLI's request for legal fees and costs as a contempt sanction," (Order at 11), which request sought recovery for all fees and costs incurred in attempting to secure Nexus' compliance with the October 23 Order. Like RLI's request, the Order in no way limits RLI's recovery to efforts made to enforce one Nexus injunctive obligation over another. Put differently, the Order does not constrain the scope of the contempt sanction awarded to fees, costs, and expenses incurred only in connection with RLI's efforts to compel compliance with the collateral security requirements of the October 23 Order. Rather, it broadly grants RLI its costs and fees reasonably incurred **"for post-judgment efforts to compel Nexus's compliance with the October 23, 2020, Order."** *Id.* at 10 (emphasis added). RLI's post-judgment efforts to compel compliance with the October 23 Order required significant legal costs and fees resulting from Nexus' violations of both the collateral and books and records requirements, which costs and fees fall within the plainly worded scope of the contempt sanction granted.

Further, given the Court's express findings regarding Nexus' non-compliance and the resulting harms to RLI, Nexus' proposed interpretation is non-sensical. It is undisputed that Nexus has inflicted significant additional financial harm upon RLI by refusing to comply with each injunctive provision of the Court's Order, and Nexus has thus been ordered to remedy those harms by reimbursing RLI for the resulting costs and fees incurred. There is simply no basis, in the Order or the underlying facts, to distinguish between and among the costs incurred and ordered to be repaid, all of which resulted solely from Nexus' undisputed non-compliance with the Order.

Accordingly, in light of the Court's findings that Nexus *failed to comply* with its books-and-records obligations and the harms resulting therefrom, and in the absence of an express limitation upon the scope of the contempt sanction, RLI is entitled under the plain language of the August 12, 2021 Order to its reasonable legal fees, costs, and expenses relating to the efforts

expended to compel Nexus' compliance with paragraph C of the October 23 Order, as well as those incurred in pursuing enforcement of Nexus' collateral security obligations.[1]

### B. Nexus Mischaracterizes RLI's Evidence of Costs and Fees Incurred

As noted above, Nexus does not challenge, but rather tacitly concedes, the reasonableness of the fees and related rates encompassed within RLI's submission. In this regard, RLI supported its statement of fees and costs with detailed billing statements meeting all of the requirements for a fee submission, as well as an extensive supporting declaration providing, *inter alia*, further clarification regarding the nature and types of services encompassed within the statement.

Clearly lacking meritorious grounds to challenge RLI's evidence, Nexus has resorted to mischaracterizing RLI's statement of costs and fees with sweeping, inaccurate generalizations, in a baseless effort to persuade the Court to substantially reduce Nexus' liability for the legal costs and fees due to RLI under the plain terms of the August 12, 2021 Order. For instance, Nexus erroneously argues that RLI did not provide sufficient detail to differentiate between the legal fees, costs, and expenses incurred for collateral-related work versus work relating to the books-and-records obligations. Significantly in this regard, as set forth in the preceding section, *supra*, such a distinction is irrelevant and unnecessary given the plain terms of the August 12, 2021 Order. The distinction is also of minimal import given the degree to which enforcement proceedings before both the Special Master and the Court often overlapped.

---

[1] This includes the invoices submitted by Verity, LLC, RLI's forensic accounting expert, whose time and rates were not challenged by Nexus, but which Nexus improperly endeavors to exclude as "irrelevant." Of course, the services provided by Verity were closely connected to RLI's enforcement efforts relating to the books-and-records provisions of the Order, including Mr. Peroutka's involvement in the bilateral review of Nexus' financial databases and related analysis of its books and records, all of which was required by Nexus' dogged recalcitrance.

Moreover, even putting aside the irrelevance of Nexus' proposed distinction, its generalized descriptions of RLI's supporting evidence are entirely inaccurate. RLI's submission is supported by nearly 1,000 detailed billing entries substantiating, *inter alia*, the specific services provided respectively by Watt Tieder and RLI's forensic accountants and the associated amounts of time spent, and fees billed for such services. Plainly unable to support any of its vague criticisms with specific examples, Nexus fails to address even one of the numerous individual time entries. Rather than analyzing any specific entries, Nexus simply brushes aside all of RLI's extensive evidence and concludes, without explanation, that the entries are somehow unclear or deficient.

Likewise, without engaging in any meaningful analysis of the categories of fees described in the supporting Katsantonis Declaration, or the specific entries that comprise such categories, Nexus baselessly and egregiously suggests that the Court reduce the total amount sought in most of categories by a minimum of *eighty percent (80%)*. In support of this latter, entirely arbitrary suggestion, Nexus does not cite to any actual evidence but instead merely relies on a conclusory assertion that Nexus "*believes* that, at most, twenty (20%) percent of these fees and costs … can be reasonably associated" with RLI's attempted enforcement of the collateral provisions of the October 23 Order. *See* Opp'n at 5 (emphasis added). Here again, it bears repeating that the distinction relied upon by Nexus is meaningless given that the August 12, 2021 Order encompasses fees and costs for efforts to gain Nexus' compliance with all injunctive provisions of the October 23 Order. But even if such a distinction were material (which it is not), plainly, the Court should not adopt Nexus' "belief-based" standard over the extensively detailed evidence RLI has provided in support of its statement of fees and costs.

As even a facial review of RLI's statement of fees and costs and supporting exhibits demonstrates, RLI has provided detailed narrative descriptions, along with a precise accounting of

7

hours worked and associated billing rates (neither of which Nexus challenges), for every single hour of legal services for which RLI seeks contempt sanctions. In stark contrast, Nexus has apparently elected not to conduct an actual review of these entries, but rather, to baselessly and dismissively conclude that "it is impossible" to ascertain which legal services correlate to specific categories of work performed in relation to RLI's enforcement of the Order. Opp'n at 4. It is not at all "impossible" to make such determinations given the underlying, detailed time entries and related category descriptions introduced as evidence through the uncontested Katsantonis Declarations.

Nexus' entirely arbitrary and unsubstantiated request for an 80% percentage reduction of various billing categories is wholly unjustifiable, particularly when viewed against RLI's meticulously substantiated submission, which painstakingly shows through uncontested individual billing entries and supporting descriptions how each fee and cost resulted from RLI's post-judgment efforts to obtain Nexus' compliance with the October 23 Order. Indeed, given Nexus' failure to support its position with any evidence whatsoever, its arguments should be entirely rejected.

### C. RLI is Entitled to Recover Half of the Special Master Invoiced Fees in that Such Fees Were Incurred as a Direct Result of Nexus' Noncompliance

Finally, Nexus argues that RLI is not entitled to recover half of the Special Master invoiced fees, which amount to $44,503.01, because: (i) the Court previously held in its April 13, 2021 Order appointing the Special Master that his fees and reasonable expenses would be allocated evenly between the parties, *see* 4/13/21 Order ¶ 6, ECF No. 654; and (ii) a large portion of the Special Master's time was spent on attempting to compel Nexus' compliance with paragraph C of the Order. Each of these bases, considered individually or taken together, is insufficient to preclude RLI's recovery of half of the Special Master invoiced fees as a contempt sanction.

8

In appointing the Special Master, the Court sought to facilitate Nexus' compliance with the October 23 Order and likely did not expect Nexus to continue disregarding its obligations thereunder. As RLI established at the August 10, 2021 hearing, however, the Special Master's efforts were extensive and prolonged as a result of Nexus' continuing refusal to comply with the October 23 Order. In this regard, the extensive magnitude of costs incurred under the Special Master process were entirely the result of Nexus' obstinate non-compliance. Indeed, even after his appointment, Nexus continued to defy its injunctive obligations and repeatedly ignored the Special Master's suggestions and requests for compliance. In this regard, and by way of non-exhaustive example, Nexus, despite collecting, at a minimum, average monthly revenues in excess of $1.6 million (which Nexus does not dispute), did not deposit *any* collateral with RLI until remitting a *de minimus* amount of $4,500 in late May 2021, a full seven months after entry of the October 23 Order and more than six weeks after the Special Master's appointment. Thereafter, notwithstanding the Special Master's correspondence, conference calls, and preliminary reports, all of which were fundamentally designed to coerce Nexus' compliance with its injunctive obligations, Nexus still did not pay any collateral to RLI for the entire month of June 2021, and then only made additional minimal amounts in early July when it recognized it would be called to answer at the July 15, 2021 status hearing before the Court.

With regard to paragraph C of the Order, RLI was similarly forced to expend extraordinary resources in attempting to compel Nexus' compliance, including after the Special Master's appointment, as Nexus continued to obfuscate, delay, and outright refuse to comply with its clear and unambiguous injunctive obligations. For example, it was not until May 5, 2021 – more than three weeks after the Special Master's appointment – that RLI received *any* Nexus bank statements for the period of October 2020 to the present. Thereafter, Nexus still resisted and refused for

9

months to fully comply with its books-and-records obligations, necessitating hours-long conferences in which the Special Master tried to extract limited concessions from Nexus regarding its Court-ordered production obligations, all while Nexus refused to disclose the very existence of various financial databases and systems that it uses (and/or used during the relevant period) until called back in front of the Court in July 2021. *See* 8/12/21 Order at 6 ("[T]he information provided by Nexus [bearing on its financial condition] has been <u>incomplete</u>. Indeed, RLI recently learned that <u>Nexus</u> began using certain financial programs, including Melio, Airbase, Stampli, American Spirit, and Fluid Pay, but <u>did not identify its use</u> of <u>these programs to RLI</u> for its monthly document review.") (emphasis added); *see also* ECF No. 709 for a detailed recitation of Nexus' failure and refusal to comply with its injunctive obligations throughout (and notwithstanding) the Special Master process. Clearly, principles of equity dictate that RLI should not bear any of these Special Master costs, which were incurred as a direct result and solely because of Nexus' ongoing failure to comply with the October 23 Order and plainly fall within the ambit of the monetary sanction awarded under the August 12, 2021 Order.

## **CONCLUSION**

In light of the foregoing, and for the reasons previously set forth in RLI's fee application (ECF No. 744), the Declaration of Vivian Katsantonis and exhibits thereto (ECF Nos. 744-1, 744-2, 744-3, and 744-4), and RLI's supplement, the Supplemental Katsantonis Declaration and exhibit thereto (ECF Nos. 745, 745-1 and 745-2), all of which are hereby incorporated by reference as though fully set forth herein, RLI respectfully requests that the Court enter an order and judgment in favor of RLI and against Nexus, awarding to RLI its reasonable legal fees, costs and expenses incurred in attempting to compel Nexus' compliance with the injunctive relief granted in the October 23 Order, in a total amount not less than $597,670.47.

October 5, 2021 /s *Vivian Katsantonis*
Vivian Katsantonis

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

*/s Vivian Katsantonis*
Vivian Katsantonis