IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

RLI INSURANCE COMPANY,

    Plaintiff,

v.

NEXUS SERVICES, INC., *et al.*,

    Defendants.

Case No.: 5:18-cv-00066-MFU

### SUPPLEMENTAL EVIDENCE IN SUPPORT OF
### RLI INSURANCE COMPANY'S PENDING SANCTIONS MOTIONS

Plaintiff RLI Insurance Company ("RLI"), by counsel, hereby submits supplemental evidence in support of its pending motions for sanctions against Defendants Nexus Services, Inc., Libre by Nexus, Inc. and Homes by Nexus, Inc. (collectively, "Nexus") (ECF Nos. 607, 684, 694, 758), as an update on Nexus' non-compliance since RLI Reply dated December 14, 2021:[1]

1.    To date, Nexus' unsatisfied collateral security obligation under Paragraphs A.1 and A.2 of the October 23, 2020 Order totals not less than **$2,036,736.88**. *See* 2/23/22 Katsantonis Supplemental Declaration at ¶¶ 3-6 and updated tables attached as Exs. J-L thereto.

2.    Nexus' failure even to meet its unilateral commitment to minimally purge its contempt of Paragraphs A.1 and A.2 through automatic transfers of 20% of its daily gross receipts continues.  For instance, over the entire month of January 2022, Nexus provided payments on only six days, in the relatively meager sum of $56,585.60, whereas 20% of its reported gross revenues for that month ($1,499,797.70) is $299,959.54 – *i.e.*, Nexus missed its 20% commitment in January

---

[1] The figures set forth herein reflect RLI confirmed receipts through February 23, 2022.

2022 by $243,373.94. Similarly, RLI has since received payments on only seven days in February, totaling merely $86,842.44. *Id.* at ¶¶ 7-11, 16 and Exs. J-K thereto.

3. Further, the total collateral security allegedly "received" by RLI from August 10, 2021 through the end of December 2021, as represented in the first paragraph of Nexus' Opposition (*see* ECF No. 759 at 1), has proven to be significantly overstated. As noted in RLI's Reply, Nexus asserted a year-end total that included significant future payments allegedly "scheduled" to be made later in December 2021, which, as it turns out, were not paid as promised. *Id.* ¶¶ 12-13 and Ex. K thereto.

4. To date, Nexus' outstanding liability for the judgment awarded under Paragraph B of the October 23 Order totals **$3,064,742.32** (exclusive of interest). *Id.* at ¶ 12.

5. To date, Nexus has failed and refused to provide RLI with access to extensive financial records bearing on Nexus' financial condition as required under Paragraph C.3 of the October 23, 2020 Order, including without limitation: (i) online banking portals; (ii) bank statements from all accounts, including its current operating accounts; (iii) merchant accounts/credit card service provider records (*e.g.*, American Spirit, FluidPay, TabaPay); (iv) payables databases (*e.g.,* Stampli, Airbase and Melio); (v) source documentation underlying its accounting records; (vi) real estate records; and (vii) records regarding Defendant Homes by Nexus. *Id.* at 16.

6. By letter dated February 9, 2022, RLI reiterated its continuing demands for immediate full compliance with each aspect of the October 23 Order and highlighted each of the foregoing deficiencies. *Id.* at ¶ 17 and Ex. M thereto. Nexus did not respond to RLI's letter. *Id.*

7. To date, Nexus has failed to provide any further post-judgment discovery to satisfy its unfulfilled court-ordered obligations as detailed in Judge Hoppe's Order of December 16, 2021 (ECF No. 761). *Id.* at ¶ 18.

DATED: February 23, 2022

Respectfully submitted,

**RLI INSURANCE COMPANY**

By its Counsel:

*/s Vivian Katsantonis*
Vivian Katsantonis (VSB No. 30448)
Christopher M. Harris (VSB No. 48361)
John F. Finnegan III (VSB No. 93880)
*Counsel for RLI Insurance Company*
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
1765 Greensboro Station Place, Suite 1000
McLean, Virginia 22102
Tel: (703) 749-1000
Fax: (703) 893-8029
Email: vkatsantonis@watttieder.com
Email: charris@watttieder.com
Email: jfinnegan@watttieder.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

*s/ Vivian Katsantonis*
Vivian Katsantonis