IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| RLI Insurance Company, ) | | |
|     Plaintiff, ) | Civil Action No. 5:18-cv-00066 | |
| ) | | |
| v. ) | <u>ORDER</u> | |
| ) | | |
| Nexus Services, Inc. et al, ) | By:   Joel C. Hoppe | |
|     Defendants. ) |         United States Magistrate Judge | |

This matter is before the Court further to its Order granting in part Plaintiff RLI Insurance Company's ("RLI") motion to compel nonparty Entlest Brands ("Entlest") to respond to RLI's subpoena duces tecum, "and for other related relief, including an award of attorneys' fees," RLI's Mot. to Compel, ECF No. 667. *See* Order of July 22, 2021, ECF No. 701. RLI served the subpoena upon Entlest on March 30, 2021, and Entlest did not respond to or challenge the request by its April 19, 2021 deadline. *See* Order of July 22, 2021, at 1 (citing RLI's Br. in Supp., ECF No 668). RLI moved to compel Entlest's compliance under Rule 45(a) of the Federal Rules of Civil Procedure on June 3, 2021, but Entlest did not file a brief in opposition within fourteen days. *See id.*; RLI's Reply, ECF No. 683.[1]

On July 22, 2021, the Court issued an Order resolving the substance of RLI's motion to compel and directing Entlest to produce the requested documents to RLI within fourteen days of the Order. *Id.* at 2. The Court also took under advisement RLI's ancillary requests for an award of attorneys' fees and to hold Entlest in civil contempt under Rule 45(g). *See id.* (citing RLI's Br. in Supp. 2–3). The record reflects that Entlest did give RLI several hundred documents in July or August 2021. *See* Order & Certification 38, ECF No. 761. RLI has never followed up on its requests for attorneys' fees or a finding that Entlest should be held in contempt for failing to

---

[1] Defendants filed an untimely brief in opposition to the motion to compel. ECF No. 691.

1

respond to RLI's subpoena before the Court granted RLI's motion to compel. Accordingly, those ancillary requests are hereby DENIED without prejudice to refiling as RLI deems appropriate. *Cf. Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets . . . with a view toward the efficient and expedient resolution of cases.").

It is so **ORDERED**.

The Clerk shall deliver a copy of this Order to the parties and to nonparty Entlest.

ENTER: February 24, 2022

*/s/ Joel C. Hoppe*

Joel C. Hoppe
United States Magistrate Judge