IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| **RLI INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | **5:18-cv-00066-MFU-JCH** |
| **NEXUS SERVICES, INC.,** *et. al.* ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANTS' EMERGENCY MOTION FOR CONTINUANCE OF HEARING**

Nexus Services, Inc., Libre by Nexus, Inc., and Homes by Nexus, Inc., (collectively "Nexus"), and non-party Entlest Brands, Inc., collectively move this Court for a Continuance of the February 25, 2022, scheduled hearing (ECF No. 762) (the "Hearing") on (i) Plaintiff's Motion for Sanctions and Renewed Motion to Enforce Final Order and For Contempt Sanctions (ECF No. 758), (ii) Plaintiff's Motion and Renewed Request for Appointment of Third Party to Perform Specific Acts Ordered under R. 70(a) or Alternatively a Receiver under R. 66 and for Sanctions (ECF No 694), and (iii) Plaintiff's Motion to Compel Entlest Brands, Inc. to Respond to Document Subpoena (ECF No. 667). In support thereof, Nexus states:

1. Defendants require this continuance because they cannot meaningfully review, examine, and respond to Plaintiff's eve-of-hearing, last-minute, supplemental filing in time for tomorrow's Hearing. Defendants are further restrained by this Court's admonition to not make last minute filings on the eve of a hearing, such that Defendants would not be permitted to oppose Plaintiff's filing in any event.

1

2. Procedural due process requires that Defendants have a meaningful opportunity to respond to Plaintiff's evidence and the assertions placed before this Court on matters that directly relate to tomorrow's Hearing.

3. Tomorrow's Hearing was noticed at Plaintiff's request, to resolve Plaintiff's motions. The Court noticed the Hearing in PACER back on January 7, 2022. See ECF No. 762.

4. On Wednesday, February 23, 2022, at 11:50 PM, one business day prior to the Hearing, Plaintiff first filed certain Supplemental Evidence in Support of its Pending Sanctions Motions, including a Second Supplemental Declaration from Plaintiff's counsel, and with several further documentary exhibits attached thereto (ECF No. 766 *et seq.*)

5. Plaintiff neither sought nor received leave of this Court for this last-minute supplementary filing, in violation of this Court's Local Rules and the Court's clear prior admonitions on the record. See, *e.g.*, Local Rule 11(c)(1) Pleadings and Motions ("No further briefs (including letter briefs) are to be submitted without first obtaining leave of court.")

6. At the last hearing in this matter, on August 10, 2021, the Court admonished both parties, with great frustration, on this exact bad-faith tactic:

> [Court:] You know, when I set this hearing for today, August the 10th, on the conference call we had in July, I was a little bit dismayed by the fact that at the very last minute RLI had filed a motion… and so we had to give everybody a chance to respond, and then we set this in-person hearing today.
> …
> And then this morning, 7:38 this morning, we get a new motion filed by Nexus seeking sanctions against counsel for RLI. I just don't know what the parties expect of the Court. When I have a hearing scheduled, one would think that you all would give the Court the courtesy of filing something so that I could have a chance to read it.

August 10, 2021, Hearing Transcript at 5:2-19

7. The assertions in Plaintiff's last-minute filing directly relate to the issues under consideration at tomorrow's hearing. The filing also makes serious assertions against Plaintiff,

including that Defendants "significantly overstated" certain representations in a prior filing to this Court.

8. Defendants cannot fairly be expected to have the time to digest Plaintiff's late, unauthorized filing and meaningfully respond a mere one day prior to the Hearing, especially as the Hearing is to be in Roanoke, requiring undersigned counsel to spend most of today traveling to the area.

WHEREFORE, Defendants respectfully request at least a fourteen (14) day continuance of the Hearing in order to review Plaintiff's Supplemental Evidence filing, SCF No. 766, and consider its opposition thereto.

Respectfully submitted this 24th day of February 2022,

/s/ CHRISTOPHER M. OKAY
Christopher M. Okay (VSB #35611)
Chris Okay, Attorney at Law
117 South Lewis Street, Suite 218
Staunton, Virginia 24401
Tel: (540) 466-3130
chrisokay@icloud.com

*Counsel for Defendant and Entlest Brands, Inc*

/s/ CARL A. ANDERSON
Carl A. Anderson
Rock Spring Law Group, PLLC
1050 30th Street, NW
Washington, DC 20007
Tel: (202) 258-2776
caa@rockspringlaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on this 24th day of February 2022, a copy of the foregoing was filed via CM/ECF, which will send a notification of such filing to all counsel of record.

By: _____

/s/ CHRISTOPHER M. OKAY
Christopher M. Okay (VSB #35611)
Chris Okay, Attorney at Law
117 South Lewis Street, Suite 218
Staunton, Virginia 24401
Tel: (540) 466-3130
chrisokay@icloud.com

/s/ CARL A. ANDERSON
Carl A. Anderson
Rock Spring Law Group, PLLC
1050 30th Street, NW
Washington, DC 20007
Tel: (202) 258-2776
caa@rockspringlaw.com

*Counsel for Defendant*