**FINANCIAL CASUALTY & SURETY, INC.** *fcs*
3131 Eastside Suite 600 Houston, Texas 77098
713-351-8401 (fax) — 877-737-2245 (toll free)
www.fcsurety.com


**TATEWIDE BONDING, INC.**
4085 Chain Bridge Road, Suite #100
Fairfax, Virginia 22030
1-888-285-2245

## ALIEN/PRINCIPAL INFORMATION

Name of Alien/Principal: ▇▇▇   State Detained In: 213084994
Facility Detained In: ▇▇▇
Date Birth: ▇▇▇   County of Birth (Nationality): ▇▇▇
Port in to the United States: _____   Means of Arrival in to the United States: _____
Date of Arrival in to the Untied States: _____   Bond Amount: $ 4,000   Premium Amount: $ _____
Alien ▇ to Reside at: ▇▇▇   City: ▇▇▇   State: ▇▇   Zip: ▇▇
Telephone number at Alien/Principal Residence: ▇▇▇   FCS Bond Number: _____

## INDEMNITOR'S INFORMATION

Indemnitor's Name: **Libre By Nexus Inc.**   True Name: **Micheal Donovan, President/CEO**
Street Address: **113 Mill Place Parkway, Suite 103**   Apt. ___   City: **Verona**   State: **VA**   Zip: **24482**   How Long: **5+**
Home Phone: **540-466-3507**   Cell Phone: **757-344-5139**   D.O.B.: **Corp**   Sex: **Corp**   Race: **Corp**
Place of Birth: _____   Soc. #: _____   D.L.#: _____   Tax I.D.#: _____
Former Address: _____   Apt. ___   City: _____   State: ___   Zip: ___   How Long: ___
Employer: _____   Address: _____   Phone: _____
Occupation: **Mike Donovan - CEO**   Monthly Income: _____   Supervisor: _____   How Long: ___
Vehicle Make: _____   Model: _____   Year: _____   Color: _____   Tag #: _____
Bank Name: _____   Account Type: ___   Checking or ___ Savings   Account Number: _____
Bank Name: _____   Account Type: ___   Checking or ___ Savings   Account Number: _____
Spouse: _____   D.O.B.: _____   Soc. #: _____
Address: _____   City: _____   State: ___   Zip: ___
Phone: _____   Cell Phone: _____   E-Mail: **mdonovan@nexushelps.com**
Employer: _____   Address: _____   Phone: _____
Children Names & Ages: _____, _____, _____

### References:

| # | Name | Address | Phone No. | Cell Phone | Relationship |
|---|------|---------|-----------|------------|--------------|
| 1. | NA | NA | NA | NA | Father |
| 2. | NA | NA | NA | NA | Mother |
| 3. | NA | NA | NA | NA | Sis/Brother |
| 4. | NA | NA | NA | NA | Sis/Brother |
| 5. | NA | NA | NA | NA | Friend |
| 6. | NA | NA | NA | NA | Friend |
| 7. | NA | NA | NA | NA | Friend |

_____  Date _____
Indemnitor's Signature

_____  Date _____
Indemnitor's Signature

**WARNING:** ANY PERSON WHO KNOWINGLY AND WITH INTENT TO INJURE, DEFRAUD, OR DECEIVE ANY INSURER, FILES A STATEMENT OF CLAIM OR AN APPLICATION CONTAINING ANY FALSE, INCOMPLETE OR MISLEADING INFORMATION MAY BE FOUND GUILTY OF A FELONY.

**DEFENDANT'S EXHIBIT** 5:18cv66 2/25/22

# IMMIGRATION BOND INDEMNITY AGREEMENT

This **AGREEMENT** made between the undersigned _____
[hereinafter called INDEMNITOR(S)] and **FINANCIAL CASUALTY & SURETY, INC.** [hereinafter called COMPANY] and **STATEWIDE BONDING, INC.** [hereinafter called BONDSMAN] and _____
_____ [hereinafter called PRINCIPAL]. For the purpose of posting an immigration bond.

**WHEREAS,** the COMPANY through it's BONDSMAN intend to or has executed an Immigration bond(s) on the PRINCIPAL at the request of the INDEMNITOR(S), and upon the security hereof has, or intend to become SURETY on an immigration bond In the sum of _____ Dollar ($_____) by its certain bond or undertaking, a copy of which is attached hereto and made a part hereof:
NOTE: The bond premium rate is _____% percent per annum.

**NOW THEREFORE,** in consideration of the execution by the COMPANY and/or BONDSMAN of such bond or undertaking, the PRINCIPAL and INDEMNITOR(S) covenant(s) and agree(s) with the COMPANY and/or BONDSMAN as follows:

**1.** The INDEMNITOR(S) will pay the BONDSMAN a premium(s) in the amount ($_____) per annum.

**2.** That the INDEMNITOR(S) will have the aforesaid PRINCIPAL forthcoming before the court named in said bond, attached hereto, at the time therein fixed, and from day to day and term to term thereafter, as may be ordered by the said immigration court, U.S. Department of Homeland Security, ICE center and/or Customs official.

**3.** That the INDEMNITOR(S) will at all times indemnify and hold COMPANY and/or BONDSMAN, harmless from and against every and all claims, demands, liability, cost, charge, counsel fee, expense, suit order, judgment or adjudication whatsoever which the said COMPANY and/or BONDSMAN shall or may for any cause at any time sustain or incur by reason or in consequence of the said COMPANY and/or BONDSMAN having executed said bond or undertaking, will upon demand, place with the said COMPANY and/or BONDSMAN funds to meet every claim, demand, liability, cost, interest, charge, counsel fees including bankruptcy attorney's fee, expense, collection fee, investigative fee, apprehension, transport, surrender fee, suit order, sheriff fee, breach, judgment, or adjudication against it, by reason of such Suretyship, and before COMPANY and/or BONDSMAN shall be required to pay the same.

**4.** The condition of said Indemnity Agreement provides that as long as there is any liability or loss of any nature whatsoever to the COMPANY and/or BONDSMAN upon the bond referred to herein, the INDEMNITOR(S) will not make any transfer, or any attempted transfer of any of the property, real or personal given as security or which the INDEMNITOR(S) may subsequently acquire or any interest therein, and it is further agreed that the COMPANY and/or BONDSMAN shall have a lien upon all property of the INDEMNITOR(S) for any sums due it for which it has become, or may become, liable by reason of its having executed the bond referred to herein. A Blanket Power of Attorney is given to the COMPANY and/or BONDSMAN and each are authorized to sign whatever legal forms or documents on my / our behalf that are required to fulfill the securing of a lien(s) on any and all my property(s) including but not limited to real property, vacant land, vehicles, boats, planes, stock certificates / accounts, bank accounts or other assets of value.

**5.** The notice of any bond breach including, NOTICE-IMMIGRATION BOND BREACHED form I-323, bond forfeiture notice, voucher or any other evidence of any payment made by the said COMPANY and/or BONDSMAN, by reason of such Suretyship, shall be conclusive evidence of such payment against the INDEMNITOR(S) and the INDEMNITOR'S estate both as to the property thereof and as to the extent of the liability thereof to the said COMPANY and/or BONDSMAN plus cost, if any. **NOTE: a facsimile or copy of this agreement is considered as if an original for court action.**

**6.** That the said COMPANY and/or BONDSMAN, may withdraw from its Suretyship upon said bond or undertaking at any time that it may see fit, as provided by law.

**7.** That the Agreement shall not be returned by the said COMPANY and/or BONDSMAN, at the time it shall be satisfied

2

of the termination of its liability under said bond or obligation by evidence of an NOTICE-IMMIGRATION BOND CANCELLED form I-391, but shall be retained. It is the responsibility of the INDEMNITOR(S) to know of all upcoming Immigration and Naturalization hearing dates and times, also to make certain the above said PRINCIPAL/ALIEN attends each hearing on time, each and every time.

**8.** That the failure of any of the INDEMNITOR(S) to comply with the provisions of this Indemnity Agreement shall be binding upon the others.

**9.** Should the PRINCIPAL breach/forfeit bond or become a flight risk at any time (as determined by the COMPANY and/or BONDSMAN) and the COMPANY and/or BONDSMAN be required to locate, arrest and surrender said PRINCIPAL, the INDEMNITOR(S) jointly and severally hereby waive his/her right with respect to Title 28 Privacy Act - Freedom of Information Act, Title 6, Fair Credit Reporting Act. The INDEMNITOR(S) specifically agree and authorize the use of his/her credit report, criminal history report, civil history report and any background checks to gather any information and acknowledges that the COMPANY and/or BONDSMAN may use whatever means necessary to secure the PRINCIPAL'S return to the proper court jurisdiction, and acknowledges that the use of force, when necessary, may be used to effect such return. The INDEMNITOR(S) jointly and severally agree and authorize the use of copies of this document by the COMPANY and/or BONDSMAN and any duly authorized representatives to effect such apprehension and return.

**10.** The INDEMNITOR(S) and PRINCIPAL waive any rights to claim entitlement to any interest which may be earned, or which is earned by the deposited collateral, and further agrees to permit the COMPANY and/or BONDSMAN to deposit said funds into an account with other such funds.

**11.** The INDEMNITOR(S) and PRINCIPAL acknowledge responsibility to reimburse the COMPANY and/or BONDSMAN for related expenses included but not limited to title search or title policy, property report, recording fees, notary fees, messenger fees, overnight or certified mailing fees, credit report fees, criminal history report fees, civil history report fees, background check fees and any investigative fees which is not included in the premium charged by the COMPANY and/or BONDSMAN for the posting of the said immigration bond.

**12.** If any provision or provisions of this instrument is void or unenforceable under the laws of any place governing its construction or enforcement, this instrument shall not be void and vitiated thereby but shall be construed and endorsed with the same effect as though such provision or provisions were omitted.

**13.** The INDEMNITOR(S) and PRINCIPAL agrees that he/she or they have made a true and accurate disclosure on all of the applications related to this immigration bond and further agrees to keep the COMPANY and/or BONDSMAN current regarding the name and place of employment, telephone number of place of employment and residential address and provide notice of any change of place of employment, telephone number of employment and residential address, or any other material change which may increase the risk of a breach/forfeiture to the COMPANY and/or BONDSMAN within forty-eight (48) hours of any changes. Any failure to notify the COMPANY and/or BONDSMAN of any material changes whether or not the change may cause or contribute to any loss to the COMPANY and/or BONDSMAN will be deemed a breach of this agreement.

**14.** In the event of any breach of this Indemnity Agreement, the parties agree that the applicable Law, Venue and Forum of any shall, at the discretion of Company and/or BONDSMAN, to be held in, and the Agreement shall be interpreted in accordance with, the laws of the State of Texas, where COMPANY is based, or of the BONDSMAN'S home State. The parties hereto do hereby consent and stipulate to the jurisdiction (at the discretion of COMPANY and/or BONDSMAN) of the courts of the State of Texas or of the BONDSMAN'S home State for any litigation or action brought under this Agreement. The INDEMNITOR(S) and PRINCIPAL will indemnify and hold harmless COMPANY and/or BONDSMAN from any and all attorney's fees, court cost and any other fees that may occur, which may be collected from the INDEMITOR(S) and/or PRINCIPAL or from any collateral that may be held if necessary.

**15.** INDEMNITOR(S), hereby authorize any person, agency, partnership, or corporation having any information concerning my character and financial reputation to release such information to Financial Casualty & Surety, Inc. and/or Statewide Bonding, Inc. I hereby release such person, agency, partnership, or corporation from liability that may be incurred in releasing this information to Financial Casualty & Surety, Inc. and/or Statewide Bonding, Inc. For good and valuable consideration, the INDEMNITOR(S) and PRINCIPAL agree to indemnify and hold harmless Financial Casualty & Surety,

Inc. and/or Statewide Bonding, Inc. from all losses not otherwise prohibited by law or by rules of the Department of Insurance. I/We have fully read and understood all of the above.

## PLEASE READ BEFORE SIGNING YOU ARE ASSUMING CERTAIN LEGAL OBLIGATIONS.

IN WITNESS WHEREOF, the Indemnitor(s) have duly executed these presents this _____ day of _____, 20 ___

_____ (LS)  
**Indemnitor Signature**

Micheal Donovan - Libre by Nexus CEO
--------------------------------------
**Print**

_____ (LS)  
**Indemnitor Signature**

_____  
**Print**

_____ (LS)  
**Indemnitor Signature**

_____  
**Print**

_____ (LS)  
**Indemnitor Signature**

_____  
**Print**

**STATE OF:** _____

**COUNTY OR CITY OF:** _____

On this _____ day of _____, 20_____ before me a **Notary**, personally appeared _____ Personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed within this instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signature(s) on the instrument is the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal    **Notary Public:** _____  
                                                             **Notary Registration No.:** _____  
                                                             **My commission expires:** _____

# PROMISORY NOTE

Amount: $ _____


On this date: _____ day of _____, 20_____, DUE: **ON DEMAND** FOR VALUE RECEIVED, That the undersigned _____ [hereinafter called Indemnitor(s)], hereby promises to pay to the order of Statewide Bonding, Inc. [hereinafter called Bondsman] and/or Financial Casualty & Surety, Inc. [hereinafter called Company], the sum of $_____, plus interest thereon at eighteen (18%) percent per annum from Call Date until fully paid. The Indemnitor(s) and endorser(s) of this Note agree to waive demand, notice of non-payment and protest, and in case of a suit shall be brought for the collection hereof, or the same has to be collected upon demand of an attorney, to pay reasonable attorney's fees and assessable costs, for the making of such collection.

This Note is being used to guarantee an immigration bond(s), FCS Power Number_____ for _____ [hereinafter called Principal] who case identification number A-_____ in the matter of now before the **Immigration and Naturalization Service/United States Department of Homeland Security** VS. **Principal.** This Note is secured by **Cash.**

It is further agreed and specifically understood that this Note shall become null and void in the event the said **Principal** appears in the court named in said immigration bond and/or Department of Homeland Security (DHS), Immigration and Custom Enforcement (ICE) hearing office each time or times and places so ordered, until the obligation under the immigration bond(s) posted on behalf of the Principal have been fulfilled and the Bondsman and/or Company is fully discharged of all liability by receiving a **INS I-391** Notice-Immigration Bond Cancelled form in writing thereunder, otherwise this Note remain in full force and effect.

The Immigration Bond(s) in this matter are good until the case has been adjudicated, closed and the Immigration Bond(s) herein canceled by Federal Court or by **INS I-391** Notice-Immigration Bond Cancelled form. The Immigration Bond(s) may not be revoked or canceled except by the Bondsman and/or Company or by Immigration and Naturalization Service/Department of Homeland Security (DHS) and Immigration and Custom Enforcement (ICE). In the event the Immigration Bond(s) remains active for more than one (1) calendar year, an Immigration Bond maintenance fee of $_____ will be due and payable on the anniversary of the date of the Immigration Bond(s).

Applicable Law, Venue, and Forum for any controversy, dispute or claims arising out of this Agreement, other than judicial or non-judicial foreclosure on real property or other collateral, shall at the discretion of COMPANY and/or BONDSMAN, be held in, and the Agreement shall be interpreted in accordance with, the laws of the State of Texas, where COMPANY is based or of the BONDSMAN'S home State. The parties hereto do hereby consent and stipulate to the jurisdiction (at the discretion of the COMPANY and/or BONDSMAN) of the courts of the State of Texas or of the BONDSMAN'S home State for any action brought under this Agreement. In the event that any litigation or other proceedings arise out of or relates to this agreement, the Bondsman and/or Company shall be entitled to reasonable attorney's fees, cost and expenses by the Indemnitor(s).

_____          _____
Indemnitor                               Indemnitor


_____          _____
Indemnitor                               Indemnitor

# ADDITIONAL TERMS AND CONDITIONS

**COLLATERAL PAYMENT**

  1. INDEMNITOR(S) and/or PRINCIPAL agrees to deposit with COMPANY and/or BONDSMAN an amount of money to be applied towards any claims made against COMPANY and/or BONDSMAN on the immigration bond(s) posted on behalf of the PRINCIPAL named in the Indemnity agreement.

  2. The money that is deposited hereinafter shall be known as COLLATERAL. INDEMNITOR(S) and/or PRINCIPAL agrees to deposit $ _____ to be held as COLLATERAL against any claims made against COMPANY and/or BONDSMAN.

  3. As of this _____ day of _____ 20_____ the INDEMNITOR(S) and/or PRINCIPAL made a deposit of $ _____ towards the agreed amount of COLLATERAL that is to be deposited with COMPANY and/or BONDSMAN and will make monthly installment of $ _____, with the first payment to be made **NO LATER THAN 30th DAY AFTER RELEASE OF PRINCIPAL,** and subsequent payment to be made every thirty (30) days thereafter until the FULL FACE AMOUNT OF THE IMMIGRATION BOND(S) has been deposited with the COMPANY and/or BONDSMAN, no more COLLATERAL PAYMENTS need to be made, unless for whatever reason, the amount of COLLATERAL decreases to less than the FULL FACE AMOUNT OF THE IMMIGRATION BOND(S), in which case INDEMNITOR(S) and/or PRINCIPAL must continue making COLLATERAL PAYMENTS until the amount deposited reaches the FULL FACE AMOUNT OF THE IMMIGRATION BOND(S). If the deadline to pay falls on a weekend or holiday, arrangements for payment must be made prior to the deadline day to avoid incurring a LATE CHARGE and/or VIOLATING THIS AGREEMENT.

  4. INDEMNITOR(S) and/or PRINCIPAL understand and agree that INDEMNITOR(S) and/or PRINCIPAL will be entitled to return of said funds remaining in said COLLATERAL, if any is left and only if **all** of the following are met:

   **A.** PRINCIPAL'S Immigration Bond(s) is not breached.

   **B.** PRINCIPAL'S Immigration Bond(s) is cancelled by the Department of Homeland Security (DHS)/ Immigration and Custom Enforcement (ICE) via **INS I-391 Notice-Immigration Bond Cancelled form.**

   **C.** COMPANY and/or PRINCIPAL is presented with all the **original receipts** for COLLATERAL which was deposited with COMPANY and/or BONDSMAN.

   **D.** INDEMNITOR(S) and/or PRINCIPAL have complied with this AGREEMENT and all other AGREEMENTS including the INDEMNITY AGREEMENT.

  5. INDEMNITOR(S) and/or PRINCIPAL understands and agrees that the amount of COLLATERAL returned pursuant to paragraph **4** section **(A thru D)** will depend on, among other things, any fees being withdrawn from COLLATERAL as described in this agreement or otherwise agreed.

  6. INDEMNITOR(S) and/or PRINCIPAL understands and agrees that a late fee will be charged at the rate of **20%** on any unpaid or untimely COLLATERAL PAYMENTS.

**COLLATERAL LATE PAYMENT FEE**

7. INDEMNITOR(S) and/or PRINCIPAL understands and agrees that there are no exceptions to the deadlines for COLLATERAL payment described in paragraph **3**. COMPANY and/or BONDSMAN will charge **20%** late fee each time that a COLLATERAL payment is late as described in paragraph **3**. A COLLATERAL payment will be deemed late if COMPANY and/or BONDSMAN do not receive the full amount of the agreed payment by close of business on the date it is due in accordance with paragraph **3**. If the due date falls on a holiday or weekend, it's the INDEMNITOR(S) and/or PRINCIPAL obligation to ensure that the payment is received on the very next business day. The late fee will be withdrawn directly from the COLLATERAL account.

**RENEWAL OF PREMIUM**

8. The INDEMNITOR(S) and/or PRINCIPAL agrees to pay COMPANY and/or BONDSMAN annually a RENEWAL of PREMIUM FEE in the amount of $ _____ on the anniversary date of every year that the Immigration Bond(s) is in force. If the fee is not paid by the INDEMNITOR(S) and/or PRINCIPAL by the anniversary date of the Immigration Bond(s), the COMPANY and/or BONDSMAN will automatically withdraw the RENEWAL PREMIUM from the COLLATERAL.

**ACCELERATION**

9. INDEMNITOR(S) and/or PRINCIPAL agrees that time is of the essence in this AGREEMENT and/or INDEMNITY AGREEMENT, and that in the event of default in any payment in this AGREEMENT and/or INDEMNITY AGREEMENT, the COMPANY and/or BONDSMAN may declare the entire amount of the balance owed on any unpaid balance due on the entire Immigration Bond(s), unpaid COLLATERAL and/or unpaid PREMIUM immediately **DUE ON DEMAND** and payable without notice. Failure to exercise the acceleration option will not constitute a waiver by COMPANY and/or BONDSMAN of the right to exercise an acceleration option in the future. The entire balance owed is not limited to any delinquent amount or amount in arrears; it includes the entire balance due on the Immigration Bond(s).

**COST OF COLLECTION**

10. INDEMNITOR(S) and/or PRINCIPAL, jointly and severally agrees to pay all cost of collection, to include without limitation, reasonable attorney's fees, whether or not suit is brought, together with all court costs, and cost and expenses of private investigators or expert witnesses, travel and transportation cost and all other costs and expense reasonably incurred in the investigation, collection or prosecution of such suit.

**REPORTING REQUIREMENTS**

11. COMPANY and/or BONDSMAN may at any time notify and/or request for any reason PRINCIPAL and/or INDEMNITOR(S) to appear at BONDSMAN'S local office located at <u>4085 Chain Bridge Road Suite #100 Fairfax, Va. 22030.</u> PRINCIPAL and/or INDEMNITOR(S) agree to report immediately in compliance with any such requests.

12. PRINCIPAL and/or INDEMNITOR(S) must report to COMPANY and/or BONDSMAN local office at lease once every thirty (30) days commencing the _____ day of _____, 20_____. PRINCIPAL and/or INDEMNITOR(S) must report between the hours of _____ AM/PM and _____ AM/PM Monday thru Friday. If the 30th day falls on a weekend or holiday, The PRINCIPAL and/or INDEMNITOR(S) will report the very next business day to avoid violating this paragraph and any other paragraph or section of this agreement.

14. PRINCIPAL and/or INDEMNITOR(S) must report immediately to COMPANY and/or BONDSMAN by phone or by appearing in person of any changes in:

   I.   PRINCIPAL'S and/or INDEMNITOR(S) address:
   II.  PRINCIPAL'S and/or INDEMNITOR(S) telephone number;
   III. PRINCIPAL'S and/or INDEMNITOR(S) employment;
   IV.  PRINCIPAL'S and/or INDEMNITOR(S) attorney;
   V.   PRINCIPAL'S and/or INDEMNITOR(S) case status;
   VI.  PRINCIPAL'S and/or INDEMNITOR(S) Immigration status; and
   VII. PRINCIPAL'S and/or INDEMNITOR(S) departure from the United States of America.

15. PRINCIPAL must not move from _____, even temporarily, without prior written approval from COMPANY and/or BONDSMAN prior to said move.

16. PRINCIPAL and/or INDEMNITOR(S) understand and agree with the terms and conditions of this Agreement and the Indemnity Agreement.

_____ (LS)                    _____ (LS)
**Indemnitor Signature**                                         **Indemnitor Signature**

Micheal Donovan, Libre by Nexus CEO
_____                              _____
**Print**                                                        **Print**


_____ (LS)                    _____ (LS)
**Indemnitor Signature**                                         **Indemnitor Signature**


_____                              _____
**Print**                                                        **Print**

**STATE OF:** _____

**COUNTY OR CITY OF:** _____

On this _____ day of _____, 20_____ before me a **Notary**, personally appeared _____ Personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed within this instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signature(s) on the instrument is the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal      **Notary Public:** _____
                                        **Notary Registration No.:** _____
                                        **My commission expires:** _____