IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| **RLI INSURANCE COMPANY,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No.: 5:18-cv-00066-MFU |
| **NEXUS SERVICES, INC., LIBRE BY NEXUS, INC. and HOMES BY NEXUS, INC.** | ) ORDER |
| **Defendants.** | ) |

**[PROPOSED] ORDER APPOINTING THIRD PARTY TO FACILITATE
ENFORCEMENT OF OCTOBER 23, 2020 ORDER**

This matter, coming before the Court on successive applications by RLI Insurance Company ("Plaintiff" or "RLI") for the appointment of a receiver or other third party to facilitate enforcement of this Court's final order dated October 23, 2020 ("October 23 Order"):

**THE COURT HEREBY FINDS AS FOLLOWS:**

(A) By its October 23 Order, the Court adjudged and ordered the three Defendants, Nexus Services, Inc., Libre by Nexus, Inc. and Homes by Nexus, Inc. (collectively, "Defendants" or "Nexus") to pay damages to Plaintiff in the amount of $3,331,197.55 ("Damages") (¶ B) and to perform a number of specific acts (collectively, "Injunctive Relief"), including:

  i. by no later than December 1, 2020, to deposit with RLI $2.4 million, in collateral security ("Collateral Deposit") (¶ A.1);

  ii. on an ongoing basis, to pay to RLI, as additional security, the penal sum of each bond for which a Notice to Deliver has issued, within forty-eight

|     |       |
| --- | ----- |
|     | (48) hours of Defendants' receipt thereof ("<u>Additional Security</u>") (¶ A.2); and |
| iii. | to provide Plaintiff with, *inter alia*, access to all books and records bearing on Defendants' financial condition ("<u>Books and Records</u>") (¶ C.3). |

(B) By Memorandum Opinion dated January 27, 2022, the United States Court of Appeals for the Fourth Circuit affirmed the October 23 Order.

(C) Although enforcement of the October 23 Order was not stayed during the pendency of the appeal, the Defendants have failed and refused in large measure to comply with each of their obligations under the October 23 Order, now more than 16 months since its issuance.

(D) Following extensive enforcement motions and proceedings, including RLI's successive applications, initially on March 12, 2021, and in renewed motions dated July 15, 2021 and November 22, 2021, for the appointment of a receiver or other third party as a contempt sanction (collectively, "Application"), the Court held an evidentiary hearing on August 10, 2021, upon which it found Nexus in civil contempt of the October 23 Order.

(E) At the August 10, 2021 hearing, Nexus represented to the Court that it would work to purge its contempt of its financial obligations under the October 23 Order by implementing automatic, direct transfers to RLI of 20% of its gross daily receipts, but Nexus has failed even to meet those commitments.

(F) By Order dated December 16, 2021, the Honorable United States Magistrate Judge Joel C. Hoppe issued an Order further recommending that the Court grant RLI's separate motion for contempt against the Defendants for their refusal to comply with their post-judgment discovery obligations.

(G) The Court conducted an additional hearing on February 25, 2022 to consider RLI's latest motions for contempt and sanctions, in which RLI has again requested, among other relief, the appointment of a receiver or other third party to facilitate enforcement of Defendants' obligations under the October 23 Order.

(H) As of February 25, 2022, Nexus' unsatisfied obligation for <u>Damages</u> under the October 23 Order totals **$3,064,742.32**,, plus interest, which will continue to accrue until the judgment is fully satisfied.

(I) As of February 25, 2022, Nexus' unsatisfied obligation to deposit <u>Collateral Deposit</u> and <u>Additional Security</u> under the October 23 Order totals **$2,036,736.88**.[1]

(J) As of February 25, 2022, Nexus' unsatisfied obligation to provide RLI with unfettered access to Books and Records bearing on Nexus' financial condition, includes without limitation, failure to provide access to: (i) online banking portals (ii) bank statements from all accounts; (iii) merchant accounts/credit card service provider records (*e.g.*, American Spirit, FluidPay, TabaPay); (iv) payables databases (*e.g.,* Stampli, Airbase and Melio); (v) source documentation underlying its accounting records; (vi) real estate records; and (vii) Homes by Nexus records.

(K) Good cause has been shown for the appointment of a third party to facilitate enforcement of the October 23 Order.

(L) Plaintiff has requested that Alexander M. Laughlin be appointed to facilitate enforcement of the October 23 Order, in accordance with the terms set forth herein.

---

[1] As further Additional Security obligations arise with each new Notice to Deliver issued by DHS, this amount may increase prior to the fulfillment of this Order.

(M)  This Court has broad inherent authority to fashion equitable remedies to enforce its orders, including under the circumstances existing in this case, to appoint a third party to facilitate such enforcement.

(N)  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and the parties hereto are of diverse citizenship.

(O)  Proper and adequate notice of the February 25, 2022 hearing on RLI's Application was given to Defendants.

**THE COURT HEREBY ORDERS AS FOLLOWS:**

1.  The Application is GRANTED, as provided in this Order.

2.  Effective as of the date of entry of this Order (the "Effective Date"), Alexander M. Laughlin ("Appointee") is hereby appointed to facilitate enforcement of the October 23 Order as provided herein.

3.  As used in this Order, "Assets" means any legal, equitable or beneficial interest in, right to, or claim to any real and personal property, including, without limitation, funds, bank accounts, merchant accounts, accounts with any other financial institution, receivables, revenues, proceeds, checks, notes, credits, contracts, loan rights against shareholders and other persons or entities, inventory, chattels, choses in action, chattel paper, certificates of title, claims, causes of action against other persons or entities, goods, instruments, equipment, fixtures, general intangibles, leaseholds, shares of stock, membership interests in any limited liability company, partnership interests, interests in any other entity, inheritances, options, contractual rights, interests in real estate, interests in any trust, mail or other deliveries, vehicles, art, collectibles, furnishings, jewelry, personal effects and all cash or money, wherever located, that are: (i) owned,

controlled or held by or for the benefit of any Defendant, in whole or in part; (ii) in the actual or constructive possession of any Defendant, or other individual or entity acting by, through or in concert with any Defendant; (iii) held by an agent of any Defendant, including as a deposit, advance or retainer for the agent's provision of goods or services; or (iv) owned, controlled or held by, or in the actual or constructive possession of, or otherwise held for the benefit of, any entity directly or indirectly owned or controlled in whole or in part by any Defendant, including Assets that have been transferred to another person or entity but as to which Assets such person or entity does not have a legitimate claim.

4. As used in this Order, the term "Liquid Assets and Accounts" shall mean, in the broadest sense, all Assets in the nature of: (i) cash funds, revenues, receivables, income, earnings, profit, refunds, credits and any other Asset that can be quickly converted to cash, no matter how maintained or when acquired; and (ii) accounts (and all balances and funds therein) with any bank or other financial institution of any kind, or any related service provider, including without limitation all bank accounts, merchant accounts, brokerage accounts, and any other account containing, or used in connection with, any funds or other Assets.

5. Defendants (and, where applicable, Defendants' officers, shareholders, directors, partners, assigns, agents, servants, employees, accountants, and attorneys, including without limitation Micheal Donovan, Richard Moore, Evan Ajin, and David See), and all persons and entities claiming by or through Defendants:

    a. shall on the Effective Date immediately surrender and deliver to the Appointee:

        (i) all Liquid Assets and Accounts, of whatever nature and wherever located (including without limitation all bank, merchant, and other receivables accounts and all proceeds from any shareholder or other loan made by any Defendant), whether such Assets are in the possession of Defendants or any affiliate of Defendants, or any of their officers, directors, shareholders,

        partners, representatives, professionals, employees, or agents, or any other person or entity;

(ii)    all books and records, and other documents regarding the Assets and the operations of the Assets, or otherwise regarding the financial condition of each Defendant; and

(iii)    all passcodes, keys, access cards, and all means and methods of access, of any kind, to any and all Assets and any related books and records, including without limitation all online portals to banking, merchant, credit card payment processing, and other financial accounts, all payables and receivables databases, all accounting databases, and all other computer programs, databases or other media upon which information regarding the property, assets, accounts, and businesses of Defendants, including without limitation Homes by Nexus, Inc. are stored, recorded, or located;

b.    shall within five (5) days of the Effective Date (and thereafter as Appointee may request supplementation) prepare and deliver to Appointee:

(i)    a full and complete inventory of all Assets, as broadly defined in Paragraphs 3 and 5.a.(i), above, including the nature, current location, and approximate value thereof;

(ii)    a full and complete description of all books and records, as broadly defined in Paragraph 4.a.(iii) above, relating to any and all Assets or otherwise bearing on each Defendant's financial condition, including the nature and current location thereof, and means sufficient to permit Appointee to access all such books and records.

(iii)    an itemized description of all sources of revenues for each of the three Defendants and the accounts in which such revenues are collected, received, and held or transferred.

(iv)    an itemized description of all reasonable and necessary expenses required for the continued operation of any of Defendants' businesses, segregated by Defendant where applicable.

(v)    an itemized description of all discretionary or other expenses, or transfers of revenues, that are not required to operate Defendants' businesses, segregated by Defendant where applicable.

(vi)    an itemized description of all loans made by any Defendant to any shareholder or any other person or entity, including without limitation all "shareholder loans" referenced in Nexus' accounting records, setting forth the terms and status of each such loan; and

   c. shall at all times cooperate with Appointee, including without limitation regarding the protocol for proposing expenditures, and promptly comply with all Appointee's requests for further information and documentation so that Appointee may perform Appointee's function with full information and knowledge.

6. The Appointee is hereby ordered, authorized, and directed to take the following actions:

   a. immediately take complete and exclusive possession, custody, and control over any and all Liquid Assets and Accounts;

   b. immediately acquire all passcodes, keys, access cards, and all means and methods of access, of any kind, to any and all Assets and to all books and records and shall promptly review and evaluate books and records as necessary to fulfill Appointee's duties hereunder;

   c. promptly identify and prepare a full and complete inventory of all Assets, noting the current location and approximate value thereof;

   d. promptly prepare a full and complete inventory of all books and records relating to any and all Assets or otherwise bearing on each Defendant's financial condition;

   e. identify and prepare an itemized description of all sources of revenues for each of the Defendants;

   f. promptly prepare an itemized description of all reasonable and necessary expenses required for the continued operation of any of Defendant's business(es);

   g. promptly prepare an itemized description of all discretionary or other expenses that are not required to operate Defendants' businesses;

   h. promptly implement a protocol whereby Defendants may seek approval of proposed business expenses, which the Appointee shall only approve for payment from Assets insofar as the Appointee deems such duly proposed expenditures to be reasonable and necessary to the continued operation of Defendants' business(es); and

   i. promptly prepare an itemized description of all loans made by any Defendant to any shareholder or any other person or entity.

7. Without limiting the foregoing, on the Effective Date, Appointee is authorized (but not obligated) to do any of the following acts:

a. terminate, reject, or adjust existing and proposed contracts, expenses, salaries and other compensation, gifts, donations, and other commitments or obligations, determined by the Appointee, in its discretion, to be wasteful, excessive, unreasonable, or unnecessary to the continued operation of Defendants' business(es);

b. demand immediate repayment of any and all loans given by any Defendant to any shareholder or any other person or entity and to enforce such demands as provided herein or as otherwise permitted by law;

c. conduct a forensic accounting of any of the Defendants, including without limitation as to any property, transfers, alter egos, successors, liabilities, and funds or other Assets;

d. require Defendants to provide a complete accounting of any funds or other Assets taken or transferred from the Defendants and explanations for any transactions;

e. demand immediate return of any and all Assets transferred without adequate consideration or to avoid Defendants' obligations under the October 23 Order and enforce such demands as provided herein or as otherwise permitted by law;

f. communicate with any vendor, bank, financial institution, insurance company, professional, or other supplier of goods or services (of any kind) to any Defendant and with any other custodian, recipient, payee, or transferee of funds or Assets, and obtain from any of the foregoing persons or entities any and all financial records, statements, contracts, invoices, payment records, receipts, correspondence, and other documents pertaining to Defendants or any Assets, all of which persons and entities are hereby directed to deliver to Appointee all such documents and information as requested by Appointee;

g. file or record a copy of the Complaint and this Order in any district where any of the Assets are located;

h. retain and pay professionals (e.g., counsel, accountants, appraisers, financial advisors, property managers, real estate brokers, auctioneers, information technology, etc.) ("Professionals") to advise and assist Appointee, and to protect and preserve the interest and rights of Appointee, in fulfilling its duties hereunder;

i. collect, receive, and control as provided herein all of Defendants' accounts receivable, earnings, rents, issues, income, profits, proceeds, and other revenues (collectively, "Revenues") now due and unpaid or that become due while this Order is in force, all of which shall be Liquidated Assets and Accounts hereunder.

j. maintain exclusive control over Defendants' bank accounts (and all balances and funds therein), and, at the election of Appointee, maintain and utilize Defendants' deposit accounts (which shall be used exclusively for deposits and disbursements of the Revenues and other Liquidated Assets and Accounts) or to open one or more

        new deposit accounts and direct payors to deposit funds due and owing to Defendants in such deposit accounts;

k. utilize Liquid Assets and Accounts and any other Assets coming under Appointee's control pursuant to this Order to pay the reasonable and necessary expenses incurred in fulfilling Appointee's duties hereunder;

l. require Defendants to provide information and documentation reasonably deemed by the Appointee to be necessary to fulfill its obligations under this Order;

m. utilize the services of any or all of Defendants' personnel to facilitate fulfillment of Appointee's duties hereunder;

n. supplant any rights or powers of Defendants to hold or manage any Assets to the extent Appointee deems such action necessary to fulfill its duties hereunder; and

o. take all other actions as Appointee may deem advisable or appropriate to fulfill Appointee's duties.

8. The Appointee shall maintain accurate accounting and other records of its activities in connection herewith and shall file with the Court and provide to RLI reports detailing the results of its activities and the status of the Assets on a monthly basis or as subsequently ordered by the Court. Such reports shall include: (i) an inventory of Assets, with itemized receivables from all sources of revenue; (ii) an itemized summary of each Defendant's reasonable and necessary business expenses; (iii) other financial records (*e.g.*, balance sheets, income statements) sufficient to accurately depict each Defendant's Assets and financial condition; (iv) the details of any unnecessary expenditures or fraudulent conveyances identified by the Appointee; and (v) the details of any non-compliance with this Order by any of the Defendants, or any one acting by, through, or with any of them, or by any other person or entity, so that the Court is promptly advised and further enforcement action may be taken against such persons or entities. Such reports may also include additional requests or recommendations to facilitate or expedite satisfaction of Nexus' obligations under the October 23 Order.

9. The Appointee shall, and is hereby granted all authority necessary to, ensure that RLI is timely provided with unfettered access to any books and records bearing on each Defendant's financial condition, as requested by RLI.

10. For so long as this Order is in effect, Defendants and their respective officers (including without limitation Micheal Donovan, Richard Moore, Evan Ajin, and David See), shareholders, directors, partners, assigns, agents, servants, employees, accountants, and attorneys, and all other persons or entities acting by, with, through, or on behalf of the Defendants, are hereby enjoined from (a) interfering with Appointee or its duly appointed agents or representatives in connection with Appointee's authority and duties hereunder, including without limitation Appointee's exclusive possession and control of the Liquid Assets and Accounts as provided hereunder; (b) taking any action to transfer, dissipate, encumber, compromise, conceal, destroy, or otherwise dispose of any Assets including without limitation any funds in bank, merchant, brokerage, or other financial accounts, automobiles, cash (wherever located), real estate, or any other real or personal property owned, possessed or controlled by any of them, other than as expressly approved in advance by Appointee, as reasonable and necessary to continue businessoperations; (c) causing Defendants to incur new financial or other obligations or commitments, other than as expressly approved in advance by Appointee, as reasonable and necessary to continue business operations; (d) withholding, concealing, or destroying documents pertaining to any Assets or bearing on any Defendant's financial condition; or (e) changing, deleting, or disseminating passcodes, or otherwise encumbering other means of access, to any Assets or to any of Defendant's books and records, except as Appointee may expressly authorize in advance.

11. Statements made by Appointee in the ordinary course of this appointment by the Court shall be covered by the doctrine of judicial immunity. Additionally, the Appointee shall have and enjoy all of the powers, immunities, and privileges ordinarily provided to receivers under applicable law. Without limiting any other rights or immunities Appointee may have at law or in equity, except for an act of willful malfeasance or gross negligence, Appointee shall not be liable for any loss or damage to the Assets or incurred by Plaintiff, Defendants or their clients, associates, subsidiaries, affiliates, officers, directors, agents, or employees, or by any of their creditors or equity holders because of an act performed or not performed by Appointee or its agents or assigns in connection with the discharge of the duties and responsibilities hereunder. Communications among or between Appointee and its professionals shall be privileged without any exceptions. Such privilege shall extend to any of the Appointee's staff.

12. Appointee shall be named as a primary insured party on existing insurance coverage for any Assets coming under its control, and Appointee is authorized to obtain and pay premiums for additional insurance for Defendants or for Appointee (including, without limitation, an error and omissions policy and an umbrella policy) for the Assets. Unless a loss is compensable by the Appointee's bond or errors and omissions insurance, the Appointee shall not be personally responsible for financial losses of the Assets.

13. Appointee is entitled to compensation on an hourly basis not to exceed $425 per hour, plus reimbursement of actual out-of-pocket expenses, for Appointee's services in performing the rights and duties described in this Order. Appointee is authorized to pay himself and his professionals compensation monthly, without further order of the Court. Appointee shall provide to the Court on a monthly basis an itemized (and redacted where appropriate) fee statement for all professionals paid.

14. Appointee shall have as of the entry of this Order a valid and perfected lien on the Assets, as defined in Paragraph 3 of this Order to secure payment to the Appointee and his professionals of the fees and expenses that they reasonably incur in their service hereunder. The Appointee's lien granted hereby shall be a first lien with priority over all other liens, claims and interests. Dismissal of this case shall not affect the nature, extent or validity of the Appointee's Lien and shall be ineffective to divest this Court of jurisdiction to hear and approve any requested fees and expenses of the Appointee and to discharge the Appointee and any Appointee's bond.

15. Appointee shall be required to post a bond with the Court in the amount of $500,000.

16. In connection with the discharge of their duties and obligations in this matter, Appointee and its Professionals shall not be liable for any loss or damage incurred by Defendants or any other person by reason of any act performed or omitted to be performance by them in good faith and in the exercise of ordinary care. In the performance of its duties, Appointee shall be entitled to consult with its Professionals, and Appointee's reliance in good faith on the advice or opinion of such Professionals shall be considered in connection with any dispute concerning whether Appointee has exercised ordinary care. Any such dispute shall be resolved by this Court.

17. Without breaching the peace and, if necessary, with the assistance of local peace officers or United States marshals, Appointee may enter and secure any premises, wherever located or situated, as may become necessary to take possession, custody or control, or to identify the location, condition or existence, of any Assets, or to otherwise exercise its authority and fulfill its duties hereunder. Appointee may seek to compel the attendance of a person or entity for examination and/or production of documents in a manner permissible under Federal Rule 45.

18. All persons or entities, including without limitation banks and other financial institutions and related service providers, in possession, custody or control of any Assets or books

and records referenced in this Order shall cooperate with the Appointee on the directions thereof and, upon presentation of this Order, shall turn over all funds, operating bank accounts, income streams and safety deposit boxes related to or associated with the Assets without delay and shall delete all designated signors on such accounts, at Appointee's request.

19. To facilitate enforcement of the October 23 Order, Appointee may and is hereby authorized to remit to RLI, from any Assets coming under its control under this Order, funds in excess of those necessary to satisfy approved reasonable and necessary business expenses, as provided above, for application to Nexus' Damages, Collateral Deposit, and Additional Security obligations under the October 23 Order, as well as all interest and all attorney's fees and other monetary sanctions to which RLI is entitled under the law and the Orders of this Court, until such obligations are satisfied in full.  Upon Nexus' full satisfaction of such obligations, as approved by the Court, and after payment of Appointee's final fees and expenses, the Appointee shall submit a final accounting to the Court, together with Appointee's request to be released as Appointee. Except as provided above and as may be required to pay further approved business expenses, Appointee shall hold any excess funds pending further order of the Court.

20. Upon approval of the final accounting, the Court shall issue an appropriate Order releasing the Appointee from further obligations and release the security bond.

21. Appointee may apply to this Court by motion and upon notice to all parties in interest for supplemental authority as may be necessary or appropriate to expedite or otherwise facilitate the purposes of this Order.

22. Nothing in this Order shall be construed to impair or otherwise affect Plaintiff's rights or remedies under its indemnity agreements with the Defendants or the prior Orders and Judgments entered by the Court in favor of Plaintiff in this Case or under applicable law.

23. This Order shall be in full force and effect as of the Effective Date and, absent further Court Order, shall remain in force and effect until such time as the Appointee demonstrates to the Court's satisfaction that the Defendants have fully complied with the obligations set forth in the Court's October 23 Order.

24. The Court retains jurisdiction for such other orders as shall be deemed just and necessary.

IT IS SO ORDERED.

_____

THE HONORABLE Michael F. Urbanski, U.S.D.J. (Chief)
United States District Court, Western District of Virginia

Dated: