IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| RLI INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 5:18cv00066-MFU-JCH |
| ) | |
| NEXUS SERVICES, INC., ) | |
| LIBRE BY NEXUS, INC., ) | |
| HOMES BY NEXUS, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## RESPONSE TO DOCKET NO. 773 REGARDING JUDGE HOPPE'S MARCH 11, 2022, SHOW CAUSE ORDER

After hearing testimony and argument on February 22, 2022, this Court ordered Defendants and the other "non-party entities" to "file any additional evidence and legal argument concerning the Show Cause Order issued by Magistrate Judge Joel C. Hoppe on December 16, 2021." In response, the non-party Entities filed a two-page filing at Docket 778. It appears the Defendants filed nothing. (*See* ECF No. 777 filed by Defendants that does not address the Show Cause Order). The Entities' limited filing provides no genuine opposition to Judge Hoppe's previous order and fails to raise any dispute about his factual findings.

Judge Hoppe outlined in painstaking detail the absolute contempt that Defendants and the Entities have for orders of this Court. The discovery requests to Defendants were served on February 23, 2021. ECF No. 761 at 7. More than a year later, the Defendants have failed to provide anywhere near adequate responses, despite multiple hearing and multiple court orders. *Id.* at 28. That failure has, as Judge Hoppe found, "frustrated RLI's collection efforts, caused RLI to

incur significant attorneys' fees to secure compliance, and hindered the Court's ability to discern the true extent of [ ] Nexus' ability (or lack thereof) to satisfy the judgment." *Id.* There can be no doubt Judge Hoppe was correct in concluding the conduct of Defendants "violates the terms of my May 27, 2021, and August 25, 2021 Orders." *Id.* Compliance must be forced.

So too with the non-party Entities. Documents subpoenaed from the Entities were required to be provided by March 15, 2021. *Id.* at 29. Now nearly a year later, the responses have been virtually non-existent. Judge Hoppe's Order explains the long history of non-compliance and that the Entities "produced no documents" time and time again. *Id.* at 33. Counsel for the Entities admitted at the contempt hearing in September that their responses were inadequate, that his clients had failed to give access to the responsive information, and that the "Entities' corporate officers are aware that they need to respond to RLI's subpoenas, but [the Entities counsel] argued they were busy addressing other aspects of the litigation." *Id.* at 34. Nearly six months after that contempt hearing, the Entities still have not responded, and nothing has changed.

Litigants and subpoenaed parties cannot ignore Court orders because they are "busy" or because they do not want to comply. The actions by Mr. Donovan, Mr. Moore, and Mr. Ajin in ignoring this Court's orders undermine the integrity of the judicial process.

It their terse response, the Entities make no attempt to quarrel with any of Judge Hoppe's findings. Instead, they attach a September 2, 2021, email that contained a single attachment, that purported to be a response by one of the Entities to part of a single request of one of the subpoenas. *See* Docket 778-2. Of course, that meager production was acknowledged by Judge Hoppe in his Order, and he nevertheless deemed the Entities willfully in violation of his orders. ECF No. 761 at 37, 39. And for good reason, since that ten-page production was a mere sliver of what was requested of the Entities.

The Entities then have the audacity to claim that "Since such production by the Entities, the Plaintiff has not inquired further of the Entities . . .as to such documents and matters." ECF No. 778. After that single ten-page production, Judge Hoppe held his contempt hearing. After that limited production, RLI filed a detailed affidavit regarding the ongoing document deficiencies. ECF No. 740. RLI has been requesting the documents it is entitled to for more than a year, seeking court orders and contempt filings. What other inquiries did the Entities need to know they needed to comply with this Court's orders?

The Entities also suggest that somehow RLI "has not acknowledged" an "Egnyte database" of "financial and accounting records." ECF No. 778 at 2. This is the same refrain that has been rejected time and time again by Judge Hoppe. That the <u>Defendants</u> produced, after coercion by the Special Master, a limited subset of certain financial records <u>of the Defendants</u> does not relieve the Entities of their obligations to produce documents responsive to the subpoenas. There is very little overlap, and Judge Hoppe's original Order on the Motion to Compel addressed how to handle any purported overlap, which the Entities simply ignored.

The Entities claim to have made "sincere efforts at compliance." *Id*. They have not. Nothing in their filing supports that claim. Defendants did not even file a response making such an outlandish claim. It has been a year, and yet the non-compliance continues. Judge Hoppe's factual findings, and his conclusions of willfulness, are unassailable. Even after his detailed findings of fact that he issued on December 16, 2021, neither Defendants nor Entities can point to any substantive steps they have taken to come into compliance in the past three months.

The only real question for the Court is what the contempt sanction should be. Judge Hoppe recommended that the Defendants should be fined $1,000 per day for ongoing non-compliance, the three Entities should be fined $1,000 per day for ongoing non-compliance, and all attorneys'

fees should be awarded for pursuing the motions to compel and contempt. ECF No. 761 at 41. Of course, that was three months ago, and the threat of that limited financial sanction was not enough to get anyone to act. The inaction suggests the $5,000 per day recommended by RLI is more appropriate than the more limited sanction Judge Hoppe recommended. *See* ECF No. 748 at 16. At the very least, an escalating financial penalty that automatically increases from $1,000 to $5,000 is appropriate so that RLI is not forced to come to this Court again when this Court's orders continue to be ignored.

This Court should go further. Most importantly, the individual members—Mr. Donovan, Mr. Moore, and Mr. Ajin, should be subject to contempt sanctions. For more than 100 years, the federal courts have acknowledged that owners of companies should be held in contempt when their companies fail to comply with Court orders. *See, e.g.*, *Wilson v. United States*, 221 U.S. 361, 376, 31 S. Ct. 538, 55 L. Ed. 771 (1911) ("A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they no less than the corporation itself, are guilty of disobedience, and may be punished for contempt."); *SEC v. Dunlap*, 253 F.3d 768, 776 (4th Cir. 2001) (affirming district court civil contempt finding against company's control person for failure to produce ordered materials); *Colonial Williamsburg Found. v. Kittinger Co.*, 38 F.3d 133, 137 (4th Cir. 1994) (affirming district court ruling holding chairman in contempt for failure to take appropriate action within his power related to underlying order). Mr. Donovan's testimony at the February 22, 2022, hearing was clear—responsibility to comply with the Court's orders falls on Mr. Donovan and the other owners.

Further, as was requested of Judge Hoppe, it is appropriate to prevent the owners and the Entities from relying upon any documents that should have already been produced in this proceeding that they have willfully withheld. *See* ECF 748 at 13-14. As this proceeding continues, the Entities and their owners cannot be allowed to rely upon documents that should have been in RLI's possession for the last year. To the extent that certain documents should exist and have not been produced despite a year of non-compliance (e.g. invoices, communications, corporate formation records, and other documentation) this Court should enter a sanction that it will assume that such unproduced documents were unfavorable to the Entities, Mr. Moore, Mr. Donovan, and Mr. Ajin.

This has gone on for too long. The Defendants, the Entities, Mr. Moore, Mr. Donovan, and Mr. Ajin show tremendous disrespect for the Court and the rule of law when they blatantly ignore court orders and fail to provide the information and documents they are required to provide. The Court should issue significant sanctions and force compliance with its orders, finding the Defendants, the Entities, and their owners in contempt.

Dated: March 11, 2022

RLI INSURANCE COMPANY

 /s/  Dustin M. Paul

Dustin M. Paul (VSB No.: 75287)
Vandeventer Black LLP
101 W. Main Street, Suite 500
Norfolk, VA 23510
Phone: 757-446-8600 / Facsimile: 757-446-8670
dpaul@vanblacklaw.com
*Attorneys for Plaintiff RLI Insurance Company*

## CERTIFICATE OF SERVICE

      I hereby certify that on Friday, March 11, 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

                                                            /s/  Dustin M. Paul