IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 5:18-cv-00066 |
| v. | ) | |
| | ) | By:    Michael F. Urbanski |
| NEXUS SERVICES, INC., et al., | ) | Chief United States District Judge |
| Defendants. | ) | |

## ORDER

This matter is before the court on a motion filed by plaintiff RLI Insurance Company ("RLI") to address the abject noncompliance by defendants Nexus Services, Inc., et al., (collectively "Nexus") with an Order entered by the court on October 23, 2020 ("Collateral Security Order"), requiring Nexus to deposit collateral security with RLI pursuant to an Indemnity Agreement. RLI Insurance Company's Renewed Motion to Enforce Final Order and for Contempt Sanctions, ECF No. 758.

In its renewed motion to enforce, RLI asks the court to appoint a third party to do what Nexus has not done—deposit the full amount of collateral security for the immigration bonds issued by RLI for Nexus program participants as required by §§ A.1. and A.2. of the Collateral Security Order.[1]

Section A.1. of the Collateral Security Order required Nexus to deposit $2.4 million in collateral security with RLI by December 1, 2020. Section A.2. of the Collateral Security Order required Nexus to deposit additional security on an ongoing basis in the amount of the penal

---

[1] Nexus appealed the Collateral Security Order, which appeal was rejected by published decision of the Fourth Circuit Court of Appeals on January 27, 2022. USCA Memorandum Opinion and Judgment, ECF Nos. 764, 765.

sum for any breached bond as to which the government has issued a Notice to Deliver for an RLI-bonded Nexus program participant.[2] Nexus has not complied with the Collateral Security Order. Nexus excuses its failure to meet its court-ordered obligations on decline in business in part attributable to the COVID-19 pandemic. Nexus professes its good faith and resists RLI's efforts to appoint a third party to deposit the collateral under Rule 70 or a receiver under Rule 66 of the Federal Rules of Civil Procedure.

There has been substantial briefing on RLI's enforcement motion, and the court has held hearings on three dates: July 15, 2021, August 10, 2021, and February 25, 2022. Following the August 10, 2021, evidentiary hearing, the court entered an order finding "Nexus in civil contempt for failing to deposit the collateral security and additional security required by §§ A.1. and A.2. of the October 23, 2020, Order." Order, ECF No. 721, at 10. In an effort to forestall appointment of a third party or receiver, at the July and August 2021 hearings, Nexus "pledged to set up a system through a merchant pay program to automatically deposit with RLI 20 percent of its gross revenues towards the collateral security and additional security requirements of §§A.1. and A.2. of the October 23, 2020 Order, and will do so automatically in the future until these requirements have been met in full." Id. Rather than undertake the extreme remedy of appointing a receiver for Nexus in August 2021 as RLI requested, the court gave Nexus an opportunity to see if it would follow through on the payment plan as promised. In the months following the July and August 2021 hearings, Nexus's promise to pay RLI on an ongoing basis did not pan out, forcing RLI to file a Renewed Motion for Sanctions on November 22, 2021, ECF No. 758, presently pending before the court.

---

[2] RLI's evidence indicates that the amount due under §A.2. of the Collateral Security Order approximates $500,000.

The court held another evidentiary hearing on February 25, 2022, at which time Nexus made new promises to comply with the Collateral Security Order. This time around, Nexus represented that it had just obtained $1 million in financing which would allow it to deposit with RLI $1 million in collateral security immediately. Nexus's President, Micheal Donovan, testified under oath that Nexus would deposit this recently financed $1 million in collateral security with RLI and that the balance of the collateral security obligation would be paid by June 30, 2020.[3]

While the $1 million was not deposited with RLI that day, recent filings by the parties confirm that Nexus paid RLI an additional $1,030,795.86 in collateral security between February 25, 2022, and March 18, 2022. Nexus Second Amended Response, ECF No. 784, at 1. While RLI does not dispute that Nexus has paid $1 million towards its collateral security obligation in recent weeks, it counters that "Nexus has once again demonstrated that it is fully capable of coming up with large sums of money when it suits Nexus' interest, but refuses to pay RLI under the October 23, 2020 Order unless and until *Nexus* decides such action is absolutely necessary to avoid further Court intervention." RLI Rebuttal, ECF No. 787, at 1. RLI's observation is apt. History has shown that Nexus only makes efforts to meet its court-ordered obligations when a hearing date looms and its back is against the wall.

According to RLI's most recent filing, Nexus has failed to deposit $1,058,608.10 in collateral security with RLI as required by the Collateral Security Order. RLI Rebuttal, ECF

---

[3] In its most recent filing, Nexus sought to move Donovan's sworn target, this time stating "Nexus renews its commitment to pay the remainder of RLI's injunctive relief balance in the coming months, *but in no event* later than November 30, 2022. Once the injunctive relief is fully paid, Nexus will then pay RLI the remainder of its damages and interest thereto." Nexus Reply, ECF No. 788, at 2.

No. 787, at 2. Moreover, on August 12, 2021, the court ordered sanctions as a result of Nexus's civil contempt in a yet to be determined amount of attorney's fees, costs and expenses.[4]

Although Nexus's promise made last summer to meet its collateral security obligation by depositing with RLI 20 percent of its daily gross revenues did not fully materialize, it made good on its promise to deposit $1 million in collateral security since the hearing on February 25, 2022.

Given the fact that Nexus has deposited with RLI $1 million in collateral security since the February 25, 2022, hearing, the court declines to undertake the extreme remedy of appointing a receiver at this time. Instead, the court **ORDERS** Nexus to pay the remaining collateral security balance of $1,058,608.10 on or before the June 30, 2022, the deadline self-imposed by Nexus's Micheal Donovan in his February 25, 2022, testimony. To forestall shenanigans, the court **ORDERS** Nexus to make collateral security deposits in three installments of $352,869 each. These payments must be received by RLI no later than April 30, 2022, May 31, 2022, and June 30, 2022.

Should Nexus fail to comply with the last chance afforded by this order, including by failing to make any of the three installment payments on time, the court will be left with no alternative but to appoint a federal equity receiver to take charge of Nexus's assets and marshal them in a manner so as to make the deposits required by the Collateral Security Order.

---

[4] On August 12, 2021, the court awarded RLI sanctions in the form of reasonable legal fees and expenses for post-judgment efforts to compel Nexus's compliance with the Collateral Security Order. Order, ECF No. 721, at 8. On September 14, 2021, RLI submitted a statement of legal fees, costs, and expenses in the amount of $597,670.47 for the period through August 12, 2021. RLI Additional Evid., ECF No. 745, at 3.  Nexus contests all but $59,394 of these fees and expenses. Nexus Resp. re Additional Evid., ECF No. 753, at 6. On March 13, 2022, RLI supplemented this figure, requesting an additional $318,666.52 in legal fees, costs, and expenses through February 28, 2022. RLI Second Supp., ECF No. 783, at 2. To date, Nexus has not filed an objection to the RLI's request for sanctions in the form of attorneys' fees, costs, and expenses for the period after August 12, 2021.

Accordingly, RLI's Renewed Motion to Enforce Final Order and for Contempt Sanctions, ECF No. 758, is **GRANTED in PART** and **DENIED in PART**, without prejudice.

It is so **ORDERED**.

Entered: April 1, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.04.01 15:48:21
-04'00'

Michael F. Urbanski
Chief United States District Judge