IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| RLI INSURANCE COMPANY,<br>    Plaintiff,<br><br>v.<br><br>NEXUS SERVICES, INC., et al.,<br>    Defendants. | Civil Action No. 5:18-cv-00066<br><br>By:   Michael F. Urbanski<br>Chief United States District Judge |

## MEMORANDUM OPINION

This matter is before the court for consideration of the Order for Nexus and the Entities to Show Cause & Certification Under 28 U.S.C. § 636(e)(6)(B)(iii) ("Show Cause Order & Certification"), ECF No. 761, entered by United States Magistrate Judge Joel C. Hoppe on December 16, 2021.

In the Show Cause Order & Certification, Judge Hoppe certified certain facts regarding the contemptuous failure of defendants Nexus Services, Inc, Libre by Nexus, Inc., and Homes by Nexus, Inc. (collectively "Nexus" or "the Nexus defendants") and three related entities, Nexus Commercial Ventures, LLC, Nexus Properties, LLC, and One Fish, Two Fish, LLC (collectively "Entities" or "the Entities") to comply with post-judgment discovery Orders entered by Judge Hoppe in this case. Judge Hoppe's certification of facts is sprawling, spanning 57 paragraphs over 33 pages, detailing the abject failure by the Nexus defendants and the Entities to provide discovery in contempt of Orders entered on May 27, 2021, and August 25, 2021. In addition to certifying a mountain of facts, the Show Cause Order & Certification ordered the principals of the Nexus defendants and the Entities, Micheal Donovan, Richard Moore, and Evan Ajin, to appear at a hearing before the district court and

1

show cause why the Nexus defendants and the Entities should not be adjudged in contempt by reason of the facts so certified pursuant to 28 U.S.C. § 636(e)(6). Judge Hoppe also recommended that contempt sanctions be imposed against the Nexus defendants and the Entities in the amount of $1,000 per day plus RLI's attorneys' fees and costs incurred in relation to briefing and arguing RLI's motions to compel, ECF Nos. 650 & 652, and motions for contempt, ECF Nos. 677 and 684.

## I.

Federal Rule of Civil Procedure 37(b)(2) vests in the district court broad discretion to impose sanctions when "a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). See Law Funder, L.L.C., v. Munoz, 924 F.3d 753, 758 (5th Cir. 2019). "Once a court makes the threshold determination under Rule 37(b) that a party has failed to obey a prior discovery order issued by it, then it must determine what sanctions are warranted." Thompson v. U.S. Dep't of Hous. & Urban Dev., 219 F.R.D. 93, 102 (D. Md. 2003). "Rule 37(b)(2) provides a non-exclusive list of possible sanctions," id., and the Supreme Court has furnished guidance as to the exercise of the court's discretion in issuing sanctions.

> Rule 37(b)(2) contains two standards—one general and one specific—that limit a district court's discretion. First, any sanction must be "just"; second, the sanction must be specifically related to the particular "claim" which was at issue in the order to provide discovery.

Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707 (1982). Such sanctions apply as well to a nonparty's failure to provide or permit discovery. Fed. R. Civ. P. 37(a)(1)–(2).

2

Pursuant to Rule 37, Judge Hoppe issued two Orders compelling discovery which are the subject of the Show Cause Order & Certification.[1] By order dated May 27, 2021, Judge Hoppe ordered the Nexus defendants to respond with specificity and particularity to RLI's First Set of Post-Judgment Interrogatories and Requests for Production and ordered the Entities to respond with specificity and particularity to RLI's subpoenas. Order, ECF No. 665. On August 25, 2021, Judge Hoppe held a hearing on the contempt motion and ordered the Nexus defendants and the Entities to provide sworn declarations "identifying 'with specificity and particularity' what information and/or documents they produced in response to each of RLI's post-judgment interrogatories and requests for production." Order, ECF No. 733 (internal quotation omitted).

In the Show Cause Order & Certification, Judge Hoppe found the responses provided by the Nexus defendants to be insufficient, certifying that "Nexus again offered a vague, boilerplate response to almost every discovery request." Show Cause Order & Certification, ECF No. 761, at 15. Judge Hoppe concluded:

> RLI served interrogatories and requests for production on Nexus because it seeks information that will allow it to collect upon the underlying judgment against Nexus. RLI is entitled under Rule 69 to obtain accurate, current information about Nexus and the status of its available assets. Nexus's repeated willful failures to produce that information have frustrated RLI's collection efforts, caused RLI to incur significant attorneys' fees to secure compliance, and hindered the Court's ability to discern the true extent of Nexus's ability (or lack thereof) to satisfy the judgment. Such conduct violated the terms of my May 27, 2021, and August 25, 2021 Orders and RLI suffered harm as a result.

---

[1] Fed. R. Civ. P. 37 is applicable in the post-judgment context by means of Fed. R. Civ. P. 69. Under Rule 69, a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

3

Id. at 28. Judge Hoppe reached the same conclusion as to the vague and partial discovery responses of the Entities. Id. at 39–40.

Under 28 U.S.C. § 636(e)(6), in the case of a civil contempt, a magistrate judge may certify facts to a district judge and may enter an order requiring appearance before a district judge "to show cause why that person should not be adjudged in contempt by reason of the facts so certified." Id. "The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." Id.

> This certificate of facts forwarded by the magistrate to the district court shall be considered the statement of a prima facie case. Thus, if there is nothing else appearing before the district court and the certified facts, if true, will support a violation, then the district court may, if it deems the burden of persuasion to have been satisfied, find a party in contempt.

Proctor v. State Gov't of N.C., 830 F.2d 514, 521 (4th Cir 1987). "[U]pon certification a magistrate judge may recommend that certain sanctions be imposed by the district court upon a finding of contempt." Church v. Steller, 35 F. Supp. 2d 215, 217 (N.D. N.Y. 1999).

Federal courts have the inherent authority to hold parties in civil contempt for violating court orders. See Redner's Mkts., Inc. v. Joppatowne G.P. Ltd. P'ship, 608 F. App'x 130, 131 (4th Cir. 2015) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt.") (quoting Shillitani v. United States, 384 U.S. 364, 370 (1966)); Ex parte Robinson, 19 Wall. 505, 510 (1874) ("The power to punish for contempts is inherent in all courts; its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of judgments, orders, and writs of the courts, and consequently to the due administration of justice."); Chambers v. NASCO, Inc.,

501 U.S. 32, 44 (1991) (The power to punish for contempts is "firmly established"). Pursuant to its inherent authority, the court may impose fines or prison sentences for contempt and enforce "the observance of order." United States v. Hudson, 11 U.S. (7 Cranch) 32, 34 (1812).

Rule 37(b)(2)(A)(vii) provides that the court may "treat[ ] as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." "A court may impose sanctions for civil contempt to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy." Joppatowne, 608 F. App'x at 131 (quoting Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 821 (4th Cir. 2004)). "When the nature of the relief and the purpose for which the contempt sanction is imposed is remedial and intended to coerce the contemnor into compliance with court orders or to compensate the complainant for losses sustained, the contempt is civil." Buffington v. Baltimore Cnty., Md., 913 F.2d 113, 133 (4th Cir. 1990). "The appropriate remedy for civil contempt is within the court's broad discretion." Joppatowne, 608 F. App'x at 131 (citing Cromer, 390 F.3d at 822); see also Rainbow Sch., Inc. v. Rainbow Early Educ. Holding, LLC, 887 F.3d 610, 617 (4th Cir. 2018).

In order to find a party in civil contempt, the moving party must show: (1) the existence of a valid court order, (2) the order was in the moving party's favor, (3) a knowing violation of the terms of the order, and (4) the moving party suffered harm from the violation. See Consumer Fin. Prot. Bureau v. Klopp, 957 F.3d 454, 461 (4th Cir. 2020) (citing United States v. Ali, 874 F.3d 825, 831 (4th Cir. 2017)). "Willfulness is not an element of civil contempt." Joppatowne, 608 Fed. App'x at 131. If these elements are satisfied, the burden shifts to the non-moving party "to show good faith [in making] all reasonable efforts to comply with the

5

enforcement order" to avoid being held in civil contempt. Klopp, 957 F.3d at 461–62 (citing Ali, 874 F.3d at 831).

## II.

The court held an evidentiary hearing on the Show Cause Order & Certification on February 25, 2022. As of that date, neither the Nexus defendants nor the Entities had filed any objection or response to the Show Cause Order & Certification. Following the evidentiary hearing, the court directed the Nexus defendants and the Entities to file any additional evidence and legal argument concerning the Show Cause Order on or before March 4, 2022.

The Nexus defendants filed no written response to the Show Cause Order & Certification, relying exclusively on argument of counsel and the testimony of Micheal Donovan, Chief Executive Officer of the Nexus defendants, presented at the February 25, 2022, Show Cause hearing. At the Show Cause hearing, Donovan acknowledged Nexus's failure to produce the historical documents requested by RLI as part of its post-judgment discovery, excusing this failure on the burden of producing current financial information each month to meet the requirements of the court's October 23, 2020, injunction and the fact that the historical documents requested were in the custody of a litigation consulting firm, KLDiscovery, which would not release them until its outstanding fee balance was paid. Donovan testified:

> So my commitment to the Court is that once the KLDiscovery comes back, I'm going to take everything that we had in there that was stored and send it to the plaintiffs, make an evaluation as to what's missing, and then get my team to go back in and pull those books and records.
>
> You're quite right, Your Honor, we do have access to books and records historically. Like, they didn't just all go to a discovery

>platform. But it is a tremendous and onerous thing to go back and pull those. And I would like to get – that was the plan, we had hoped to have the KLDiscovery platform paid at the beginning of January, but we lost our Mercury bank account and were unable to transfer funds or make any payments during January, or a significant portion thereof.
>
>So it sounds like a lot of excuses. What I'm trying to say is that we will have access to the discovery platform this week, we will make the productions.
>
>Again, I – there are so many things that we're responding to. We have monthly productions that are relative to the injunctive relief that we get a receiver for if we don't meet, so it's a matter of prioritizing. I absolutely have no excuse for it other than to say we were waiting for KLDiscovery. Once we get that, we will produce and I will supplement. And I absolutely apologize.

Feb. 25, 2022, Hr'g Tr., ECF No. 792, at 61, 97.

The Entities responded in writing to the Show Cause Order & Certification on March 4, 2022. Response of the Non-Party Entities, ECF No. 778. The two-page response asked the court to "note the sincere efforts at compliance by the Non-Party Entities and Entlest Brands, as well as the low priority that the Plaintiffs have placed on following up with the responses provided by such Entities to date. The Entities contend that they continue to make good faith efforts at compliance, and accordingly, a monetary penalty and sanction of the amounts suggested by the Magistrate Judge will be excessive, and likely will result in irreparable financial harm to such Entities." Id. at 2. At the evidentiary hearing, Donovan testified that the Entities were owned by Nexus's three principal officers: Donovan, Richard Moore, and Evan Ajin. Feb. 25, 2022, Hr'g Tr., ECF No. 792, at 95–96. Donovan testified that he was ultimately responsible for the Entities' subpoena responses. Id. at 97–98.

RLI replied on March 11, 2022, noting the lack of any additional evidence or argument tendered by the Nexus defendants and the lack of any specific objection raised by the Entities to the facts certified by Judge Hoppe in his Show Cause Order & Certification. Resp., ECF No. 780.

On June 8, 2022, RLI filed a Notice Regarding Judge Hoppe's December 16, 2021 Show Cause Order, advising the court that Nexus had not supplemented its discovery responses, stating "[a]s with almost every promise in this case, Donovan's promise was empty. More than three months from these representations to the Court, neither Defendants nor the related entities have produced the promised materials nor served any amended interrogatories." Notice, ECF No. 793, at 1.

### III.

In painstaking detail, the Show Cause Order & Certification exposes the failings of the Nexus defendants and the Entities to respond in good faith to RLI's post-judgment discovery requests. The factual certification constitutes prima facie evidence of contempt, which sustains RLI's initial burden of proof.

Rather than take issue with the facts certified by Judge Hoppe in the Show Cause Order & Certification, the Nexus defendants apologize for their past failings and offer as an excuse the fact that certain historical records were for a period of time in the possession of KLDiscovery and that to produce historical documents otherwise would be "a tremendous and onerous thing." Feb. 25, 2022, Hr'g Tr., ECF No. 792, at 61. At the hearing on February 25, 2022, Nexus's Donovan promised to get those records to RLI as soon as they were released by KLDiscovery. Donovan stated that "we will have access to the discovery platform this

week, we will make the productions." Id. Despite Donovan's sworn commitment, RLI's June 8, 2022, Notice advises that the Nexus defendants have produced no additional post-judgment discovery. As the Nexus defendants do not challenge any of the facts certified in the Show Cause Order & Certification and have not produced the discovery required by Judge Hoppe's Orders of May and August 2021, the Nexus defendants' contempt is established. The certified facts establish (1) the existence of discovery orders of May 27, 2021, and August 25, 2021; (2) compelling the discovery responses from the Nexus defendants and the Entities in RLI's favor; (3) a knowing violation of the orders on behalf of the Nexus defendants and the Entities; and (4) harm to RLI by virtue of its judgment collection efforts being stymied and thwarted.

The same is true as for the Entities. Donovan testified at the February 25, 2022, hearing that ultimately he is responsible for their response to the subpoenas issued by RLI. Feb. 25, 2022, Hr'g Tr., ECF No. 792, at 97–98. While the Entities filed a response on March 4, 2022, noting their production of the Egnyte Drive in 2021 and pledging their "sincere efforts at compliance," Resp., ECF No. 778, at 2, the Entities' response does not take issue with the facts certified in the Show Cause Order & Certification. The Entities' response concludes:

> The Entities contend that they continue to make good faith efforts at compliance, and accordingly, monetary penalty and sanction of the amounts suggested by the Magistrate Judge will be excessive, and likely will result in irreparable financial harm to such Entities. Defendants ask that they be permitted to continue to produce responsive documents and Answers as such information becomes available to them, and that any sanction be held in abeyance.

Resp., ECF No. 778, at 2. Despite this statement of intent by the Entities to engage in good faith discovery, RLI's June 8, 2022, Notice indicates that the Entities have not "produced the

9

promised materials nor served any amended interrogatories." Notice, ECF No. 793, at 1. The absence of any substantive response by the Nexus defendants and the Entities to the unrebutted facts certified by Judge Hoppe in the Show Cause Order & Certification is telling, and their contempt of his May 27, 2021, and August 25, 2021 Orders manifest.

## IV.

From the outset of this litigation, Nexus has resisted efforts by RLI to obtain a picture of its financial status. In fact, this litigation began with RLI seeking to enforce its rights under the access to books and records provision of the Commercial Surety General Indemnity Agreement ("Indemnity Agreement") entered into by RLI and Nexus Services, Inc. See RLI Mot. for Prelim. Inj., ECF No. 4, filed April 4, 2018. Throughout the past four years, the Nexus defendants, through the revolving door of lawyers representing them, have stonewalled RLI's legitimate efforts to assess the financial wherewithal of Nexus Services, Inc., its bond indemnitor, and to obtain documents sufficient to allow it to collect the $3.3 million judgment entered on October 28, 2020. The court has twice employed a Special Master to attempt to unravel the tangled web of the Nexus defendants' corporate, banking, and real estate relationships, with less than satisfactory results.

It is worth noting that since the court entered an injunction and awarded money damages on October 23, 2020, the issue of access to the Nexus defendants' financial status has taken two parallel paths. First, as part of the injunctive relief entered on October 23, 2020, the court ordered that RLI have monthly access to records reflecting the Nexus defendants' ongoing financial status. Order, ECF No. 585, § C.3. After RLI moved for sanctions for

noncompliance with the October 23, 2020, Order, the court reengaged the Special Master to report on Nexus's compliance with the Order.

In an August 12, 2021, Memorandum Opinion, after receiving three reports from the Special Master on the Nexus defendants' compliance with § C.3. of the October 23, 2020, Order, the court explained:

> As the court stated at the August 10, 2021, hearing, the provisions of the October 23, 2020, Order requiring Nexus to provide to RLI "any other documents requested [by] RLI bearing on Nexus's financial position," was intentionally broad, so that, on a monthly basis, RLI would have a clear picture of Nexus's financial condition. Even as of yesterday's hearing, Nexus's new CFO could not state whether Nexus was operating at a profit or loss. Section C.3. of the October 23, 2020, Order was intended to eliminate the murkiness in Nexus's financial condition, and Nexus's failure to fully apprise RLI of how it manages its finances has perpetuated the lack of clarity as to Nexus's financial position. In other words, while Nexus has provided some financial information, its compliance with the October 23, 2020, Order has been incomplete.

Order, ECF No. 721, at 6–7. While the court found in the August 12, 2021, Order that Nexus had recently enhanced its efforts to meet the requirements of § C.3. of the October 23, 2020, Order, allowing it to escape a finding of bad faith and contempt as regards that section of the October 23, 2020, Order, the court noted that "it is troubling that gaps remain in Nexus's financial picture and that Nexus has been less than forthcoming as regards the financial software, portals, and programs it employs." Id. at 7. Although the Special Master is no longer tasked with assessing the Nexus defendants' compliance with § C.3. of the October 23, 2020, Order, that section of the injunction remains in force, requiring the Nexus defendants to provide RLI with monthly access to its overall financial status until Nexus Services, Inc.'s bond indemnity obligation to RLI ends.

The second path pursued by RLI concerns its efforts to collect on the $3.3 million money judgment entered October 28, 2020. ECF No. 588. Separate and apart from the obligations imposed on the Nexus defendants by § C.3. of the October 23, 2020, Order, RLI has served interrogatories and document requests to the Nexus defendants and subpoenas to the Entities seeking information to further RLI's collection efforts. As collection counsel for RLI explained to Judge Hoppe at the September 17, 2021 hearing,

> The Special Master process and the post-judgment discovery process are two parallel processes. They overlap to a very small degree on the records going forward, but the Special Master process had nothing to do with production of historical records, especially records before the entry of the – Judge Urbanski's order in October of 2020. They don't address the interrogatories, or anything like that.

Sept. 17, 2021, Hr'g Tr., ECF No. 748, at 4. While the Special Master was tasked with assessing compliance with the court's October 23, 2020, Order, so that RLI would be able, as the Indemnity Agreement provided, to assess its risk under the immigration bonds it issued by having a window into the financial status of its bond indemnitor on an ongoing basis, RLI's post-judgment collection discovery is entirely separate. As RLI's counsel explained, "[w]hat we're here for today is to figure out what – how they were treating the companies, how they were making transfers during the period before the Special Master was standing over their shoulder, to figure out where all this money went that they've been collecting for years and they've been squirreling away, so that we can pull that back in litigation." Sept. 17, 2021, Hr'g Tr., ECF No. 748, at 4.

The Nexus defendants and the Entities have not complied with RLI's post-judgment discovery efforts, claiming that its principals and counsel do not have access to historical

information[2] and that current information is contained in the monthly productions of financial data required by § C.3. of the October 23, 2020, Order. Judge Hoppe was not persuaded by either excuse, finding in the Show Cause Order & Certification that the Nexus defendants and the Entities failed to comply with his May 27, 2021, and August 25, 2021 Orders. The court agrees with Judge Hoppe's conclusion.

V.

As to appropriate sanctions for contempt, in the Show Cause Order & Certification, Judge Hoppe recommended that the court impose "a fine of $1,000 per day of non-compliance with the Orders" against the Nexus defendants and the Entities and "[a]ward attorney's fees and costs incurred in relation to briefing and arguing RLI's motions to compel, ECF Nos. 650 & 652, and motions for contempt, ECF Nos. 677 & 684." Show Cause Order & Certification, ECF No. 761, at 41. The court agrees with Judge Hoppe's recommended award of attorneys' fees and finds the recommended daily fine of $1,000 against the Nexus defendants, jointly and severally, and a daily fine of $1,000, against the Entities, jointly and severally, appropriate to obtain compliance with the May 27, 2021, and August 25, 2021, Orders.

In addition to monetary sanctions, RLI sought certain evidentiary sanctions central to its collection efforts. As to the Nexus defendants, RLI sought adverse-inference rulings that:

---

[2] As noted above, Nexus's Donovan testified on February 25, 2022, that historical information was tied up with KLDiscovery. Feb. 25, 2022, Hr'g Tr., ECF No. 792, at 61. Counsel for the Nexus defendants stated at the September 17, 2021, hearing before Judge Hoppe as follows: "The historical documents this counsel does not have access to. While they have been produced in the prior subsequent parts of the case, we don't have access to those." Sept. 17, 2021, Hr'g Tr., ECF No. 748, at 6.

13

- the Defendants and their members ignored corporate formalities and are not entitled to a presumption of corporate separateness; that

- Micheal Donovan, Richard Moore, and Evan Ajin are personally liable for the underlying judgment in this case; and that

- RLI may treat each of the aforementioned individual's personal assets as assets of the Defendants for collection purposes.

RLI Mem. in Supp. of Mot. for Contempt Against Defs., ECF No. 685, at 6. RLI sought similar evidentiary sanctions against the Entities:

> Because the Entities plainly will not comply with the Court's Order and have not produced any records in response to the subpoenas, RLI prays that in its contempt order this Court make adverse-inference rulings that: the Entities and their members ignored corporate formalities and are not entitled to a presumption of corporate separateness; that the Entities are not arms-length to Defendants; that any financial transactions between the Entities and the Defendants were fraudulent; that any financial transactions made on behalf of the Entities by the defendants were fraudulent; that because of the foregoing findings, the Entities are responsible for the underlying judgment; and—because of their sworn affidavits claiming sole ownership in the Entities—that Richard Moore and Micheal Donovan are personally liable for the underlying judgment in this case.

RLI Mem. in Supp. of Mot. for Contempt Against the Entities, ECF No. 678, at 4–5. Judge Hoppe took RLI's request for evidentiary sanctions under advisement.

In support of enhanced contempt sanctions, RLI argues that the Nexus defendants and the Entities have done nothing to satisfy the discovery commitments Micheal Donovan made at the February 25, 2022, hearing. In particular, RLI asks for monetary fines of $5,000 per day, arguing that Judge Hoppe's recommendation of $1,000 per day fine had no effect on the Nexus defendants' discovery responses. While that argument has merit, the court notes that

Judge Hoppe's recommendation was just that—a recommendation—which the court will now adopt and implement by Order.

The court finds that the facts certified by Judge Hoppe demonstrating noncompliance with the May 27, 2021, and August 25, 2021, Orders have not been disputed by the Nexus defendants and the Entities. Instead, they offer unsatisfactory excuses for their noncompliance. Based on the facts certified by Judge Hoppe, the evidence and argument at the February 25, 2021, hearing, and subsequent briefing, the court holds the Nexus defendants and the Entities in contempt of Judge Hoppe's May 27, 2021, and August 25, 2021, Orders.

As Micheal Donovan is principally responsible for the discovery failings of the Nexus defendants and the Entities, he is likewise found in contempt. See Wilson v. United States, 221 U.S. 361, 376 (1911) ("A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they no less than the corporation itself, are guilty of disobedience, and may be punished for contempt."); Colonial Williamsburg Found. v. Kittinger Co., 38 F.3d 133, 137 (4th Cir. 1994) ("As President of Kittinger, Carlow was charged with the responsibility of ensuring that Kittinger complied with the consent judgment, and he did nothing to ensure compliance. . . . [W]e are of the opinion that his actions evidence a studied disregard of a court order and that the district court did not abuse its discretion in holding him in contempt."); S.E.C. v. Dunlap, 253 F.3d 768, 775 (4th Cir. 2001) ("As the control person of Southern Financial, Dunlap bears responsibility for ensuring that the existing business records are produced. . . . We are unable to view the sanctions imposed upon

Dunlap—incarceration pending his compliance with valid court orders—as an abuse of discretion by the district court.").

As additional sanction for the Nexus defendants' and the Entities' contempt, the court will also award RLI reasonable attorneys' fees incurred in relation to the briefing and arguing RLI's motions to compel, ECF Nos. 650 and 652, and motions for contempt, ECF Nos. 677 and 684. The court also will impose certain evidentiary sanctions.

## VI.

For the foregoing reasons, the court **GRANTS** RLI's motions for civil contempt against the Nexus defendants and the Entities, ECF Nos. 677 and 684, and **ORDERS** the following sanctions tailored to address that contempt:

1. Commencing July 11, 2022, a fine of $1,000 per day of continued noncompliance with the May 27, 2021, and August 25, 2021, Orders is imposed against the Nexus defendants (Nexus Services, Inc., Libre by Nexus, Inc., and Homes by Nexus, Inc.), which shall be jointly and severally payable to RLI in addition to any other judgment, fine, or fee imposed against the Nexus defendants in this case.

2. Commencing July 11, 2022, a fine of $1,000 per day of continued noncompliance with the May 27, 2021, and August 25, 2021, Orders is imposed against the Entities (Nexus Commercial Ventures, LLC, Nexus Properties, LLC, and One Fish, Two Fish, LLC), which shall be jointly and severally payable to RLI in addition to any other judgment, fine, or fee imposed against the Entities in this case.

3. Also subject to each of the daily $1,000 fines, on a joint and several basis, is Micheal Donovan, whose testimony confirms that he is principally responsible for the failure to comply with the court-ordered discovery.

4. These daily monetary fines shall remain in place until the Nexus defendants and the Entities satisfactorily supplement their responses to the post-judgment interrogatories, requests for production of documents, and subpoena responses as compelled in the May 27, 2021, and August 25, 2021, Orders.

5. An award of reasonable attorneys' fees and costs incurred in relation to the briefing and arguing of RLI's motions to compel, ECF Nos. 650 and 652, and motions for contempt, ECF Nos. 677 and 684. These attorneys' fees and costs are jointly and severally imposed on the Nexus defendants, the Entities, and Micheal Donovan. RLI may file a brief in support of its request for reasonable attorneys' fees and costs within thirty (30) days, and any objection shall be filed by the Nexus defendants, the Entities, and Micheal Donovan within thirty (30) days thereafter.

6. As further sanction for the contempt of the Nexus defendants and the Entities, the court imposes the following evidentiary sanctions:

    a. It is **ORDERED** that the Nexus defendants and the Entities may not defend efforts to collect the October 28, 2020, judgment by relying on documents which they failed to produce in discovery.

    b. It is **ORDERED** that the failure by the Nexus defendants and the Entities to engage in post-collection discovery requires an adverse inference in related collection actions. Specifically, RLI is entitled to an inference that

had discovery been provided by the Nexus defendants and the Entities, such discovery would have been adverse to defenses raised by the Nexus defendants and the Entities in any litigation related to collection on the October 28, 2020, judgment.

The court finds that these sanctions are both just and specifically related to the claims at issue in the May 27, 2021, and August 25, 2021, Orders compelling discovery. See Ins. Corp. of Ireland, 456 U.S. at 707.

An appropriate Order will be entered.

Entered: July 8, 2022

*Digitally signed by Michael F. Urbanski Chief U.S. District Judge*
*Date: 2022.07.08 10:29:15 -04'00'*

Michael F. Urbanski
Chief United States District Judge