IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| RLI INSURANCE COMPANY,<br>Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | Civil Action No. 5:18-cv-00066 |
| | )<br>) | By: Michael F. Urbanski |
| NEXUS SERVICES, INC., et al.,<br>Defendants. | )<br>)<br>) | Chief United States District Judge |

### ORDER

This matter is before the court for consideration of the Order for Nexus and the Entities to Show Cause & Certification Under 28 U.S.C. § 636(e)(6)(B)(iii) ("Show Cause Order & Certification"), ECF No. 761, entered by United States Magistrate Judge Joel C. Hoppe on December 16, 2021.

For the reasons stated in the accompanying Memorandum Opinion, the court **GRANTS** RLI's motions for civil contempt against the Nexus defendants, the Entities, and Micheal Donovan, ECF Nos. 677 and 684, and **ORDERS** the following sanctions tailored to address that contempt:

1. Commencing July 11, 2022, a fine of $1,000 per day of continued noncompliance with the May 27, 2021, and August 25, 2021, Orders is imposed against the Nexus defendants (Nexus Services, Inc., Libre by Nexus, Inc., and Homes by Nexus, Inc.), which shall be jointly and severally payable to RLI in addition to any other judgment, fine, or fee imposed against the Nexus defendants in this case.

2. Commencing July 11, 2022, a fine of $1,000 per day of continued noncompliance with the May 27, 2021, and August 25, 2021, Orders is imposed against the Entities

1

(Nexus Commercial Ventures, LLC, Nexus Properties, LLC, and One Fish, Two Fish, LLC), which shall be jointly and severally payable to RLI in addition to any other judgment, fine, or fee imposed against the Entities in this case.

3. Also subject to each of the daily $1,000 fines, on a joint and several basis, is Micheal Donovan, whose testimony confirms that he is principally responsible for the failure to comply with the court-ordered discovery.

4. These daily monetary fines shall remain in place until the Nexus defendants and the Entities satisfactorily supplement their responses to the post-judgment interrogatories, requests for production of documents, and subpoena responses as compelled in the May 27, 2021, and August 25, 2021, Orders.

5. An award of reasonable attorneys' fees and costs incurred in relation to the briefing and arguing of RLI's motions to compel, ECF Nos. 650 and 652, and motions for contempt, ECF Nos. 677 and 684. These attorneys' fees and costs are jointly and severally imposed on the Nexus defendants, the Entities, and Micheal Donovan. RLI may file a brief in support of its request for reasonable attorneys' fees and costs within thirty (30) days, and any objection shall be filed by the Nexus defendants, the Entities, and Micheal Donovan within thirty (30) days thereafter.

6. As further sanction for the contempt of the Nexus defendants and the Entities, the court imposes the following evidentiary sanctions:

    a. It is **ORDERED** that the Nexus defendants and the Entities may not defend efforts to collect the October 28, 2020, judgment by relying on documents which they failed to produce in discovery.

    b. It is **ORDERED** that the failure by the Nexus defendants and the Entities to engage in post-collection discovery requires an adverse inference in related collection actions. Specifically, RLI is entitled to an inference that had discovery been provided by the Nexus defendants and the Entities, such discovery would have been adverse to defenses raised by the Nexus defendants and the Entities in any litigation related to collection on the October 28, 2020, judgment.

The court finds that these sanctions are both just and specifically related to the claims at issue in the May 27, 2021, and August 25, 2021, Orders compelling discovery. See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707 (1982).

It is so **ORDERED**.

Entered: July 8, 2022

Michael F. Urbanski
Chief United States District Judge