IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| **RLI INSURANCE COMPANY,** ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **NEXUS SERVICES, INC., et al.,** ) <br> Defendants. ) | Civil Action No. 5:18-cv-00066 <br><br> By: Michael F. Urbanski <br> Chief United States District Judge |

### ORDER

This matter is before the court for consideration of the application by plaintiff RLI Insurance Company ("RLI") for reasonable legal fees and expenses as authorized by the Order dated August 12, 2021. Order, ECF No. 721. The court has reviewed the fee applications, exhibits, and briefs filed on this issue. See ECF Nos. 744, 745, 753, and 757. The court has determined not to convene oral argument on RLI's attorneys' fees and expenses application, finding that the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

### Overview

In the August 12, 2021, Order, the court found defendants Nexus Services, Inc., Libre by Nexus, Inc., and Homes by Nexus, Inc., (collectively "Nexus" or "the Nexus defendants") "in contempt for failing to make the payments in compliance with §§ A.1. and A.2. of the October 23, 2020, Order." Order, ECF No. 721, at 8. While the court found that Nexus failed to comply with the financial records requirements of § C.3. of the October 23, 2020, Order, the court declined to find that Nexus acted in bad faith as regards the books and records aspect of the injunctive relief ordered on October 23, 2020. The Order stated that "[t]he court finds

1

that Nexus made good faith efforts to satisfy the financial records requirement, or § C.3, of the October 23, 2020, Order." Id. at 7. After finding "Nexus in civil contempt for failing to deposit the collateral security and additional security required by §§ A.1. and A.2. of the October 23, 2020, Order," id. at 10, the court ordered Nexus to pay reasonable "legal fees and expenses to remedy Nexus's contempt." Id.

Under the plain terms of the court's August 12, 2021, Order, therefore, while RLI may recover attorneys' fees and expenses related to Nexus's failure to deposit collateral security and additional security required by §§ A.1. and A.2. of the October 23, 2020, Order, it may not recover attorneys' fees and expenses related to its pursuit of compliance with § C.3., the books and records provision of the October 23, 2020, Order.

RLI's briefing in support of its attorneys' fees and expenses application fails to recognize this salient distinction. In its response, Nexus does not take issue with the hourly rates charged or the amount of time billed by either the Watt Tieder lawyers or the Special Master. As such, the reasonableness of the hourly rates and work performed by both the Watt Tieder law firm and the Special Master is undisputed. Instead, Nexus asserts that most of the fees sought by RLI relate to RLI's efforts regarding the books and records aspect of the October 23, 2020, Order, and that only twenty (20) percent of the fees sought concern the issue of its failure to deposit collateral security, as to which it was found in contempt. While the court agrees with Nexus that RLI may only recover attorneys' fees and expenses related to Nexus's contempt of the collateral security provisions of the October 23, 2020, Order, §§ A.1. and A.2., it disagrees with Nexus that twenty (20) percent is the appropriate figure.

**Watt Tieder Fees**

The court has reviewed the declarations, exhibits, and briefing provided by RLI in support of its application for attorneys' fees and expenses authorized by the August 12, 2021, Order. See ECF Nos. 744, 745, and 757. The Declaration of Vivian Katsantonis, ECF No. 744-1, helpfully groups the Watt Tieder fees into eleven categories. Id. at 3–12.

One category of Watt Tieder fees, Category b, entitled "Collateral Security Enforcement," is fully covered by the August 12, 2021, Order. Indeed, Nexus does not dispute that this category of fees may be awarded to RLI. Nexus Resp. to Pl.'s Application for Reasonable Legal Fees, ECF No. 753, at 6. ("Out of deference to the Court, Defendants will not contest the unreasonableness or excessiveness of the remaining fees and costs in Plaintiff's application, which amounts to $59,394, as these items at least appear to relate directly to enforcement of §§ A.1 and A.2, i.e., the subject of the Contempt Order."). Accordingly, the court will award RLI, as sanctions for Nexus's contempt, the Watt Tieder fees in Category b, $59,394, pursuant to the August 12, 2021, Order.

Two other categories, Category a, entitled "Nexus Books and Records Enforcement," and Category j, entitled "Bilateral Reviews," concern books and records issues as to which Nexus was not found in contempt in the August 12, 2021, Order. Accordingly, the court will not award Watt Tieder fees falling within Categories a and j.

Two categories of fees concern the Special Master, whose efforts spanned both the collateral security and books and records provisions of the October 23, 2020, Order. In Category f, entitled "Special Master Conferences," RLI requests $11,933.50 in Watt Tieder fees, and in Category g, entitled "Special Master Correspondence, Reports, and Conference

3

Preparation," RLI requests $135,459.50 in Watt Tieder fees. Together, Categories f and g total $147,393. Review of the billing statements from the Special Master's law firm, Wharton, Aldizer & Weaver, ECF No. 744-4, reflects that the Special Master devoted substantial efforts on both the collateral security and books and records issues. Nexus suggests that the court allocate the fees as being eighty (80) percent directed to books and records issues and twenty (20) percent directed to collateral security. Nexus Resp., ECF No. 53, at 4. The court disagrees that such an allocation fairly reflects what happened before it during the first eight months of 2021, and the court's recollection in that regard has been confirmed by its recent review of the briefs filed and transcripts of hearings conducted during this period. The court finds that the briefing and argument were roughly equally divided between enforcement of the collateral security and books and records provisions of the October 23, 2020, Order. Accordingly, the court will award RLI, as sanctions for Nexus's contempt, one-half of the Watt Tieder fees for Categories f and g, totaling $73,696.50, pursuant to the August 12, 2021, Order.

RLI seeks $40,387 in fees associated with work Watt Tieder performed in December 2020 and January 2021 leading up to its filing of the Motion to Show Cause, ECF No. 607, on December 8, 2020, and for work associated with its Reply Brief, ECF No. 622. These fees are collected in Category c, entitled "Motion for Order to Show Cause why Nexus Should Not be Held in Contempt." Review of the briefing and argument made at the hearing conducted on March 5, 2022, reveals that Nexus's failures to meet both the collateral security and books and records provisions of the October 23, 2020, Order were addressed. See Hr'g Tr., ECF No. 646. Accordingly, the court will award RLI, as sanctions for Nexus's contempt, one-half of

4

the Watt Tieder fees requested in Category c, $20,193.50, pursuant to the August 12, 2021, Order.

Three categories of Watt Tieder fees, Category d, entitled "March 4, 2021 Hearing Preparation, Participation, and Strategy," Category i, entitled "July 15, 2021 Hearing Preparation, Participation, and Strategy," and Category k, entitled "August 10, 2021 Hearing Preparation, Participation, and Strategy," concern fees associated with enforcement and contempt hearings held in this case. Together, the Watt Tieder fees in Categories d, i, and k total $83,012. Again, review of the transcripts of these hearings demonstrates that both the issues of collateral security and books and records were substantially addressed. See Hr'g Trs., ECF Nos. 646, 705, and 727. In particular, at the day-long evidentiary hearing on August 10, 2021, the court heard testimony and argument on the status of Nexus's collateral security payments and the access granted RLI to Nexus's books and records. During the course of this marathon evidentiary hearing, both the collateral security and books and records issues were debated at length. Accordingly, the court will award RLI, as sanctions for Nexus's contempt, one-half of the Watt Tieder fees requested in Categories d, i, and k, totaling $41,506, pursuant to the August 12, 2021, Order.

RLI also asks the court to award as sanctions the Watt Tieder fees concerning two other sets of briefs, one on Enforcement Remedies available to the court for Nexus's noncompliance with the October 23, 2020, Order, ECF Nos. 647 and 649 (Category e), and the other on RLI's Request to Appoint a Third Party under Rule 70 or a Receiver under Rule 66, ECF Nos. 694 and 709 (Category h). Together, the fees in Categories e and h total $77,347.50. These briefs concern the remedies available to the court for violation of the

Court's October 23, 2020, Order, and all but a two-page rebuttal brief, ECF No. 649, substantially address both the collateral security and the books and records issues. As RLI argued that breach of both the collateral security and books and records provisions justified the remedies it sought, the court will award RLI, as sanctions for Nexus's contempt, one-half of the Watt Tieder fees requested in Categories e and h, totaling $38,673.75, pursuant to the August 12, 2021, Order.

### Supplemental Request for Watt Tieder Fees

Following its initial fee submission, RLI filed a supplemental fee request, seeking an additional $81,465.50 in fees. Supp. to RLI's Application for Reasonable Fees, ECF No. 745. The court has reviewed the Supplemental Declaration of Vivian Katsantonis, ECF No. 745-1, and Exhibit D thereto, a supplemental spreadsheet of Watt Tieder billing entries. Review of this spreadsheet reveals that the time entries contained therein largely concern the issue of Nexus's production of its books and records. As such, these fees will not be awarded as sanctions under the August 12, 2021, Order.

### Watt Tieder Expenses

Nexus made no response to the request by RLI for payment of $2,368.94 in Watt Tieder expenses. As this amount is undisputed, the court will award RLI, as sanctions for Nexus's contempt, Watt Tieder's expenses in the amount of $2,368.94, pursuant to the August 12, 2021, Order.

### RLI's Share of Special Master Fees

RLI sought as sanctions the fees it paid to the Special Master, totaling $44,503.01. As noted above, the Special Master devoted substantial effort to both the collateral security and

books and records issues. Accordingly, the court will award RLI, as sanctions for Nexus's contempt, one-half of the fees paid by RLI to the Special Master, $22,251.50, pursuant to the August 12, 2021, Order.

### Forensic Accountant Fees

RLI also sought as sanctions $29,774.02 in forensic accountant fees (Verity, LLC). These expert witness fees were incurred in connection with the books and records portion of the October 23, 2020, Order. As such, these fees will not be awarded as sanctions under the August 12, 2021, Order.

### Summary

Accordingly, the court **ORDERS** that Nexus Services, Inc, Libre by Nexus, Inc., and Homes by Nexus, Inc., jointly and severally, pay RLI the total sum of $258,084.19 in fees and expenses as sanctions for Nexus's contempt as found in the August 12, 2021, Order. This award is in addition to any other judgment, fine or fee imposed against the Nexus defendants in this case.

The court finds that these attorneys' fees and expenses, imposed as sanctions, are both just and specifically related to the Nexus defendants' violations of §§ A.1. and A.2. of the October 23, 2020, Order as a result of the failure to deposit collateral security and additional security as found in the August 12, 2021, Order. See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707 (1982).

It is so **ORDERED**.

Entered: July 8, 2022

Michael F. Urbanski
Chief United States District Judge

Digitally signed by Michael F. Urbanski
Chief U.S. District Judge
Date: 2022.07.08 16:21:36 -04'00'

7