# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | | |
|---|---|---|
| **RLI INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **5:18-cv-00066-MFU-JCH** |
| **NEXUS SERVICES, INC.,** *et. al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION TO QUASH THIRD PARTY SUBPOENAS

COMES NOW Defendants, NEXUS SERVICES, INC., LIBRE BY NEXUS, INC., and HOMES BY NEXUS, INC. (collectively, "Nexus"), by and through undersigned counsel, and file this Motion to Quash Third Party Subpoenas. In support thereof, Defendants state:

## BACKGROUND

Since December 2020, RLI has continued to creatively go after Defendants records, bank accounts and business relationships to recoup attorney's fees awarded as damages in the Court's October 23, 2020, Order in favor of RLI (ECF No. 585) (the "Final Order").

Plaintiffs' fresh batch of subpoenas propounded to a third party (Ex. A) fails to conform to the requirements of applicable discovery rules.

## ARGUMENT AND CITATION TO AUTHORITY

**I.    Scope of Plaintiff's Discovery Demands Have Expanded, Driving an Increase in Waste and Abuse that the Rules Were Designed to Prevent.**

The Federal Rules of Civil Procedure ("FRCP") provide a thoughtful mechanism to ensure litigants in federal court can litigate their disputes efficiently and in an orderly manner. Plaintiff's continue to serve subpoenas (and garnishments) on financial institutions and third

parties (and potentially more unknown subpoenas), to the detriment of Defendants' business relationships and market reputation. The Plaintiff's discovery requests would force Defendants, Plaintiffs, and non-parties to expend significant effort and judicial resources, all the while driving up additional attorney fees per the language of the Final Order in the hopes of racking up additional fees which Defendants will inevitably be on the hook to pay.

Defendants additionally believe that Plaintiff's approach to discovery—both party discovery and third-party discovery—defeats efficiency because, already as it stands, the requests are duplicative, as Plaintiff already receives large measures of discovery of the financial records over several years.  The third-party subpoena is duplicative, burdensome and only serves to frustrate outgoing business relationships.

**II.    Plaintiff's Discovery Demands in its Third-Party Subpoena Far Exceed the Scope of Federal Rule of Civil Procedure 26(b), and Ought to Be Quashed.**

While Plaintiff certainly has the right under Rule 45 of the FRCP to issue subpoenas for evidence needed from third parties, that right is not unfettered. Also, Plaintiff has benefited from years of discovery and now continue to use the Final Order to harass and frustrate Defendant's ongoing operations and business relationships. Here, Plaintiff's tactics runs roughshod over all these goals. Plaintiff's approach harms all Defendants.  The subpoenaed entity is a comprehensive global provider of cloud-based human capital management solutions.  It synthesizes HR, payroll, talent, time, tax and benefits administration.  Nexus uses the services of the subpoenaed entity to track time off accumulation and usage, payroll, payroll taxes and medical benefits.  Without it, Nexus would be unable to manage its business operations and its most important asset: its employees.

Plaintiff's subpoena fall short of the rules and extends beyond the scope of discovery set out in Rule 26 of the FRCP, as established in the Fourth Circuit. The Court of Appeals recently provided binding guidance on the more exacting standards that apply to non-party discovery.  *See Virginia Dept. of Corrections v. Jordan*, 921 F.3d 180 (4th Cir. 2019). As the Court of Appeals

first noted when it affirmed a lower court's grant of a motion to quash a third-party subpoena, "all civil discovery, whether sought from parties or nonparties, is limited in scope by Rule 26(b)(1) in two fundamental ways. First, the matter sought must be 'relevant to any party's claim or defense.' … [Second,] discovery must also be 'proportional to the needs of the case.'" *Id.* at 189. "When discovery is sought from nonparties, however, **its scope must be limited even more**." *Id.* (emphasis added). "For example, a party's email provider might well possess emails that would be discoverable from the party herself. But unless the email provider can offer important information **that cannot be obtained from the party directly**, there would be **no cause** for a subpoena against the provider." *Id.* (emphasis added). Thus, if the information is truly relevant, the requesting party must "be able to explain **why it cannot obtain the same information**, or comparable information that would also satisfy its needs, **from one of the parties to the litigation**." *Id.* (emphasis added). Further, "courts should consider not just the relevance of information sought, but the requesting party's need for it." *Id.* at 190. Simply put, a subpoena should not seek "information beyond what the requesting party reasonably requires." *Id.* And when the court is considering the burdens or "privacy or confidentiality interests" implicated by a subpoena, the reviewing court should "consider the interests of the recipient of the subpoena, as well as others who might be affected." *Id.*

The Court of Appeals held that third parties require special consideration since they do not have a stake in the case. "Bystanders should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery." *Id.* at 189. "As under Rule 26, the ultimate question is whether the benefits of discovery to the requesting party outweigh the burdens on the recipient. . . But courts must give the recipient's nonparty status 'special weight,' leading to an even more 'demanding and sensitive' inquiry than the one governing discovery generally." *Id.* (citing *In re Public Offering PLE Antitrust Litig.*, 427 F.3d 49, 53 (1st Cir. 2005)). After all, "[a] nonparty should not have to do the work of tailoring a subpoena to what the requesting party needs; the requesting party should have done that before serving it." *Id.* at 190.

3

Here, the entity that received Plaintiff's subpoena has no stake in the case. They are mere bystanders—not to be drawn into this litigation without good reason, even if we assumed they may have information that is within the scope of party discovery (and they do not). Rule 26 carefully delineates the boundaries of third-party discovery, requiring courts to examine whether Plaintiff's subpoena would satisfy the "demanding and sensitive" inquiry that is operative here. In other words, the subpoena is deserving of more careful scrutiny. After undertaking such scrutiny, the Court here can conclude, as did the district court in the underlying case in *Jordan*, that Plaintiff have not bothered to do the work of tailoring the subpoena to what Plaintiff needs. Moving forward, the entity ought not be transformed to be collection agents for Plaintiff; they should not be forced to expend the resources to tailor the subpoenas for them simply because of Plaintiff's decision not to do so beforehand.

The next question, then, is whether Plaintiff's subpoena passes the test established in this district under Rule 26? The answer is: No. In *Gilmore v. Jones*, No. 3:18-CV-00017, 2021 WL 2709669 (W.D. Va. July 1, 2021), similar to *Jordan*, the court held that the third-party subpoena was "overbroad, irrelevant, and disproportionate to the needs of the case." *Id.* at *13. Here, the Plaintiff's subpoena is overbroad, irrelevant, and disproportionate to the needs of the case.

Additional facts further demonstrate the subpoena should be quashed. When deciding whether a subpoena meets the Rule 26 standard, courts are instructed to consider three additional factors: (1) "whether the requesting party 'need[s]' the information sought, meaning that the information 'likely (not just theoretically)...offer[s] some value over and above what the requesting party already has'"; (2) "whether the requesting party can obtain the same or comparable information 'that would also satisfy its needs' from other sources"; and (3) "whether the request will impose a 'cognizable burden[ ]' on the nonparty."" *Jones*, at *7  (quoting *In re Pub. Offering PLE Antitrust Litig.*, 427 F.3d 49, 53 (1st Cir. 2005)).

Here, all three factors establish the subpoenas' defect. First, as we have noted above, the Plaintiffs have already engaged in year of litigation and possess thousands of pages of document and benefits from financial disclosures from Defendants. Therefore, Plaintiff's subpoenas would

not satisfy a legitimate need for evidence—as they would be duplicative of what Plaintiffs already have. Second, if the Motion to Quash is denied and it becomes to turn over the discovery, Defendants would be happy to work directly with Plaintiff to respond to appropriately tailored requests for discovery, including any proper request for relevant financial information, that Plaintiffs presented to Defendants by way of third-party discovery. As a result, there is simply no need to burden third-party actors, who have no stake in this matter, to respond when Plaintiff can more efficiently obtain the information from other sources (assuming they do not currently possess the information already). Third, it is Defendants' understanding that the extreme breadth and number of duplicative requests propounded on the third parties would impose a significant burden on the third parties, and also negatively impact the Defendants' business relationships and operations.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court enter an Order quashing the third-party subpoena issued in the case. Further, in the alternative of granting the motion to quash, Defendants respectfully request that the Court enter a protective Order requiring Plaintiffs to revise their third-party subpoenas to conform to Rule 26 of the FRCP.

Respectfully submitted this 2nd day of November 2022,


/s/ CHRISTOPHER M. OKAY
Christopher M. Okay (VSB #35611)
Chris Okay, Attorney at Law
117 South Lewis Street, Suite 218
Staunton, Virginia 24401
Tel: (540) 466-3130
chrisokay@icloud.com

*Counsel for Defendant*

/s/ CARL A. ANDERSON
Carl A. Anderson

5

Rock Spring Law Group, PLLC
1050 30th Street, NW
Washington, DC 20007
Tel: (202) 258-2776
caa@rockspringlaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of November 2022, a copy of the foregoing was filed via CM/ECF, which will send a notification of such filing to all counsel of record.

By:

/s/ CHRISTOPHER M. OKAY
Christopher M. Okay (VSB #35611)
Chris Okay, Attorney at Law
117 South Lewis Street, Suite 218
Staunton, Virginia 24401
Tel: (540) 466-3130
chrisokay@icloud.com

*Counsel for Defendant*

/s/ CARL A. ANDERSON
Carl A. Anderson
Rock Spring Law Group, PLLC
1050 30th Street, NW
Washington, DC 20007
Tel: (202) 258-2776
caa@rockspringlaw.com

*Counsel for Defendant*