IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
| Plaintiff, | ) | Civil Action No. 5:18-cv-00066 |
| | ) | |
| v. | ) | REPORT & RECOMMENDATION |
| | ) | |
| NEXUS SERVICES et al., | ) | By:   Joel C. Hoppe |
| Defendants. | ) | United States Magistrate Judge |

This matter is before the Court on Plaintiff RLI Insurance Company's ("RLI") brief supporting its request for attorneys' fees and costs, Pl.'s Br. in Supp., ECF No. 799, related to RLI's successful motions to compel discovery from Defendants Nexus Services, Libre by Nexus, and Homes by Nexus ("Nexus Defendants") and from three nonparty Entities ("the Entities"), ECF Nos. 650, 652; *see* Fed. R. Civ. P. 37(a)(5)(A), and motions to hold the Nexus defendants and the Entities in civil contempt for failing to obey prior discovery orders, ECF Nos. 677, 684; *see* Fed. R. Civ. P. 37(b)(2)(C)). *See* Civil Contempt Order 2 ¶ 5 (July 8, 2022), ECF No. 797.

On July 8, 2022, the Honorable Michael F. Urbanski, presiding District Judge, held the Nexus defendants and the Entities in civil contempt for violating discovery orders that I issued on May 27, 2021, and August 25, 2021. *See* Mem. Op. 3–10, 13–17 (citing ECF Nos. 665, 733), ECF No. 796. He also awarded RLI its "reasonable attorneys' fees and costs incurred in relation to the briefing and arguing of [its] motions to compel, ECF Nos. 650 and 652, and motions for contempt, ECF Nos. 677 and 684," and directed that such award was "jointly and severally imposed on the Nexus defendants, the Entities, and Micheal Donovan." Civil Contempt Order 2 ¶ 5. On August 4, RLI filed a brief with supporting exhibits seeking $30,204.02 in fees and costs billed by two attorneys at Woods Rogers Vandeventer Black. *See* Pl.'s Br. in Supp. 1, 3; *id.* Ex. 1, Decl. of Dustin M. Paul, Esq. 3–8 (billing records), ECF No. 799-1. Neither the Nexus

1

defendants, the Entities, nor Mr. Donovan filed objections within the thirty days allowed by Chief Judge Urbanski's Order. *See* Civil Contempt Order 2 ¶ 5. Accordingly, the Court considers RLI's fee request to be unopposed. Sched. Order ¶ 8, ECF No. 77.

RLI seeks $29,129.50 in fees for 109.6 attorney hours expended on matters related to the four motions, plus $1,074.52 in related out-of-pocket expenses, for a total proposed award of $30,204.02. *See* Pl.'s Br. in Supp. 1, 3; *id.* Ex. 1, at 3–8.[1] For the reasons explained below, I respectfully recommend that RLI is entitled to recover **$20,743.00** in attorneys' fees for **85.7** hours expended in relation to the briefing and arguing of RLI's motions to compel, ECF Nos. 650, 652, motions for contempt, ECF Nos. 677, 684, and this fee petition, ECF No. 799, plus **$1,074.52** in related expenses, for a total fees and costs award of **$21,817.52** jointly and severally imposed on the Nexus defendants, the Entities, and Mr. Donovan. This recommended award reflects the exclusion of multiple entries billing for work that was not performed "in relation to the briefing [or] arguing of RLI's . . . motions for contempt, ECF Nos. 677 and 684," Civil Contempt Order 2 ¶ 5; *see, e.g.*, Pl.'s Br. in Supp. Ex. 1, at 5–6 (entries dated Nov. 17–Dec. 15, 2021; Jan. 13–Feb. 23, 2022), as well as a 50% reduction in the $295 hourly rate billed by Mr. Paul for traveling to and from hearings on those motions, Pl.'s Br. in Supp. Ex. 1, at 5–6 (entries of Aug. 24–25, 2021, and Feb. 24–25, 2022). *See, e.g.*, *Doe v. Alger*, No. 5:15cv35, 2018 WL 4655749, at *11 (W.D. Va. Sept. 27, 2018) (Dillon, J.) (reducing by one-half attorney's hourly rate for time spent traveling). It also cuts some excessive attorney hours spent preparing this fee petition. On the whole, however, RLI has shown that it is entitled to the requested attorneys' fees and expenses authorized by Chief Judge Urbanski's civil contempt order, ECF No. 797.

I. The Legal Framework

---

[1] Pinpoint citations to documents filed on the electronic docket use the "Page X of Y" header numbers generated by CM/ECF.

The "basic point of reference when considering [an] award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his [or her] own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–53 (2010) (quotation marks omitted). RLI's request for attorneys' fees related to briefing and arguing the four underlying motions (ECF Nos. 650, 652, 677, and 684) falls primarily under Rule 37 of the Federal Rules of Civil Procedure, which "partially abrogate[s] the American Rule," *Wilkins v. Gaddy*, 734 F.3d 344, 349 (4th Cir. 2013), by shifting fees where a litigant fails in specific ways to cooperate in discovery. *See, e.g.*, Fed. R. Civ. P. 37(a), (b), (d). Two such failures are relevant here. *See* Mem. Op. 3–10, 13–17; Show Cause Order & Cert. 4–5 & n.2 (citing Fed. R. Civ. P. 37(a)(1)–(2), (b)(2)(A)), ECF No. 761.

First, if a motion to compel discovery "is granted . . . the court must, after giving an opportunity to be heard, require the party [or nonparty] whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," Fed. R. Civ. P. 37(a)(5)(A). *See generally* Show Cause Order & Cert. 5 n.2 (collecting cases). Second, if a party or its agent "fails to obey an order to provide or permit discovery," Fed. R. Civ. P. 37(b)(2)(A), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure," Fed. R. Civ. P. 37(b)(2)(C). "Each subsection further contains a safe harbor clause," *Sines v. Kessler*, No. 3:17cv72, 2021 WL 7906208, at *2 (W.D. Va. Dec. 1, 2021) (cleaned up), that prohibits otherwise mandatory fee shifting in certain circumstances, Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii), (b)(2)(C). Those exceptions are not applicable here. *See Sines*, 2021 WL 7906208, at *7.

Separately, because Rule 37(b)(2) expressly "applies only when 'a party' or its agent fails to obey a discovery order, . . . the court where the action is pending must rely on some other source of authority," Show Cause Order & Cert. 5 n.2 (quoting Fed. R. Civ. P. 37(b)(2)(A)), to shift attorneys' fees to a nonparty, like the Entities or Mr. Donovan in this case, who violates a court order directing the nonparty to produce relevant materials within its custody or control, *see id.* (collecting cases). Here, the district court may safely rely on its "inherent power[] to enforce compliance with [its] lawful orders," *id.* (quoting *Spallone v. United Sates*, 493 U.S. 265, 276 (1990)), by shifting fees to the Entities (and Mr. Donovan as the person responsible for their discovery responses) for deliberately disregarding the May 27, 2021, and August 25, 2021, discovery orders, *see* Mem. Op. 9–10. *See, e.g.*, *Henderson v. City of Woodbury*, Civ. No. 15-3332, 2016 WL 11020059, at *1–2 (D. Minn. Nov. 4, 2016) (discussing federal court's inherent contempt authority in recommending that nonparty witness be required to reimburse movant's fees and expenses caused by nonparty's failure "to appear as ordered by the Court" at show-cause hearing and deposition), *adopted*, 2016 WL 11020058 (D. Minn. Dec. 1, 2016); *cf. Mountain Valley Pipeline v. Easements to Construct, Operate & Maintain a Natural Gas Pipeline*, No. 7:17cv492, 2020 WL 2575507, at *3–4 (W.D. Va. May 21, 2020) (Dillon, J.) (noting that "[t]he remedy for civil contempt includes an order for reimbursement of reasonable expenses" incurred in bringing contempt proceedings, and awarding attorneys' fees and expenses against two nonparties who willfully and deliberately violated the court's prior injunction order) (citing *Colonial Williamsburg Found. v. Kittinger Co.*, 38 F.3d 133, 134, 138 (4th Cir. 1999)).

The party seeking attorneys' fees always "bears the [initial] burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Project Vote/Voting for Am. v. Long*, 887 F. Supp. 2d 704, 709 (E.D. Va. 2012) (citing *Hensley*

4

*v. Eckerhart*, 461 U.S. 424, 437 (1983)); *see Rainbow Sch., Inc. v. Rainbow Early Educ. Hldg.*, 887 F.3d 610, 620–21 (4th Cir. 2018) (inherent authority); *Flame S.A. v. Indus. Carriers, Inc.*, No. 2:13cv658, 2014 WL 7185199, at *3 (E.D. Va. Dec. 16, 2014) (Rule 37) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008)). If the movant makes this showing, the burden shifts to the "disobedient party to avoid expenses by showing that his failure [was] justified or that special circumstances make an award of expenses unjust." *Porter v. Johnson*, Civ. No. 04-2121, 2008 WL 2566749, at *1 (D.D.C. June 25, 2008) (quoting Fed. R. Civ. P. 37 advisory committee's note to 1970 amendment). This "ensures that the disobeying party, rather than the innocent party, bears those costs." *In re Boston Sci. Corp.*, MDL No. 2326, 2015 WL 6043795, at *2 (S.D. W. Va. Oct. 15, 2015).

### III. Discussion

#### A.    *Lodestar Figure*

A fee award "is calculated using the lodestar method, in which the court multiplies a reasonable hourly rate by a reasonable number of hours expended," *Smith v. Dist. of Columbia*, 249 F. Supp. 3d 106, 110 (D.D.C. 2017). *See Mountain Valley Pipeline*, 2020 WL 2575507, at *3–4. The court's decision about "what constitutes a 'reasonable' number of hours and rate," *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009), is guided by twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978) (citing *Johnson v. Ga. Hwy. Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974)). Generally, the court need only "determine the time and labor expended and the customary fees for like work and then consider whether to adjust the fee on the basis of other factors, briefly explaining any adjustment." *Rainbow Sch.*, 887 F.3d at 620–21. When the applicant carries its "burden of showing that the claimed rate and number of hours are reasonable, the resulting [lodestar amount] is presumed to be the reasonable fee," *Blum v. Stenson*, 465 U.S. 886, 897 (1984). *See McAfee v. Boczar*, 738 F.3d 81, 88–89 (4th Cir. 2013); *Davis v. Uhh Wee, We Care Inc.*, Civ. No. ELH-17-494, 2019 WL 3457609, at *10 (D. Md. July 31, 2019) (Rule 37(b)(2)(C)); *Scott v. Clarke*, No. 3:12cv36, 2014 WL 1463755, at *5–6 (W.D. Va. Apr. 15, 2014) (Moon, J.) (Rule 37(a)(5)(A)); *Victor Stanley, Inc. v. SCH Enter.*, No. RDB-06-2662, 2021 WL 3510588, at *2–3 (D. Md. Aug. 10, 2021) (inherent authority).

     1.    *Hourly Rate*

     The legal market in central Virginia provides the benchmark for establishing reasonable hourly rates in this case. *See, e.g.*, *Doe*, 2018 WL 4655749, at *8 n.10 (Harrisonburg market). Here, RLI seeks rates of $240 per hour for work performed by Jennifer Lynne Eaton, Esq. ("JLE") and $295 per hour for work (including travel) performed by Dustin M. Paul, Esq. ("DMP"). *See* Pl.'s Br. in Supp. 1; Pl.'s Ex. 1, at 3–7. RLI did not submit any evidence about the attorneys' experience or qualifications. *See generally* Paul Decl. ¶¶ 1–5. Nonetheless, the court may rely on its familiarity with the local market and look to recent decisions awarding fees for similar work in similar cases. *See Rogers v. Summit Receivables*, No. 3:17cv69, 2018 WL 1161144, at *4 (W.D. Va. Mar. 5, 2018) (Conrad, J.). I find that rates of $240 and $295 per attorney work hour is within the "reasonable range of rates for a case of this nature in the Harrisonburg market," *see Doe*, 2018 WL 4655749, at *8 n.10 (finding that rates of $350–$400

per hour for "experienced" attorneys were "at or near the top end of any reasonable range of rates for a [§ 1983] case . . . in the Harrisonburg market"). However, I recommend awarding one-half of Mr. Paul's hourly rate ($147.50) for time he spent traveling between Norfolk and Harrisonburg or Roanoke for the hearings on these motions. *See, e.g.*, *id.* at *11 (same).

> 2.    *Hours Claimed*

Next, RLI must "document[] the appropriate hours," *Project Vote*, 887 F. Supp. 2d at 709 (citing *Hensley*, 461 U.S. at 437), spent "briefing and arguing" the underlying motions, *see* Civil Contempt Order 2 ¶ 5. This requires "reliable contemporaneous recordation of time spent on legal tasks that are described with reasonable particularity" so the court can "weigh the hours claimed and exclude hours that were not reasonably expended." *Guidry v. Clare*, 442 F. Supp. 2d 282, 294 (E.D. Va. 2006) (cleaned up). Counsel also "should make a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary," *Hensley*, 461 U.S. at 434. *See Lopez v. XTEL Contr. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (citing *Travis v. Prime Lending*, No. 3:07cv65, 2008 WL 2397330, at *4 (W.D. Va. June 12, 2008) (Moon, J.))).

"Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. It may do so "by identifying and disallowing specific hours that are not adequately documented, . . . by reducing the overall fee award by a fixed percentage or amount based on the trial court's familiarity with the case, its complexity, and the counsel involved," *Guidry*, 442 F. Supp. 2d at 294, or by some reasoned combination of the two, *see Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona*, 188 F. Supp. 3d 333, 337 (S.D.N.Y. 2016) ("There is no precise rule or formula for determining a proper attorney's fees award; rather, the district court should exercise its equitable discretion in light of all relevant

factors."). *See also Fox v. Vice*, 563 U.S. 826, 838 (2011) (noting that "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time," insofar as the "essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection"). The award should be tailored "to compensate only for [reasonable] costs caused by the wrongful conduct," *Six v. Generations Fed. Credit Union*, 891 F.3d 508, 521 (4th Cir. 2018). *See also* Fed. R. Civ. P. 37(a)(5)(A), (b)(2)(C).

Ms. Eaton and Mr. Paul together billed $5,298 for 20.7 attorney hours spent briefing RLI's successful motions to compel discovery from the Nexus defendants and the Entities. Pl.'s Br. in Supp. Ex. 1, at 3 (entries of Apr. 5–May 7, 2021).[2] There is no dispute that this work "is fully covered" by Chief Judge Urbanski's award order, or that the number of hours claimed is reasonable. *See* Order of July 8, 2022, at 3, ECF No. 798. Accordingly, I recommend that the Court award RLI $5,298 for briefing and arguing its motions to compel.

Some of RLI's entries related to its motions for contempt, on the other hand, seek fees that were not "incurred in relation to the briefing [or] arguing of" those motions, Civil Contempt Order 2 ¶ 5. *See, e.g.*, Pl.'s Br. in Supp. Ex. 1, at 5 (JLE entries of July 10–12 & Aug. 25, 2021). For example, Ms. Eaton billed $1,752 for 7.3 hours spent drafting and editing a "Consolidated Reply," *id.* (citing ECF No. 692), that further addressed RLI's motion to compel discovery from a different nonparty, ECF No. 667, and motion to compel three nonparty individuals' attendance at any contempt hearing, ECF No. 686. *See* Pl.'s Br. in Supp. Ex. 1, at 5; Pl.'s Consol. Reply 6–11, ECF No. 692. These "block billed" entries do not specify the time that Ms. Eaton spent briefing the contempt motions, Civil Contempt Order 2 ¶ 5 (citing ECF Nos. 677, 684), versus the time she spent on two other motions for which Chief Judge Urbanski did not award RLI

---

[2] Mr. Paul did not seek his attorneys' fees for arguing those contested motions at the telephonic hearing on May 27, 2021. *See* Min. Entry, ECF No. 664.

attorneys' fees. *Cf. Lusk v. Va. Panel Corp.*, 96 F. Supp. 3d 573, 582–83 (W.D. Va. Mar. 6, 2015) (Urbanski, J.) (noting that federal courts disfavor "block billing," or the practice of "combining several tasks together under a single entry," because it is "impossible to tell how much time was spent on what particular task in order to determine if the time spent was reasonable," and discounting "the total fee award by five percent (5%) to account for counsel's use of block billing" (internal quotation marks omitted)). Accordingly, I recommend cutting one-half of the 7.3 hours billed, Pl.'s Br. in Supp. Ex. 1, at 5 (July 10–12 & Aug. 25, 2021), to account for Ms. Eaton's use of block billing. RLI should be allowed $876.00 for 3.7 hours of Ms. Eaton's time spent on the consolidated reply brief. Overall, RLI's records support awarding **$4,488** for Ms. Eaton's time (18.7 hours * $240/hour) spent on the motions for contempt.

Mr. Paul billed $295 per hour for 8.1 hours ($2,389.50) spent on tasks clearly related to other motions or matters, including RLI's "motion to appoint receiver," ECF No. 694 (filed July 15, 2021), subsequent "renewed motion for sanctions," ECF No. 758 (filed Nov. 22, 2021), and preparing for the February 25, 2022, hearing on those motions, ECF No. 762 (entered Jan. 7, 2022). *See, e.g.*, Pl.'s Br. in Supp. Ex. 1, at 5–7 (DMP entries of Nov. 17–Dec. 15, 2021; Jan. 7–Feb. 23, 2022; Feb. 28, 2022; Mar. 4, 2022; Mar. 14–18, 2022). RLI's motions for contempt, ECF Nos. 677, 684, essentially were uncontested after I issued my Show Cause Order & Certification on December 16, 2021, *see* Mem. Op. 6–7, and it appears those matters were not added to the February 25 hearing's agenda until the afternoon of February 24, 2022, *see* ECF No. 767. The request for $2,389.50 in attorneys' fees for tasks clearly unrelated to the contempt motions should be denied. *See* Civil Contempt Order 2 ¶ 5.

Mr. Paul also seeks $1,416 for 4.8 hours spent advising RLI or discussing the contempt motions with his client. Pl.'s Br. in Supp. Ex. 1, at 5–7 (entries of Dec. 17, 2021; Feb. 3, 2022;

Feb. 14–17, 2022; and Mar. 11, 2022). "[A]ttorney time reasonably spent with clients in preparing a case should be part of the hours compensated in an attorney's fee award. The burden of proving entitlement to compensation, however, rests with the prevailing attorneys." *Daly v. Hill*, 790 F.2d 1071, 1079–80 (4th Cir. 1986) (citing *Hensley*, 461 U.S. at 437). Mr. Paul's affidavit and billing entries "are not detailed. They do not illuminate the way in which" the time that Mr. Paul spent communicating with RLI about the contempt motions "may have aided" him, *id.*, in briefing or arguing those motions. *See* Civil Contempt Order 2 ¶ 5. Accordingly, I cannot conclude that those 4.8 hours were reasonable in this case. The requested $1,416 should be denied. Overall, RLI's records support awarding **$7,405** for Mr. Paul's time spent briefing and arguing the contempt motions (25.1 hours * $295/hour) plus **$2,537** for time spent traveling (17.2 hours * $147.5/hour) to and from two in-person hearings.

RLI may also recover reasonable attorneys' fees for time spent preparing Mr. Paul's affidavit and briefing this fee petition. *See* Civil Contempt Order 2 ¶ 5; *Lismont v. Alexander Binzel Corp.*, 47 F. Supp. 3d 443, 454–55 (E.D. Va. 2014); *O'Neal v. Capital One Auto Finance, Inc.*, No. 3:10cv40, 2011 WL 3877083, at *5 (N.D. W. Va. Aug. 31, 2011). RLI's brief is just over two pages long. Pl.'s Br. in Supp. 1–3. It summarizes the lodestar framework, but it contains almost no substantive analysis applying the relevant factors to support RLI's request for $29,129.50 in attorneys' fees. *See id.* Mr. Paul's affidavit is conclusory and does not provide the information that courts typically use to determine whether a requested hourly rate is reasonable. *See* Paul Decl. ¶¶ 1–5. Nonetheless, RLI seeks $2,287 for 9.3 attorney hours working on the fee petition, most of which were Ms. Eaton researching, drafting, and editing the three-page brief. *See* Pl.'s Br. in Supp. Ex. 1, at 7 (entries of July 26–Aug. 4, 2022). This was a straightforward,

uncontested fee award. The record reasonably supports awarding RLI $720 for three hours of Ms. Eaton's time plus $295 for one hour of Mr. Paul's time working on this fee petition.

### 3.   *Adjusted Lodestar Figure*

After carefully reviewing RLI's brief, exhibit, and declaration in support of its request for attorneys' fees and costs authorized by Chief Judge Urbanski's civil contempt order entered July 8, 2022, ECF No. 797, I find that RLI is entitled to recover **$20,743.00** in attorneys' fees for **85.7** hours expended in relation to the briefing and arguing of RLI's motions to compel, ECF Nos. 650, 652, and motions for contempt, ECF Nos. 677, 684, as well as this fee petition, ECF No. 799. *See* Civil Contempt. Order 2 ¶ 5. More specifically, RLI should receive the full $5,298 for its attorneys' time spent briefing the motions to compel, ECF Nos. 650, 652. RLI's billing records reasonably support awarding $11,893 in attorneys' fees for Ms. Eaton's and Mr. Paul's time spent briefing and arguing the motions for contempt, ECF Nos. 677, 684, plus another $2,537 for Mr. Paul's travel time. RLI should recover $1,015 for a total of four hours spent preparing this fee petition and supporting brief. RLI is not entitled to recover attorneys' fees incurred on any other motion or unrelated matter, including its motion to compel documents from Entlest Brands, Inc., ECF No. 667; its motion to appoint a receiver, ECF No. 694; or its renewed motion for sanctions, ECF No. 758. *See* Civil Contempt Order 2 ¶ 5.

### B.   *Expenses*

RLI's request for $1,074.52 in other costs incurred in relation to briefing and arguing the four underlying motions, Pl.'s Br. in Supp. Ex. 1, at 8, is undisputed. Accordingly, the court should award the full amount requested.

## IV. Conclusion

For the reasons explained above, I respectfully recommend that RLI is entitled to recover **$20,743.00** in attorneys' fees for **85.7** hours expended in relation to the briefing and arguing of RLI's motions to compel, ECF Nos. 650, 652, and motions for contempt, ECF Nos. 677, 684, and preparing this fee petition, ECF No. 799, plus **$1,074.52** in related expenses. The total fee award of **$21,817.52** should be jointly and severally imposed on the Nexus defendants, the Entities, and Mr. Donovan. *See* Civil Contempt Order 2 ¶ 5.

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the presiding District Judge.

The Clerk of Court shall send a certified copy of this Report & Recommendation to all counsel and pro se parties at their addresses of record.

ENTERED: December 1, 2022

Joel C. Hoppe
United States Magistrate Judge