# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| RLI INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 5:18-cv-00066-MFU-JCH |
| NEXUS SERVICES, INC., *et. al.* ) | |
| ) | |
| Defendants. ) | |

### MOTION FOR LEAVE TO FILE LATE RESPONSE TO
### MOTION TO INCREASE SANCTIONS

COMES NOW Defendants, NEXUS SERVICES, INC., LIBRE BY NEXUS, INC., and HOMES BY NEXUS, INC. (collectively, "Nexus"), by and through undersigned counsel, to file this Motion for Leave to File Late Response to Plaintiff's Motion to Increased Sanctions AND to file its Response to Plaintiff's Motion to Increase Sanctions. This Court has determined and ordered contempt sanctions. Dkt. No. 796. Plaintiffs request an increase in sanctions to force compliance with the various discovery orders.

Nexus has paid a total of approximately $16,625 since July of 2022. This total represents the most Nexus has been able to commit to payments in this case. RLI requests an increase in sanctions but this request is not coercive but would be unduly burdensome and would further deepen the inability for Nexus to pay.

Plaintiffs state that the sanctions are insufficient to serve the purpose of encouraging compliance with the various discovery requests. The opposite is true. Ordering increased sanctions will only increase the amount that will remain unpaid. Nexus' revenues continue to

1

suffer significant declines. Nexus will pay the assessed fines when it is able to do so and takes that responsibility seriously.; however, sanctions by their nature are designed to be coercive. Currently, Nexus is unable to pay these amounts. Issuing judgments will only serve to turn a remedy that was supposed to be coercive to a remedy that simply punishes, akin to a fine in a criminal contempt proceeding. Additionally, Richard Moore is no longer an owner of Nexus and has not been for more than a year. Evan Ajin would also be not be a proper party due to the fact that he would be unable to pay any fine and imposing the fine on him as a party would not have the desired coercive effect.

## ARGUMENT

Sanctions are designed to bring about compliance – not to be punitive and destroy a company. If the sanctions are not coercive but are in fact punishing, then they belong in criminal contempt, not civil. *See generally In re Murray Stewart,* 571 F.2d 958. 963 (5th Cir. 1978). "The nature of the proceeding may be determined from the purpose of the penalty. Civil contempt is remedial; the penalty serves to enforce compliance with a court order …. Criminal contempt is punitive; the penalty serves to vindicate the authority of the court and does not terminate upon compliance with a court order." *Citing U. S. v. Rizzo*, 539 F.2d 458, 463 (5th Cir. 1976); *Lewis v. S. S. Baune*, 534 F.2d 1115, 1119 (5th Cir. 1976). *See also In re General Motors Corp.*, where the Court found that the appropriate remedy for civil contempt is within the court's broad discretion. *See In re General Motors Corp.*, 61 F.3d 256, 259 (4th Cir. 1995) and *See Generally McComb v. Jacksonville Paper Co*., 336 U.S. 187, 193-94, (1949). Remedies and sanctions must be remedial and compensatory and, unlike criminal contempt, nonpunitive. *U.S. v. United Mine Workers*, 330 U.S. 258, 302-04 (1947).

As Nexus has stated although the Court wanted "specificity and peculiarity," it is not

holding on to documents we haven't produced. RLI continues to reproduce items that likely have been turned over in discovery during prior phases of the litigations to which Nexus no longer has access to and cannot respond. Nexus cannot produce what is no longer in its possession. Higher fines aren't coercive, they are in fact destructive and will not achieve the desire intention.

      As stated earlier, Nexus has made voluntary payments to RLI albeit in small amounts within the last month. Nexus, to the best of its ability, continues to navigate a very challenging economic crisis, Nexus has made payments to RLI and wishes to produce relevant financial information that RLI is entitled to receive, however the company's efforts have been slowed because of the current economic uncertainty affecting revenues and outside influences that have made it difficult to produce materials it has already produced. Nexus has had multiple counsel over multiple years in this case and is still trying to locate all of the productions that have been made to Plaintiffs previously. That effort has been hampered further by Nexus losing access to a discovery vendor, and then having its offices illegally searched by the Augusta County Sheriff. Nexus has no access to the various documents seized by the Sheriff. Pursuant to this end, and in compliance with the Court's Order, Nexus would like to propose and invite RLI to participate in a live bicameral review session. Nexus would request that the Plaintiffs submit a list of items they'd like to view at least a week prior to the date of the review, so that Nexus can insure that RLI has access to anything it requests, or can help RLI understand why Nexus cannot produce any item that is no longer in its custody or control.

      Finally, RLI continues to ask for more and more with its request regarding entering a separate judgement so the defendants can enforce the sanction order. With all due respect to the Court, this result would be absurd given the means RLI has used the underlying judgement to collect and garnish at least $266,455.23 to date. Meanwhile, RLI holds millions of dollars in

collateral payments and sees hundreds of their bonds being cancelled and exonerated by the U.S. government since the initial Order. RLI is painfully aware of Nexus' economic challenges.

RLI's use of the injunctive relief enforcement process is sabotaging and dismantling the company. While Nexus is still able to operate in a limited fashion under these conditions, RLI has received millions of dollars above their actual losses. As a result, Nexus's financial condition has worsened. This Court warned RLI to "be careful what you ask for" when RLI was asking the Court for increased injunctive relief enforcement. The Court enforced its order and Nexus barely made the payments through loans and exhausting existing revenue, fulfilling its financial responsibilities under the Court's collateral demand. RLI no longer has the ability to use the injunctive power of the Court to force Nexus' closure, and is seeking use of the Court's civil contempt power to punish Nexus to achieve this goal. It may be effective, but its effect would be improper under the law and punitive in nature. *Id.*

## CONCLUSION

For the foregoing reasons, Nexus respectfully requests that this Court stay the imposition of further sanctions and permit Nexus to produce the requested financial information the Plaintiffs are due.

Respectfully submitted this 7th day of December 2022,

/s/ CHRISTOPHER M. OKAY
Christopher M. Okay (VSB #35611)
Chris Okay, Attorney at Law
117 South Lewis Street, Suite 218
Staunton, Virginia 24401
Tel: (540) 466-3130
chrisokay@icloud.com

*Counsel for Defendant*

/s/ CARL A. ANDERSON
Carl A. Anderson
Rock Spring Law Group, PLLC
1050 30th Street, NW
Washington, DC 20007
Tel: (202) 258-2776
caa@rockspringlaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on this 7th day of December 2022, a copy of the foregoing was filed via CM/ECF, which will send a notification of such filing to all counsel of record.

By:

/s/ CHRISTOPHER M. OKAY
Christopher M. Okay (VSB #35611)
Chris Okay, Attorney at Law
117 South Lewis Street, Suite 218
Staunton, Virginia 24401
Tel: (540) 466-3130
chrisokay@icloud.com

*Counsel for Defendant*

/s/ CARL A. ANDERSON
Carl A. Anderson
Rock Spring Law Group, PLLC
1050 30th Street, NW
Washington, DC 20007
Tel: (202) 258-2776
caa@rockspringlaw.com

*Counsel for Defendant*
