UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

RLI INSURANCE COMPANY,

              Plaintiff,

       v.

NEXUS SERVICES INC.,

LIBRE BY NEXUS INC.,

HOMES BY NEXUS INC.,

Defendants.

Case No.: 5:18CV00066-MFU-JCH

AFFIDAVIT OF EVAN AJIN IN SUPPORT OF MOTION TO PURGE CONTEMPT

## **AFFIDAVIT OF EVAN AJIN**

I, Evan Ajin, being duly sworn, deposes and says:

1. I am over 18 years of age, of sound mind and otherwise competent to make this Affidavit. The evidence set out in the foregoing Affidavit is based on my personal knowledge unless stated on information and belief, in which case I believe the facts set forth to be true.

2. I am Vice President of Operations and Corporate Secretary of Defendant Nexus Services, Inc. ("Nexus"). I prepared and swore to the discovery and interrogatory responses which on information and belief were served to RLI on or about June 29, 2023.

- 1 -

3.  All interrogatories were responded to truthfully after diligent investigation of corporate records and to the best of my ability.

4.  No interrogatory lacked response nor was any interrogatory objected to.

5.  Nexus uses Zoho (collectively "Platforms") in place of Capsule and other legacy systems to track program participants and transactions with all clients.

6.  Nexus currently keeps all pertinent records, in the normal course of business within Platforms.

7.  All historic records—including those that were kept on legacy systems and capsule—were provided to RLI and all additional responsive documents were provided to RLI in the pertinent responsive folder in the latest production, *i.e.*, all responsive documents which remain in Nexus's control and possession that could be discovered with diligent effort responsive to request 1 are contained in the sub-folder marked "1-Provide all bank or other statements for all . . ."; all responsive documents to request 2 are contained in the sub-folder marked "2-Produce any and all documents showing distributions or other transfers . . ."

8.  The above is true for each of RLI's document requests.

9.  On information and belief, certain requests of RLI were made for specific years and were not subject to additional disclosures as an operation of law—for instance RLI requested specific documentation for the years 2018-2021.

10. Other requests, on information and belief, required continuous additional disclosures by virtue of their drafting and the requirements of the FRCP, *i.e.*, requests that require production based on the "previous 36 months."

11. Zoho is a collection of applications, in certain manners analogous to the suite of applications commonly available in Microsoft Office. To be more precise Zoho offers a suite of applications each of which is connected and available but all of which serve a concrete purpose and allow for the creation of reports demonstrating different substantive information.

12. For instance the "CRM" application allows one to view specific interactions with specific clients and to interact with a client; the "Books" application allows one to generate reports of specific transactions; the "Invoice" application creates Invoices.

13. Nexus provides substantial training to employees to allow for them to fully utilize Zoho because absent training many find the suite of applications unintuitive.

14. At our request, Nexus counsel promptly informed us of any and all concerns or complaints RLI expressed as to discovery responses and informed us of all communications with RLI's counsel relating to discovery.

15. On information and belief, counsel provided both notice of all such communications and explained the substance of all such concerns.

16. On or about July 19, 2023, on information and belief RLI's counsel expressed an inability to access Zoho. Nexus confirmed that RLI's counsel had full "view"[1] access to records contained on Zoho.

---

[1] This means that RLI can access and view all records, but may not edit the same or interact with clients.

17. On or about the same day, on information and belief, RLI's counsel ceased communicating concerns relating to Zoho, after Nexus's counsel explained the functionality of the platform and proposed multiple solutions.

18. On information and belief, approximately one week later, Nexus's counsel again contacted RLI's counsel to ensure that they could utilize Zoho. Nexus's counsel reiterated his previous offer and again upon offering multiple solutions, RLI's counsel ceased interacting with Nexus's counsel.

19. On information and belief, Nexus, through counsel, offered in-person training, telephonic training, provided a training video, offered to "walk-through" all records in person on Nexus's campus, and on no less than five occasions offered to make any and all records available for copying and inspection. After offering these solutions there was apparently no further concern expressed.[2]

20. Because RLI's counsel ceased contacting counsel relating to this "concern" Nexus was of the belief that RLI was fully satisfied and came to understand how to utilize Zoho.

21. On information and belief RLI continues to have all records and full access to all client transactions, but has rejected offers to demonstrate how to take advantage of the same.

22. Moreover, to the extent concern was expressed, Nexus offered prompt solutions after which RLI ceased to express concern.

---

[2] Moreover, on information and belief Nexus's Counsel had kept open an offer to provide alternate solutions if none of the foregoing would satisfy RLI's counsel and after making the same offer no dissatisfaction was expressed nor any interest in taking advantage of the same.

23. If RLI had contacted our counsel to let them know they were having continued trouble accessing our records contained on Platforms, I would have offered further assistance and ensured that they had ready access to

24. Moreover I prepared the Document Responses in conjunction with Nexus's attorneys and assisted in locating and producing all responsive documents that were in Nexus's possession.

25. This process, considering time expended by Nexus and the time of counsel, required hundreds of hours of labor.

26. I went through each request and each interrogatory with counsel and verified that all responsive documents were produced and answered to the best of our ability all of the interrogatories submitted by RLI.

27. When the document was referenced in our interrogatory responses which had been previously produced, we specified the date of production, location of the document, and bates number if the document had been assigned a bates number.

28. Nexus additionally incorporated all documents by reference either by bates number, date of production, and location or by referencing the annex number of the document, and producing the annex concurrently with the responses to interrogatories.

29. Nexus produced all documents in folders which corresponded to the request, each folder contained all responsive documents, and Nexus did not attempt to avoid producing any responsive document by referencing past productions. *See* paragraph 7 *supra*.

30. Nexus, for the convenience of RLI, did note the location and date of production of past documents, but the same were reproduced and contained in the folders which clearly corresponded to each individual request.

31. On information and belief Nexus provided all responsive documents in its possession and control that were locatable after diligent investigation and attempts to locate the same. To the extent such was not produced, it could not be discovered.

32. To the extent that Nexus could not locate the same or the same were not in our possession and control, we provided information relating to parties who may have such documents in their possession and control.

33. I personally worked on this production, double and triple checking our file rooms and computers, for more than 40 hours. We asked our attorneys to invite RLI to come to the campus—and on information and belief this was done on multiple occasions—in order to inspect and copy any and all records in Nexus's possession and control.

34. In spite of this invitation remaining open, No one from RLI has accepted that invitation or expressed any desire to inspect or copy records.

35. RLI has in its possession and control all responsive documents which Nexus can provide. To the extent that such records remain in our possession and control RLI, additionally, may access, inspect, and copy the same—they have expressed no desire in accessing Nexus's files or computers in-person and have made no request to do so.

36. Further, it does not appear that RLI wishes to access records which have been provided to it as they are maintained in the normal course of business. On each occasion where Nexus has offered to provide training, demonstration, or explanation, RLI has ceased communicating with counsel.

37. Because Nexus cannot force RLI to access records it has control over, it is impossible to more fully comply with the Court's orders.

38. We have complied with the Court's orders.

[Signature Follows]

1

2      Evan Ajin

3      Date: 8-24-2023

4      Sworn to before me this 24th
       day of August 2023
5

6

7      City/County of Augusta
       Commonwealth of Virginia
8      Subscribed and sworn to before me
       this 24 day of August 2023
9      by Evan Ajin
                                    Notary Public
10     Reg # 7742501   Com Exp 7|31|2025

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28