David B. Briggman
7556 Mountain Valley Road
Keezletown, Virginia 22832
(540) 246-5252
briggman@gmail.com

CLERK'S OFFICE U.S. DISTRICT. COURT
AT HARRISONBURG, VA
FILED

SEP 18 2023

LAURA A. AUSTIN, CLERK
BY: /s/
DEPUTY CLERK

September 17, 2023

Michael F. Urbanski, Chief Judge
United States District Court
116 North Main Street, 3rd Floor
Harrisonburg, Virginia 22802

RE: *RLI Insurance v. Nexus Services, Inc., et al.*, 5:18-cv-00066

Dear sir:

I wanted to make the Court aware that counsel for Nexus Services, the Defendant in this matter, seem to have breached *personally identifiable information* that relates to their own clients.[1] In that document, Mr. Lawrence and Ms. Matheny-Willard listed the names, addresses, alien numbers, as well as the status of the clients' alleged debt to Nexus Services (the creditor), as well as the alleged amount the clients owe to Nexus. This is what I believe is a violation of the Protective Order the Court entered in this case, as well as possibly the Privacy Act of 1974, and surely violates the Fair Debt Collection Practices Act.

We know that the publication of alien numbers violates both the spirit and the Protective Order entered by the Court. We also know that Nexus conjured up the fable of a "data breach" in this very matter, which fable they continued on with for literally months, ultimately showing not one scintilla of evidence that a data breach had occurred. Finally, we know that the Department of Homeland Security considers Alien Registration Numbers or "A numbers" as "personally identifying information that is always sensitive".[2]

---

[1] See ECF #862-1, page 206, this case.

[2] See Handbook for Safeguarding Sensitive Personally Identifiable Information, Section 1.1, on page 5 of the document located at https://www.dhs.gov/xlibrary/assets/privacy/dhs-privacy-safeguardingsensitivepiihandbook-march2012.pdf, last accessed September 17, 2023.

Further, although Mr. Lawrence is undoubtedly unfamiliar with the history of this matter, attorneys Mario Williams and Jessica Sherman-Stoltz previously filed a Motion to Intervene[3] in this matter on behalf of Nexus clients to specifically try to prevent what I believe is the second time Nexus has actually breached their own client data in this matter, stating that *"However, the Movants' interest is related to the possible dissemination of their confidential personal data that may have been shared with the Defendant."* Lawrence, in his filing in representation of the Defendants, actually disseminated such information.

Without publishing the document, I referenced the incident on my social media page. Today, I received an email from Mr. Lawrence,[4] which is entitled "Cease and Desist and Settlement Demand", where in typical fashion of Lawrence, he seems to be extorting me in writing to either pay him money, or he'll file a frivolous, legally-baseless lawsuit against me.

In response, I emailed Mr. Lawrence inviting him to sue me, and stated the following to him: "You published to anyone who has red [sic] your 1720 pages of evidence including page 206 which shows Nexus client names, addresses, alien numbers, the fact they're past due on payments allegedly owed to Nexus Services and the amounts they allegedly owe." And literally within minutes, Lawrence filed both a Motion to Seal and a supporting Memorandum,[5] where Lawrence makes reference to publishing the alien numbers of 72 Nexus clients, but omits any reference to having published the fact that these 72 clients are "past due" on their alleged debt to Nexus Services, but also the amount of the alleged debt. But Lawrence's filing speaks volumes for itself.

Anyhow, this letter serves to notify the Court about an actual data breach which, once again, Defendants have caused — not me.

Respectfully,

David B. Briggman

---

[3] See ECF #8, this case.

[4] The email from Lawrence is attached hereto as Exhibit "A".

[5] See ECF # 867 and 868, this case.