GARNISHMENT SUMMONS (revised 10/09)

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

Case No: 5:18cv66
Case Name: RLI Insurance Company v. Nexus Services, *et al.*

RLI Insurance Company, 525 W. Van Buren St., Suite 350, Chicago, IL 60607
(Name and street address of judgment creditor)

(Name, street address and last four digits of the social security number of judgment debtor)

Subversivo LLC, 1201 Fannin Street, Suite 262, Houston, TX 77002
(Name and street address of garnishee, last four digits of the bank account number, if applicable)

Hearing Date and Time: 3/13/2024 @ 10:00 a. m.
Date of Judgment: 10/28/2020

| MAXIMUM PORTION OF DISPOSABLE EARNINGS SUBJECT TO GARNISHMENT | | |
|---|---|---|
| _____SUPPORT | JUDGMENT PRINCIPAL: | $ 3,331,197.55 |
| _____50%  _____55%  _____60%  _____65% | CREDITS: | $ 316,719.73 |
| (if not specified, then 50%) | INTEREST: | $ 623,882.06 |
| _____STATE OR FEDERAL TAXES 100% | JUDGMENT COSTS: | $_____ |
| IF NONE OF THE ABOVE ARE CHECKED | ATTORNEYS' FEES: | $_____ |
| THEN SEC. 34-29(a) & 15 USC 1673 | GARNISHMENT COSTS: | $_____ |
| APPLIES | TOTAL BALANCE DUE: | $ 3,638,359.88 |
| | (The garnishee shall rely on this amount) | |

TO THE MARSHAL OF THE WESTERN DISTRICT OF VIRGINIA OR AN AUTHORIZED OFFICER: You are hereby commanded to serve this summons on the judgment debtor and the garnishee.

TO THE GARNISHEE: You are hereby commanded to (1) file a written answer with this court, or (2) deliver payment to this court (checks to be made payable to judgment creditor) and mailed to the Clerk, U.S. District Court, 116 North Main St., Room 314, Harrisonburg, VA 22802 or (3) appear before the U.S. District Court, 116 North Main St. Harrisonburg, Virginia 22802 on the hearing date and time shown on this summons to answer the Suggestion for Summons in Garnishment of the judgment creditor that, by reason of the lien of the writ of execution, there is a liability as shown in the statement upon the garnishee.

As garnishee, you shall withhold from the judgment debtor any sums of money to which the judgment debtor is or may be entitled from you during the period between the date of service of this summons on you and the date for your appearance in court, subject to the following limitations: (1) The maximum amount which may be garnished is the "TOTAL BALANCE DUE" as shown on this summons. (2) If the sums of money being garnished are earnings of the judgment debtor, then the provision of "MAXIMUM PORTION OF DISPOSABLE EARNINGS SUBJECT TO GARNISHMENT" shall apply.

If a garnishment summons is served on an employer having one thousand or more employees, then money

to which the judgment debtor is or may be entitled from his or her employer shall be considered those wages, salaries, commission or other earnings which, following service on the garnishee-employer, are determined and are payable to the judgment debtor under the garnishee-employer's normal payroll procedure with a reasonable time allowance for making a timely return by mail to this court.

DATE OF ISSUANCE: 1/19/2024

Laura A. Austin
Clerk, U.S. District Court
By:  Deputy Clerk

Dustin M. Paul, Woods Rogers Vandeventer Black PLC
101 W. Main Street, Ste. 500, Norfolk, VA 23510; 757.446.8600
Name, address & telephone no.
of Judgment Creditor's Attorney

<u>Virginia Code Section 34-29</u>

§ 34-29. Maximum portion of disposable earnings subject to garnishment.
(a) Except as provided in subsections (b) and (b1), the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed the lesser of the following amounts:
(1) Twenty-five percent of his disposable earnings for that week, or
(2) The amount by which his disposable earnings for that week exceed thirty times the federal minimum hourly wage prescribed by §§ 206 (a) (1) of Title 29 of the United States Code in effect at the time earnings are payable.
In the case of earnings for any pay period other than a week, the State Commissioner of Labor and Industry shall by regulation prescribe a multiple of the federal minimum hourly wage equivalent in effect to that set forth in this section.
(b) The restrictions of subsection (a) do not apply in the case of
(1) Any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by state law, which affords substantial due process, and which is subject to judicial review.
(2) Any order of any court of bankruptcy under Chapter XIII of the Bankruptcy Act.
(3) Any debt due for any state or federal tax.
(b1) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed:
(1) Sixty percent of such individual's disposable earnings for that week; or
(2) If such individual is supporting a spouse or dependent child other than the spouse or child with respect to whose support such order was issued, fifty percent of such individual's disposable earnings for that week.
The fifty percent specified in subdivision (b) (2) shall be fifty-five percent and the sixty percent specified in subdivision (b1) (1) shall be sixty-five percent if and to the extent that such earnings are subject to garnishment to enforce an order for support for a period which is more than twelve weeks prior to the beginning of such workweek.
(c) No court of the Commonwealth and no state agency or officer may make, execute, or enforce any order or process in violation of this section.
The exemptions allowed herein shall be granted to any person so entitled without any further proceedings.
(d) For the purposes of this section
(1) The term "earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, payments to an independent contractor, or otherwise, whether paid directly to the individual or deposited with another entity or person on behalf of and traceable to the individual, and includes periodic payments pursuant to a pension or retirement program,
(2) The term "disposable earnings" means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld, and
(3) The term "garnishment" means any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt.
(e) Every assignment, sale, transfer, pledge or mortgage of the wages or salary of an individual which is exempted by this section, to the extent of the exemption provided by this section, shall be void and unenforceable by any process of law.
(f) No employer may discharge any employee by reason of the fact that his earnings have been subjected to garnishment for any one indebtedness.
(g) A depository wherein earnings have been deposited on behalf of and traceable to an individual shall not be required to determine the portion of such earnings which are subject to garnishment.

> Federal garnishment statutes, 5 U.S.C. § 5520a(c)(1) and 42 U.S.C. § 659 provide that the garnishee, when a federal agency, may be served either personally or by certified or registered mail, return receipt requested.