IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: 5:18-CV-00066 |
| | ) | |
| NEXUS SERVICES, INC. | ) | |
| | ) | Before: Michael F. Urbanski |
| Defendant. | ) | Chief United States District Judge |

## REPORT OF SPECIAL MASTER

As Special Master in this long running post judgment proceeding between RLI Insurance Company ("RLI") and Nexus Services, Inc. and related entities ("Nexus"), I submit the following Report pursuant to Section IV.1 and IV.2 of the Court's Order of October 27, 2023 (ECF No. 874 at 14-16).

Post-Judgment Discovery Proceedings Between November 2023 and February 2024

I conferred with counsel for RLI and Nexus on December 18, 2023. RLI complained during that conference about three areas of discovery which remained unanswered by Nexus: (1) Nexus's income and expenses commencing approximately 90 days prior to initiation of the Special Master process; (2) identity of tenants or occupants of approximately 50 real properties Nexus and related entities own (or owned) in recent years, the manner and means of rental payments related to these properties, and the use of those funds; and (3) a detailed accounting of Nexus's transfers of funds to or among the three principals or owners of Nexus and affiliated entities.

I convened a follow-up videoconference with the parties' counsel on January 4. I then had a law clerk monitor a Zoho training session presented by Nexus's vice-president of support services. RLI's counsel attended this training session along with Nexus's lawyer.

The Zoho training proved only marginally productive because its data storage platform does not contain information that RLI requests on subjects such as expenses incurred by Nexus, invoices paid by Nexus, and funds transfers by Nexus.

I have also monitored Nexus's progress in providing the discoverable information specified in the Court's Order of October 27, 2023. Below I summarize that progress.

### Nexus's Supplemental Documents Production

Section IV.1 of the Order of October 27, 2023, provides:

> Nexus and the Entities are **ORDERED** to make available for inspection and copying any and all of its documents and data, stored in whatever fashion, including in hard copy, digital storage, and online. RLI shall be provided access to these documents and data over the next ninety (90) days, under the supervision of the Special Master to be appointed as set forth below. Nexus and the Entities are **ORDERED** to grant RLI access to its campus, offices, and properties and allow RLI to inspect and copy any and all of its documents and data. Nexus and the Entities are **ORDERED** to cooperate fully in RLI's inspection and copying efforts. In addition, Nexus and the Entities are **ORDERED** to grant RLI full and complete access to all of its online platforms and data, including Zoho, Quickbooks, and Subversivo records.
>
> These documents include, but are not limited to, all documents referring or relating to each and every financial transfer, of whatever kind and nature, to employees and members of Nexus and the Entities (RPD No. 2) since October 23, 2020; all documents referring or relating to judgments lodged against Nexus and the Entities since (RPD No. 9); all documents referring or relating to real estate owned or leased by Nexus and the Entities since October 23, 2020 (RPD No. 13); all documents referring or relating to loans or other credit arrangements of any kind involving Nexus and the Entities (RPD No. 16); and all credit card statements of Nexus, the Entities, and Nexus's present and former officers Donovan, Moore, and Ajin (RPD No. 24).

A copy of Nexus's supplemental responses to RLI's requests for production of documents, dated December 27, 2023, is attached as Exhibit 1. In several of its responses,

Nexus declares, "All Responsive documents in Defendants's possession and control have been produced. Any further documents will be produced in compliance with FRCP." Nexus also states in its supplemental responses that it has undertaken measures ". . . to identify additional responsive documents and possible location of responsive documents." Nexus, however, has not produced all responsive documents. Some responsive documents are in the possession of the Augusta County Sheriff, counsel has represented while many others are with Subversivo, LLC ("Subversivo").

Nexus's Supplemental Answers to Interrogatories

Section IV.2 of the Court's Order of October 27, 2023, provides:

> Nexus is **ORDERED** to provide sworn supplementation to its June 29, 2023, interrogatory answers to fill in the blanks identified by RLI in its Notice, ECF No. 859, and Response in Opposition, ECF No. 866, including a complete accounting of loans, transfers, and payments, of any kind or nature, to Moore, Donovan, and Ajin (Interrog. Nos. 3 and 4); a full summary of real estate and other assets owned or leased by Nexus or the Entities on or after October 23, 2020 (Interrog. No. 8); a fulsome history of the transfer of any of assets owned or leased by Nexus or the Entities since October 23, 2020 (Interrog. No. 8); all accounts, systems, platforms, and mechanisms used by Nexus to process revenue payments (Interrog. No. 15); a complete picture of loans and credit arrangement involving Nexus or the Entities (Interrog. Nos. 13 and 14); a summary of its financial arrangements with "'Blue Creek Funding LLC" (Interrog. No. 14); a complete listing of intangible assets, including all legal claims (Interrog. No. 12); all payments for legal services (Interrog. No. 15); and a clarified description of the ownership history of 8 Bit Oasis, LLC and Gamer Oasis, LLC and their assets, along with an explanation as to why Nexus's July 2021 balance sheet and other financial documents refer to "8-bit Gamer Oasis," "Gamer Oasis," and "LS Gamer Oasis" (Interrog. No. 19).

A copy of Nexus's responses has been attached as Exhibit 2. Nexus provided supplemental answers for the interrogatories under the Order, although significant, deficiencies continue to persist. Those deficiencies are highlighted below.

**[A] complete accounting of loans, transfers, and payments of any kind or nature to Moore, Donovan, and Ajin (Interrog. Nos. 3 and 4).**

Nexus provided information for "payroll transfers," "combined payroll and expense transfers," and "expense transfers" for 2020, 2021, 2022, and 2023. But Nexus has not provided information about the nature of the expense, the recipient of the expense, or the account out of which the expense was transferred. Nexus's response includes a spreadsheet with "information from its bank statements." Nexus's response falls short of the complete accounting required by the Order.

**[A]ll accounts, systems, platforms, and mechanisms used by Nexus to process revenue payments (Interrog. No. 15).**

Nexus claims to use two platforms to record or access records of payments. " . . . [T]hose platforms are Zoho and Lightspeed. Zoho contains current active records which continue to be updated. Lightspeed holds past records, ie, records created prior to September, 2022. Nexus no longer processes client payments. Nexus has assigned its rights under contracts with clients to Subversivo, which processes payments for Nexus. Nexus delegated its obligations under those same client contracts to Subversivo." Nexus retains an absolute right to inspect and copy its own financial records under this contract. ECF. 870 at 392. Despite this contractual right, Nexus through counsel represents that Subversivo will not hand over Nexus' data and documents.

**[A]ll payments for legal services (Interrog. No. 15)**

No further information has been provided by Nexus.

Special Master Findings of Fact and Conclusions of Law

At the close of my last conference with counsel on February 20, 2024, I asked both parties to submit written statements of their positions with respect to the following, closely-related questions:

1. Whether the Special Master Process should continue?

2. Whether Court should appoint a receiver and place Nexus in receivership?

4

RLI's position statement is attached as Exhibit 3. Nexus' position statement is attached as Exhibit 4.

RLI's position statement is well taken. Nexus's position statement is infused with double talk.

Nexus has transferred essentially all its funds, property, books, and records to an alter ego, Subversivo, LLC, a Delaware limited liability company that may be based in Texas. Subversivo's owner is a former principal and officer of Nexus. Counsel for Nexus, when pressed for discoverable information, documents, and data, asserts that Subversivo refuses to disclose Nexus' own records or answer questions about Nexus's property and finances. Subversivo serves as Nexus's asset manager, bookkeeper, and custodian because no bank or credit union will accept Nexus as a customer, counsel for Nexus has repeatedly informed the Special Master. Thus, although the debtor compensates Subversivo ($10,000 a month) as Nexus's agent and financial caretaker, Nexus's lawyer insists the debtor is unable to retrieve any information from Subversivo or Subversivo's lawyer.

Subversivo's unwavering refusal to share information with its client has prompted Nexus's lawyer to issue a documents subpoena to Subversivo as a purported showing of good faith on the part of the judgment debtor.

Based on the conferences I held with the parties' counsel on December 18, 2023, January 4, 2024, and February 20, 2024, and my review of relevant docket entries and discovery responses, I make the following findings of fact and conclusions of law:

1. The contractual arrangement between Nexus and Subversivo is little more than a badge of fraud. The contractual arrangement between Nexus and Subversivo is a fraudulent

5

conveyance by a cynical debtor determined to conceal its assets and financial records from its creditor.

2. Nexus's statements through counsel that the debtor is unable to retrieve data and documents from Subversivo are not credible.

3. The Special Master process instituted by the Court in a well-meaning attempt to avoid placing Nexus in receivership no longer stands any reasonable prospect of success.

Special Master's Recommendation

I recommend the Court:

1. Suspend or terminate the Special Master appointment.

2. Place Nexus in receivership under a qualified forensic accountant.

Respectfully Submitted,

By: /s/ Paul G. Beers

Paul G. Beers (VSB # 26725)
Glenn, Feldmann, Darby & Goodlatte
111 Franklin Road, S.E., Suite 200
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone: (540) 224-8035
Facsimile: (540) 224-8050
Email: pbeers@glennfeldmann.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2024, I electronically filed the foregoing Report of Special Master with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Paul G. Beers
Paul G. Beers