**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Harrisonburg**

| | |
|---|---|
| RLI INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 5:18cv00066-MFU-JCH |
| ) | |
| NEXUS SERVICES, INC., ) | |
| LIBRE BY NEXUS, INC., ) | |
| HOMES BY NEXUS, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**RLI'S POSITION STATEMENT ON PENDING GARNISHMENTS**

The garnishees Nexus Services, Inc., Libre by Nexus, Inc. and Subversivo, LLC are not in compliance with the garnishments issued by this Court.

**BACKGROUND**

On January 5, 2024, plaintiff RLI Insurance Company filed two motions requesting that the court issue a writ of garnishment for each of its judgments in this matter because the vast majority of both of them remain due and owing to RLI. ECF Nos. 878, 879. On January 19, 2024, the court issued the writs and set a return date of March 13, 2024. ECF Nos. 885, 888. At the March 13, 2024, hearing, the Court ordered the parties to submit position statements on the status of the garnishee's compliance with the garnishments.

**ARGUMENT**

**I. The Nexus Defendants are not in compliance with their garnishments.**

Nexus and Libre filed answers claiming they have no funds to produce related to the garnishments as all funds are held by Subversivo. Dkt. Nos. 900 and 901. Specifically, Libre

1

claims it is "neither indebted to judgment debtor, Micheal Donovan, nor [do they have] control over any property of the judgment debtor," despite the fact that Mr. Donovan "owns significant interest in garnishee." Dkt. No. 900.

As with everything involving this party, the response should be parsed carefully. The Answer does not state anything regarding what occurred during the relevant garnishment period—it merely speaks to the present. Under multiple orders of this Court, RLI is entitled to contemporaneous financial records that should show what occurred during the relevant garnishment period. The Special Master specifically noted this entitlement to financial records in his report. Dkt. No. 891 at 3 (citing the Court's Order to this point).

Without those records, RLI cannot independently verify Libre's claim that there were no funds subject to the garnishment during the garnishment period and therefore cannot affirm that Libre is in compliance with the garnishment. Indeed, this Court has already established the consequence for Nexus' failure to provide documents explaining that "RLI is entitled to an inference that had discovery been provided by Nexus defendants and the Entities, such discovery would have been adverse. . ." Dkt. No. 797 at ¶ 6(b). The Report of the Special Master already factually found that Nexus is not producing its current financial information. Dkt. No. 891 at 5.

As to its garnishment, Nexus claims that—although it does employee Micheal Donovan—all payroll is paid through Subversivo, LLC under an administrative services agreement. Dkt. No. 901 at 1. At the March 13, 2024, hearing, counsel for the Nexus Defendants doubled down on the representations in its answers and claimed that the Nexus Defendants no longer maintain any banking relationships and all payroll and finances flow through its third-party manager, Subversivo.

Nexus wants this Court to believe that it has no access whatsoever to any of its financial records, accounts, or business records because they are in the sole and exclusive possession of Subversivo. These allegations defy belief are dispelled by the latest court filings. Why, if Nexus and Subversivo have such a horrible working relationship, is the same Nexus employee—Lisa Breedon—notarizing both the Nexus Answers and the Subversivo ones:

[Notary seal: Lisa Lynn Breeden, Commonwealth of Virginia]
Sworn to before me this 13th day of March, 2024
/s/ Lisa Breeden

[Signature: Micheal Donovan]
City/County of Augusta
Commonwealth of Virginia
Subscribed and sworn to before me this 13 day of March, by Micheal Donovan
Lisa Breeden   Notary Public
Reg # 7743501   Com Exp 7/31/25

Dkt. No. 900 at 1 (Libre's Answer).

[Notary seal: Commonwealth of Virginia]
Sworn to before me this 13th day of March, 2024
/s/ Lisa Breeden

[Signature: Micheal Donovan]
City/County of Augusta
Commonwealth of Virginia
Subscribed and sworn to before me this 13 day of March, by Micheal Donovan
Lisa Breeden   Notary Public
Reg # 774501   Com Exp 7/31/25

Dkt. No. 901 at 2 (Nexus' Answer).

3



Dkt. No. 903 at 1 (Subversivo Answer as to Libre).



Dkt. No. 904 at 2 (Subversivo Answer as to Nexus).



Dkt. No. 905 at 2 (Subversivo Answer as to Donovan).

Why would the same Nexus employee that notarized the Answers also be obtaining a cashier's check on behalf of Subversivo? **Exhibit 1** (redacted records in response to subpoena to DuPont Community Credit Union records showing that the cashier's check provided to the Court related to Donovan's garnishment was funded from Lisa Breedon's personal account and that she had two transactions also on March 13, 2024, from Richard Moore) [1]. It is clear that the Nexus Defendants and Subversivo can communicate and get things done when it suits them, but not when ordered by the Court.

### II. Subversivo too is not in compliance with its garnishment.

Subversivo has not provided any funds as it relates to the Nexus defendants' garnishments. Instead, Subversivo makes the outlandish claim that it "is neither indebted to judgment debtor nor has control over *any* property of judgment debtor." Dkt. No. 903 and 904 (emphasis added). Which is it—does Subversivo manage all of the Nexus Defendants finances or doesn't it? This is more of the same shell game that the RLI and the Court are all too familiar with. Subversivo is clearly not in compliance and should show cause why the Court should not hold it in contempt and make it indebted to RLI for some, if not all, of the true garnishment amount.

As for Subversivo's answer related to Micheal Donovan's wage and compensation garnishment, RLI has no way of verifying whether the amount presented to the Court is an accurate reflection of all funds of Mr. Donovan's that were subject to the garnishment. Without contemporaneous financial records, RLI cannot represent one way or another as to whether the amount presented by Subversivo (via Cashier's Check paid by a Nexus employee) is in full

---

[1] As the Court may recall, Mr. Moore is the spouse of Mr. Donovan, and was an owner of Nexus at the time of this suit. Nexus has claimed, with virtually no evidence, that Mr. Moore has divested himself of any interest in Nexus.

satisfaction with the garnishment. But Nexus's interrogatory responses show that Donovan regularly receives thousands in "reimbursements" in the months before the garnishment that dwarf his "income." See Dkt. No. 892-2 at 2 (disclosing $279,036.27 of "expense transfers" in 2023 in addition to another $121,100.98 in "combined payroll and expenses".). Subversivo has been commanded by this Court to produce all of its relevant financial records, pursuant to a Nexus subpoena, by March 27. See Dkt. No. 891-4 at 49.

For that reason, RLI takes the position that that garnishment too is not in compliance and requests the Court hold open that garnishment until Subversivo produces those documents. If Subversivo fails to produce those documents, or those documents show transfers to Donovan in excess of the amount withheld, RLI requests the Court pursue contempt sanctions.

### III. A receiver is appropriate.

As Nexus continues to demonstrate that it will never comply with this Court's Orders and never willingly provide any useful information to RLI as part of its post-judgment collections efforts, appointing a receiver to facilitate the post-judgment efforts is appropriate as a means of last resort. As directed by the Court, RLI separately is filing its response to the Special Master's report, which too recommends the appointment of a receiver.

### CONCLUSION

The Nexus Defendants and Subversivo are not in compliance with the garnishments, they should be held in contempt, and the Court should award whatever other relief it believes is appropriate including, but not limited to, the appointment of a receiver.

Dated: March 25, 2024

RLI INSURANCE COMPANY

*/s/*               

Jennifer L. Eaton (VSB No.: 87491)
Woods Rogers Vandeventer Black PLC
101 W. Main Street, Suite 500
Norfolk, VA 23510
Phone: 757-446-8600
Facsimile: 757-446-8670
Jennifer.Eaton@wrvblaw.com
*Attorneys for Plaintiff RLI Insurance Company*