IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

RLI INSURANCE COMPANY,

   Plaintiff,

v.

NEXUS SERVICES INC.,
LIBRE BY NEXUS INC.,
HOMES BY NEXUS INC.,

   Defendants.

Case No.: 5:18-CV-00066-MFU-JCH

## DEFENDANTS BRIEF ON THE SUFFICIENCY OF GARNISHMENT RESPONSES

Virginia Code 8.01-515 provides virtually all substantive guidance on how to respond or answer to a writ of garnishment.[1] It provides in relevant part:

> A person so summoned shall appear in person and be examined on oath ***or he may file a statement.*** A corporation so summoned shall appear by an authorized agent who shall be examined on oath ***or may file a statement***, not under seal of such authorized agent. ***Such statement shall show the amount the garnishee is indebted to the judgment debtor, if any, or what property or effects, if any, the garnishee has or holds which belongs to the judgment debtor, or in which he has an interest.*** Payment to the court of any amount by the garnishee shall have the same force and effect as a statement which contains the information required by this section. If the judgment debtor or judgment creditor disputes

---

[1] The code Section has only apparently been cited in four cases, none of which proves particularly enlightening beyond what is contained in the plain language of the statute. *See In re Underwood*, No. 18-70168, 2018 WL 2717045, at *3 (Bankr. W.D. Va. May 30, 2018); *Bickle v. Chrisman's Adm'x*, 76 Va. 678, 691 (1882) (discussing predecessor statute and secondary sources); *S.P. Richards Co. v. Riley*, No. 2:10CV192, 2011 WL 3515853, at *1 (E.D. Va. July 7, 2011) (citing modern statute without analysis); *Levine's Loan Off. v. Starke,* 140 Va. 712, 714, 125 S.E. 683, 684 (Va. 1924) (citing predecessor statute).

1

the verity or accuracy of such statement or amount and so desires, then summons shall issue requiring the appearance of such person or authorized agent for examination on oath, and requiring him to produce such books and papers as may be necessary to determine the fact.

Defendant-Garnishees, Nexus Services, Inc. and Libre by Nexus, Inc. both provided statements filed not under seal of an agent, sworn to under oath. Those statements noted all statutory factors. Moreover, for the Garnishee who held control over amounts owed to the judgment-debtor a check was delivered to the court in the amount required under Virginia law, through an agent, who was directed to withhold the amounts owed and upon whom an independent writ of garnishment was served. This was apparently received by the Court. *See* ECF Doc. No. 906, 907.

Moreover, those statements largely parallel various "form" statements which are provided by states with similar statutory requirements. *See, e.g.*, Answer of Garnishee, *NLRB v. Peter Vitalie Co., et al.*, No. 1:00cv128, 2000 WL 34453200 (Jul. 5, 2000 W.D.N.C.).

There is nothing within the statements apparent to counsel which does not comply with the plain language of the statute and further there does not appear to be any significant body of caselaw which interprets that language in any manner that would hint that those answers were non-compliant with the Virginia Code.

Dated: March 25, 2023                              Respectfully submitted,

Cold Brook, NY                                     /s/Zachary Lawrence

                                                       Lawrence Law Firm PLLC
                                                       166 Five Acres Lane
                                                       Cold Brook, NY 13324
                                                       202-468-9486
                                                       zach@zlawpllc.com
                                                       *Pro hac vice* (NY Bar No.: 5798202)
                                                       *Attorney for Defendants*