CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

May 17, 2024
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **RLI INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 5:18-cv-066** |
| | ) | |
| **v.** | ) | **By:   Michael F. Urbanski** |
| | ) | **Chief United States District Judge** |
| **NEXUS SERVICES, INC., <u>et al.</u>,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>ORDER</u>**

For the reasons provided in the accompanying memorandum opinion, it is **ORDERED** that Brian Burns, an independent forensic accountant, is hereby **APPOINTED** to serve as receiver (the "Receiver"), effective as of the date of entry of this Order, pursuant to Federal Rule of Civil Procedure 66.[1]  The court appoints the Receiver for the limited purpose of taking possession of the books and records of defendants Nexus Services, Inc., Libre by Nexus, Inc., and Homes by Nexus, Inc. (collectively "Nexus" or "Defendants") and the related Entities[2] to allow post-judgment discovery consistent with the requests and subpoenas served on Nexus on February 23, 2021, and on the Entities on March 22, 2021, under Federal Rule of Civil Procedure 69 (the "Discovery Requests").

To effectuate this Order, the Receiver is **DIRECTED** and **AUTHORIZED** to take into his possession and control all books and records of Nexus and the Entities that have been

---

[1] If Mr. Burns is unable to serve as Receiver, the court will appoint Matthew O. McDonald. <u>See</u> RLI's Proposed Independent Forensic Accountants to Serve as Receiver, ECF No. 851-1.

[2] RLI's post-judgment discovery was sought from Nexus and three related entities, Nexus Commercial Ventures, LLC, Nexus Properties, LLC, and One Fish, Two Fish, LLC (collectively, "the Entities").

requested and subpoenaed through the Discovery Requests (the "Responsive Records"), including those records that are contractually available to Nexus under the April 15, 2022, Administrative Services Agreement between Libre by Nexus, Inc. ("Libre") and Subversivo LLC (the "Libre/Subversivo ASA"). The Receiver shall ensure that RLI is provided timely and full access to all Responsive Records, consistent with the Discovery Requests.

Defendants and the Entities (including, where applicable, their officers, shareholders, directors, partners, assigns, agents, servants, employees, accountants, and attorneys, including without limitation current and former officers Micheal Donovan, Richard Moore, and Evan Ajin) are **ORDERED** to deliver and make available to Receiver all Responsive Records, including:

     i.     all contracts, agreements, books and records and other documents regarding the Receivership Assets[3] and the operations of the Receivership Assets;

     ii.     all information related to accounts receivable from any source;

---

[3] "Receivership Assets" means Assets of any kind that are: (i) owned, controlled, or held by or for the benefit of any Defendant or Entity, in whole or in part; (ii) in the actual or constructive possession of any Defendant or Entity, or other individual or entity acting in concert with or at the direction of any Defendant or Entity; (iii) held by an agent of any Defendant or Entity, including as a retainer for the agent's provision of services; or (iv) owned, controlled or held by, or in the actual or constructive possession of, or otherwise held for the benefit of, any entity directly or indirectly owned or controlled in whole or in part by any Defendant or Entity, including Assets that have been transferred to another person or entity but as to which Assets such person or entity does not have a legitimate claim. **This includes any and all Assets transferred or otherwise in the possession of Subversivo LLC under the Libre/Subversivo ASA.**

"Assets" means any legal, equitable or beneficial interest in, right to, or claim to any real and personal property, including, without limitation, funds, bank accounts, merchant accounts, accounts with any other financial institution, receivables, revenues, proceeds, checks, notes, credits, contracts, loan rights against shareholders and other persons or entities, inventory, chattels, choses in action, chattel paper, certificates of title, claims, causes of action against other persons or entities, goods, instruments, equipment, fixtures, general intangibles, leaseholds, shares of stock, cryptocurrencies, membership interests in any limited liability company, partnership interests, interests in any other entity, inheritances, options, contractual rights, interests in real estate, interests in any trust, mail or other deliveries, vehicles, art, collectibles, furnishings, jewelry, personal effects and all cash or money, wherever located.

iii.   all information related to accounts at any financial institution or entity as well as records relating to such accounts titled in the name of any of the Defendants or Entities or any related entity or affiliate whereby the proceeds or other income derived from the Receivership Assets may have been deposited, as well as access to all such accounts to enable the Receiver to view and verify accordingly;

iv.   all passcodes, keys, access cards, and all means and methods of access, of any kind, to any and all Receivership Assets;

v.   a full and complete inventory of all Receivership Assets, with the current location and approximate value thereof;

vi.   any and all records that reflected or reflect an itemized description of all sources of revenues for each Defendant and each of the Entities;

vii.   any and all records that reflected or reflect an itemized description of all reasonable and necessary expenses required to operate each Defendant's and Entity's business;

viii.   an itemized description of all discretionary or other expenses that are not required to operate each Defendant's and Entity's business; and

ix.   any and all records that reflected or reflect an itemized description of all loans made by any Defendant and/or Entity to any shareholder or other person or entity, including without limitation all "shareholder loans" referenced in Nexus's accounting records.

Further, under the Libre/Subversivo ASA, Libre enjoys the "absolute right to inspect, make copies of, or otherwise review the financial and program records of SubV[ersivo] in any manner suggested by Libre." Libre/Subversivo ASA, ECF No. 870, at 393.  This Order is intended to provide the Receiver with the full scope of Libre's contractual right of access to the financial and program records of Subversivo that are in any way related to Defendants or the Entities. Should Subversivo fail to provide these records consistent with the Libre/Subversivo ASA, the Receiver is **AUTHORIZED** to bring suit against Subversivo to obtain such records on Libre's behalf.

Defendants and the Entities (including, where applicable, their officers, shareholders, directors, partners, assigns, agents, servants, employees, accountants, and attorneys, including without limitation current and former officers Micheal Donovan, Richard Moore, and Evan Ajin), and any other natural or legal persons or entities acting in concert with them or at their direction or any such person or entity in which any of the Defendants, the Entities, and/or their officers have any interest are **ORDERED** to:

    i.    provide access, means of access, and make available to the Receiver all keys, codes, passwords, passcodes, books, records, computer hardware and software (including all computer programs, databases, disks, and other media owned or licensed by Defendants and the Entities or upon which information regarding the regarding the Receivership Assets and affairs of Defendants and the Entities are stored, recorded, or located), mail, email, and other correspondence which may contain information regarding the Receivership Assets;

ii.   disclose to the Receiver the nature, amount, and location of all Receivership Assets, including, books, records, computer programs, and media owned by Defendants or the Entities or connected with businesses of Defendants and the Entities, and immediately turn over to the Receiver all information related to such books, records, programs, and media, as well as provide unfettered access thereto; and

iii.   cooperate with the Receiver and promptly comply with the Receiver's requests for information and documentation so that the Receiver may perform his function with full information, documentation and knowledge.

Defendants and the Entities (including, where applicable, their officers, shareholders, directors, partners, assigns, agents, servants, employees, accountants, and attorneys, including without limitation current and former officers Micheal Donovan, Richard Moore, and Evan Ajin), and any other natural or legal persons or entities acting in concert with them or at their direction or any such person or entity in which any of the Defendants, the Entities, and/or their officers have any interest are **ENJOINED** from directly or indirectly transferring, dissipating or otherwise disposing of any of the Responsive Records, or from otherwise transferring, concealing, destroying or making any other disposition of any personal or corporate documents or information related to the Receivership Assets without prior authorization from the court.

To the extent the Receiver deems necessary and/or appropriate to effectuate a fulsome and complete response to the Discovery Requests, the Receiver is **AUTHORIZED** to:

i.    initiate legal action, including civil suits, in the name of Nexus and the Entities against any entity (including Subversivo LLC) in order to obtain any and all information, documents, or records related to responding to the Discovery Requests;

ii.    obtain direct and full access to Defendants' and the Entities' bank accounts (and all balances and funds therein), and communicate with any vendor, bank, financial institution, insurance company, professional, or other supplier of goods or services (of any kind) to any Defendant or Entity and with any other custodian, recipient, payee, or transferee of funds or Assets, and obtain from any of the foregoing persons or entities any and all financial records, statements, contracts, invoices, payment records, receipts, correspondence, and other documents pertaining to Defendants or the Entities or any Assets, all of which persons and entities are hereby **DIRECTED** to deliver to the Receiver all such documents and information as requested by the Receiver;

iii.    direct Defendants' and/or the Entities' personnel to provide unfettered access to any and all databases (including but not limited to online banking portals), records, accounts, and information;

iv.    conduct a forensic accounting of any of the Defendants and/or the Entities, including but not limited to property, transfers, alter egos, successors, liabilities and funds of the Receivership Assets;

v.   direct the Defendants and/or the Entities to provide a complete and accurate accounting of any funds taken from the Defendants and/or the Entities or Receivership Assets and any explanations for the transactions; and

vi.   request any supplement or amendment of this Order as may be advisable or appropriate to further the purposes of the Receivership.

The court further **DIRECTS** that the Receiver provide the court with a comprehensive report as to the status of the Receivership within one hundred twenty (120) days of this Order, which shall include:

i.   a summary of any relevant categories of documents identified, obtained or reviewed and/or the identification of known documents or categories of documents that have not been located, obtained or reviewed;

ii.   identification of databases that contain relevant information and the extent of the Receiver's access to them;

iii.   details of the fees and costs incurred by the Receiver in connection with carrying out its duties under the Receivership;

iv.   details of any non-compliance with this Order by any of the Responding Entities, so that the court may take further enforcement action against such persons or entities as appropriate; and

v.   any requests or recommendations to facilitate or expedite satisfaction of the post-judgment discovery obligations of Nexus and the Entities.

In connection with the discharge of his duties and obligations in this matter, the Receiver shall not be liable for any loss or damage incurred by Defendants, the Entities, or

any other person by reason of any act performed or omitted to be performed by him in good faith and in the exercise of ordinary care.  Statements made by the Receiver in the ordinary course of his appointment shall be covered by the doctrine of judicial immunity.

The Receiver shall be compensated at his standard hourly rate, plus reasonable expenses, and may require payment of his estimated fees in advance by means of a retainer. The Receiver's fees, including any retainer requested, and reasonable expenses related to his Receivership duties shall be paid by Nexus and the Entities, jointly and severally.

The Receivership and the terms of this Order shall remain in effect until Nexus and the Entities demonstrate that they have fully complied with their post-judgment discovery obligations, to be determined by the court.

It is **SO ORDERED**.

Entered: May 16, 2024

Michael F. Urbanski
Chief United States District Judge

8